UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CHARLES A. EVANGELISTA, )
    Plaintiff )
)
v. ) CIVIL ACTION NO. 05-10311 MLW
)
SHANE MARCOTTE, )
JASON FANION, )
DANIEL FALLON, III, )
JONATHAN COTTER, )
JAMES JOHNSON, )
CARL SUPERNOR, and )
THE CITY OF WORCESTER, )
    Defendants )

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff, Charles A. Evangelista, appears through his counsel and states the following complaint.

### JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343(1), (3), (4) and the aforementioned statutory and constitutional provisions.

2. The Plaintiff invokes the pendent jurisdiction of this Court and its supplemental jurisdiction under 28 U.S.C. § 1367 to consider claims arising under state law.

### PARTIES

3. The Plaintiff, Charles A. Evangelista (hereinafter "Plaintiff" or "Evangelista"), is a resident of Boston, Suffolk County, Massachusetts.

4. The Defendant, Shane Marcotte (hereinafter "Marcotte"), at all times relevant to this complaint, was a police officer employed by the Worcester Police Department, Worcester, Massachusetts, and acted under color of the statutes, customs, ordinances and practices of the Commonwealth of Massachusetts, the City of Worcester and the Worcester Police Department. He is sued in both his individual and in his official capacities.

5. The Defendant, Jason Fanion (hereinafter "Fanion"), at all times relevant to this complaint, was a police officer employed by the Worcester Police Department, Worcester, Massachusetts, and acted under color of the statutes, customs, ordinances and practices of the Commonwealth of Massachusetts, the City of Worcester and the Worcester Police Department. He is sued in both his individual and in his official capacities.

6. The Defendant, Daniel Fallon, III (hereinafter "Fallon"), at all times relevant to this complaint, was a police officer employed by the Worcester Police Department, Worcester, Massachusetts, and acted under color of the statutes, customs, ordinances and practices of the Commonwealth of Massachusetts, the City of Worcester and the Worcester Police Department. He is sued in both his individual and in his official capacities.

7. The Defendant, Jonathan Cotter (hereinafter "Cotter"), at all times relevant to this complaint, was a police officer employed by the Worcester Police Department, Worcester, Massachusetts, and acted under color of the statutes, customs, ordinances and practices of the Commonwealth of Massachusetts, the City of

Worcester and the Worcester Police Department. He is sued in both his individual and in his official capacities.

8. The Defendant, James Johnson (hereinafter "Johnson"), at all times relevant to this complaint, was a police officer employed by the Worcester Police Department, Worcester, Massachusetts, and acted under color of the statutes, customs, ordinances and practices of the Commonwealth of Massachusetts, the City of Worcester and the Worcester Police Department. He is sued in both his individual and in his official capacities.

9. The Defendant, Carl Supernor (hereinafter "Supernor"), at all times relevant to this complaint, was a police officer employed by the Worcester Police Department, Worcester, Massachusetts, and acted under color of the statutes, customs, ordinances and practices of the Commonwealth of Massachusetts, the City of Worcester and the Worcester Police Department. He is sued in both his individual and in his official capacities.

10. The Defendant, City of Worcester, is a municipal corporation organized under the laws of the Commonwealth of Massachusetts.

## GENERAL ALLEGATIONS

11. On or about March 16, 2003, at approximately 8:00 P.M., the Plaintiff Evangelista was arrested by Worcester Police officers on a charge of being a disorderly person.

12. The Plaintiff Evangelista was subsequently brought to the Worcester Police station and was placed in a holding cell.

13. At approximately 9:15 P.M., the Plaintiff Evangelista was brought by the Defendant Fallon from this holding cell to a room where detainees were booked.

14. While the Plaintiff Evangelista was being booked, the Defendant Marcotte, the Defendant Fanion, the Defendant Cotter and the Defendant Fallon were present in the booking room with the Plaintiff, or were present in the general area where the Plaintiff's booking was taking place.

15. As part of the booking process, the Plaintiff Evangelista was directed to remove his shoes and belt and to stand against a wall to be photographed.

16. As the Plaintiff Evangelista was removing his shoes, two Worcester Police officers, the Defendant Fallon and the Defendant Cotter, without provocation, knocked the Plaintiff Evangelista's legs out from under him, causing him to fall to the floor. At the same time, the Defendant Marcotte made derogatory comments about the Plaintiff Evangelista.

17. After the Plaintiff Evangelista fell to the floor, the Defendant Marcotte, the Defendant Fanion, the Defendant Cotter and the Defendant Fallon each grabbed hold of the Plaintiff Evangelista and forcibly dragged him out of the booking room into a hallway.

18. After the Plaintiff Evangelista was dragged into the hallway, the Defendant Marcotte and the Defendant Fanion each took hold of the feet of the Plaintiff Evangelista, elevated them, and then dragged the Plaintiff feet first down the hallway towards the area of jail cells.

19. As the Defendant Marcotte and the Defendant Fanion approached the door leading to the jail cells, the Defendant Marcotte, without provocation or

justification, struck the Plaintiff Evangelista in the abdomen with a shod foot, with force so great that it caused the Plaintiff Evangelista's bladder to rupture.

20. The Plaintiff Evangelista was then placed in a jail cell by the Defendant Marcotte and the Defendant Fanion.

21. The actions of the Defendant Marcotte, the Defendant Fanion, the Defendant Cotter, and the Defendant Fallon in initially removing the Plaintiff Evangelista from the booking room were witnessed by at least one other Worcester police officer, the Defendant Johnson, the sergeant in command of the booking area.

22. The actions of the Defendant Marcotte in striking the Plaintiff Evangelista with a shod foot were witnessed by the Defendant Fanion, the Defendant Cotter, the Defendant Fallon and the Defendant Johnson, each of whom made no attempt whatsoever to intervene or to protect the Plaintiff Evangelista, to report the incident, or to determine whether or not the Plaintiff Evangelista had been injured.

23. The entire booking of the Plaintiff Evangelista, including the Plaintiff being dragged and beaten, as hereinbefore set forth, was also captured on the videotape system utilized by the Worcester Police Department at the time of the incident.

24. Immediately following the beating of the Plaintiff Evangelista, the Defendant Johnson, aware that the incident had likely been caught on videotape, called and spoke to the operator of the videotape, Worcester police officer Scott Calhoun, and then subsequently spoke to Calhoun's supervisor, the Defendant Supernor.

25. Prior to the videotaping of the next booking that night, and within minutes of the beating of the Plaintiff Evangelista, the Defendant Supernor reviewed the

booking tape, observed the tape of the incident, and then caused the videotape of the Evangelista booking to be erased in its entirety. The Defendant Supernor also failed to report the incident, and failed to make any attempt to determine whether the Plaintiff Evangelista had been injured.

26. By failing to file any contemporaneous reports concerning the assault and battery committed by the Defendant Marcotte upon the Plaintiff Evangelista, and by failing to take any action whatsoever against the Defendant Marcotte, the Defendant Johnson, the Defendant Fanion, the Defendant Cotter and the Defendant Fallon acted pursuant to a *de facto* policy of the Worcester Police Department to ignore or otherwise acquiesce in incidents of police misconduct towards detainees, including the Plaintiff Evangelista.

27. By causing the videotape of the assault and beating of the Plaintiff Evangelista to be erased, and by failing to report the incident, the Defendants Johnson and Supernor also acted pursuant to the same *de facto* policy of the Worcester Police Department to ignore or otherwise acquiesce in incidents of police misconduct towards detainees, including the Plaintiff Evangelista.

28. As a result of the attack and beating, as hereinbefore set forth, the Plaintiff Evangelista sustained serious and permanent injuries, in particular, a ruptured bladder.

29. While the Plaintiff Evangelista was detained in a jail cell, he urinated blood into a toilet within his cell. Upon observing the blood in his urine, the Plaintiff Evangelista repeatedly shouted through the bars of his cell that he was hurt and needed medical attention.

30. Notwithstanding his repeated requests, the Plaintiff Evangelista was not afforded any medical attention by the Worcester Police Department.

31. At approximately 12:15 A.M. on March 17, 2003, the Plaintiff Evangelista posted bail and was released from custody.

32. The Plaintiff Evangelista was then brought to the University of Massachusetts Medical Center by a friend, where he underwent emergency surgery for his ruptured bladder.

33. As a direct and proximate result of the assault and battery committed by the Defendant Marcotte, and the actions of the Defendant Fanion, the Defendant Cotter, the Defendant Fallon, the Defendant Johnson and the Defendant Supernor, as hereinbefore set forth, the Plaintiff Evangelista suffered serious and painful injuries which caused him to be hospitalized and incur medical expenses for his care and treatment, suffered lost wages and lost income, and suffered severe emotional distress, including, but not limited to, anxiety, sleeplessness, anger and outrage.

**COUNT I:**
(FEDERAL CIVIL RIGHTS VIOLATIONS - 42 U.S.C. §1983:
USE OF EXCESSIVE FORCE)
[Charles A. Evangelista v. Shane Marcotte]

34. The Plaintiff Evangelista repeats and realleges the allegations contained in paragraphs one through thirty three of this Complaint as if fully stated herein.

35. The Plaintiff Evangelista had a right, as guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and 42 U.S.C.

§1983 to be secure in his person and not to be subject to the use of excessive force by representatives of the government.

36. The Defendant Marcotte, at all times material hereto, used unreasonable and excessive force, as hereinbefore set forth, by assaulting and battering the Plaintiff Evangelista.

37. As the direct and proximate result of the intentional, deliberately indifferent and/or grossly negligent conduct of the Defendant Marcotte, the Plaintiff Evangelista has been deprived of his constitutional and statutory rights as guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983, has suffered serious and debilitating personal injuries and damages, has lost wages and lost income, has experienced emotional distress and mental suffering, and has incurred other financial losses.

## COUNT II:
(ASSAULT)
[Charles A. Evangelista v. Shane Marcotte]

38. The Plaintiff Evangelista repeats and realleges the allegations contained in paragraphs one through thirty seven of this Complaint as if fully stated herein.

39. As the direct and proximate result of the assault of the Plaintiff Evangelista by the Defendant Marcotte, the Plaintiff Evangelista, was caused to undergo severe mental distress and suffered great humiliation and injuries to his pride, reputation and position in life.

## COUNT III:
(BATTERY)
[Charles A. Evangelista v. Shane Marcotte]

40. The Plaintiff Evangelista repeats and realleges the allegations contained in paragraphs one through thirty nine of this Complaint as if fully stated herein.

41. As the direct and proximate result of the battery of the Plaintiff Evangelista by the Defendant Marcotte, the Plaintiff Evangelista sustained severe personal injuries, was caused to be disabled and to lose time and income from his employment, and was caused and continues to be caused great pain of body and mind.

## COUNT IV:
(FEDERAL CIVIL RIGHTS VIOLATIONS - 42 U.S.C. §1983:
FAILURE TO INTERVENE AND/OR TO REPORT MISCONDUCT)
[Charles A. Evangelista v. Jason Fanion, Jonathan Cotter, Daniel Fallon, III, James Johnson and Carl Supernor]

42. The Plaintiff Evangelista repeats and realleges the allegations contained in paragraphs one through forty one of this Complaint as if fully stated herein.

43. On March 16, 2003, the Defendant Marcotte, while in the presence of the Defendants Fanion, Cotter, Fallon and Johnson, assaulted, beat and otherwise used excessive force against the Plaintiff Evangelista.

44. The Defendants Fanion, Cotter, Fallon and Johnson each failed to intervene to stop the Defendant Marcotte from assaulting, beating and using excessive force against the Plaintiff Evangelista.

45. The assault and beating of the Plaintiff Evangelista was also seen on videotape by the Defendant Supernor.

46. The Defendants Fanion, Cotter, Fallon, Johnson and Supernor, pursuant to applicable law, were required to file contemporaneous written reports concerning the incident involving Evangelista and Marcotte, and the injuries sustained by Evangelista.

47. Notwithstanding their observations of the use of excessive force on the part of the Defendant Marcotte, the Defendants Fanion, Cotter, Fallon, Johnson and Supernor, either acting alone or in concert with each other, covered up the misconduct of the Defendant Marcotte by failing to report the same, and by causing the videotape of the incident to be erased.

48. As the direct and proximate result of the intentional, deliberately indifferent and/or grossly negligent conduct of the Defendants Fanion, Cotter, Fallon, Johnson and Supernor, the Plaintiff Evangelista has been deprived of his constitutional and statutory rights as guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983, has suffered serious and debilitating personal injuries, has lost wages and lost income, has experienced emotional distress and mental suffering, and has incurred other financial losses.

### COUNT V:
(FEDERAL CIVIL RIGHTS VIOLATIONS - 42 U.S.C. §1983:
FAILURE TO SUPERVISE AND/OR DISCIPLINE )
[Charles A. Evangelista v. City of Worcester]

49. The Plaintiff Evangelista repeats and realleges the allegations contained in paragraphs one through forty eight of this Complaint as if fully stated herein.

50. Defendant, City of Worcester, is responsible for the supervision and discipline of police officers employed by the City of Worcester Police Department.

51. At all times material hereto, the Defendants Marcotte, Fanion, Cotter, Fallon, Johnson and Supernor, as police officers employed by the City of Worcester Police Department, acted under the direction and control of the Defendant, City of Worcester.

52. Prior to March 16, 2003, the Defendant, City of Worcester, knew of numerous incidents wherein Worcester police officers had used, or were alleged to have used, excessive force against detainees and members of the public.

53. Although state law and the rules and regulations of the Worcester Police Department mandated that all injuries to detainees, and all incidents of misconduct on the part of Worcester police officers, be immediately reported to the Chief of Police, there existed within the Worcester Police Department a *de facto* policy or practice of failing to report and document such injuries and incidents.

54. The Defendant, City of Worcester, had actual or constructive knowledge of said unwritten policy or practice, yet failed to take any action to remedy or outlaw it.

55. By permitting this *de facto* policy or practice to exist, and by failing to remedy and outlaw the same, the Defendant, City of Worcester, acted with deliberate indifference to the rights of detainees within the custody of the Worcester Police Department, including the Plaintiff Evangelista.

56. Said unwritten policy or practice was unconstitutional *per se* and resulted from the pervasive failure on the part of the Defendant, City of Worcester, to instruct,

train, supervise, discipline and control Worcester police officers, including the Defendants Marcotte, Fanion, Cotter, Fallon, Johnson and Supernor, in their duties and responsibilities towards detainees.

57. By reason of its failure to instruct, train, supervise, discipline and control Worcester police officers, the Defendant, City of Worcester, directly or indirectly, under color of law, approved of, ratified, or otherwise encouraged the unlawful, deliberate, malicious, reckless and wanton conduct of the Defendants the Defendants Marcotte, Fanion, Cotter, Fallon, Johnson and Supernor.

58. As the direct and proximate result of the grossly negligent and/or deliberately indifferent acts of the Defendant, City of Worcester, the Plaintiff Evangelista has been deprived of his constitutional and statutory rights as guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983, has suffered serious and debilitating personal injuries, has lost wages and lost income, has experienced emotional distress and mental suffering, and has incurred other financial losses.

**PRAYERS FOR RELIEF**

The Plaintiff, Charles A. Evangelista, demands judgment as follows:

1. That, with respect to the claims asserted in Count I of this Complaint, this Court enter judgment in favor of the Plaintiff, Charles A. Evangelista, against the Defendant, Shane Marcotte, for compensatory damages in such amount as may be adjudicated, plus interest and the costs of this action.

2. That, with respect to the claims asserted in Count I of the Complaint, this Court enter judgment in favor of the Plaintiff, Charles A. Evangelista, against the

Defendant, Shane Marcotte, for punitive damages as may be assessed by the jury at trial, together with pre-judgment interest, and attorney's fees pursuant to 42 U.S.C. §1988.

3. That, with respect to the claims asserted in Count II of this Complaint, this Court enter judgment in favor of the Plaintiff, Charles A. Evangelista, against the Defendant, Shane Marcotte, for compensatory damages in such amount as may be adjudicated, plus interest and the costs of this action.

4. That, with respect to the claims asserted in Count III of this Complaint, this Court enter judgment in favor of the Plaintiff, Charles A. Evangelista, against the Defendant, Shane Marcotte, for compensatory damages in such amount as may be adjudicated, plus interest and the costs of this action.

5. That, with respect to the claims asserted in Count IV of this Complaint, this Court enter judgment in favor of the Plaintiff, Charles A. Evangelista, against the Defendants, Jason Fanion, Jonathan Cotter, Daniel A. Fallon, III, James Johnson and Carl Supernor, for compensatory damages in such amount as may be adjudicated, plus interest and the costs of this action.

6. That, with respect to the claims asserted in Count IV of the Complaint, this Court enter judgment in favor of the Plaintiff, Charles A. Evangelista, against the Defendants, Jason Fanion, Jonathan Cotter, Daniel A. Fallon, III, James Johnson and Carl Supernor, for punitive damages as may be assessed by the jury at trial, together with pre-judgment interest, and attorney's fees pursuant to 42 U.S.C. §1988.

7. That, with respect to the claims asserted in Count V if this Complaint, this Court enter judgment in favor of the Plaintiff, Charles A. Evangelista, against the Defendant City of Worcester, for compensatory damages in such amount as may be adjudicated, plus interest, including pre-judgment interest, the costs of this action, and for attorney's fees pursuant to 42 U.S.C. §1988.

8. That, where applicable, the Defendants Marcotte, Fanion, Cotter, Fallon, Johnson, Supernor and the City of Worcester be found jointly and severally liable to the Plaintiff, Charles A. Evangelista.

9. For such other and further relief as this Court may deem appropriate and just under the circumstances of this case.

## JURY CLAIM

THE PLAINTIFF REQUESTS A TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE IN THIS CASE.

Respectfully submitted:

CHARLES A. EVANGELISTA

By his attorneys:

John T. Landry, III (BBO NO. 544388)
William T. Harrington (BBO No. 564445)
GLYNN, LANDRY, HARRINGTON & RICE
10 Forbes Road
Braintree, MA  02184-2605
(781) 356-1399

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Charles Evangelista v. Shane Marcotte, et al.__

FILED
IN CLERKS OFFICE

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

2005 FEB 16 P 12:00

U.S. DISTRICT COURT
DISTRICT OF MASS.

- [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
- [X] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
- [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 3__, 380, 385, 450, 891.
- [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
- [ ] V.   150, 152, 153.

05c 10311 MLW

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   N/A    YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [ ]   NO [X]

   A. If yes, in which division do all of the non-governmental parties reside?

   Eastern Division [ ]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division [X]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   N/A    YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __John T. Landry and William T. Harrington__
ADDRESS __Glynn, Landry, Harrington & Rice, LLP, 10 Forbes, Suite 270, Braintree, MA 02184__
TELEPHONE NO. __(781) 356-1399__

(Coversheetlocal.wpd - 10/17/02)

✎JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED
IN CLERKS OFFICE
2005 FEB 16  P 12:00
U.S. DISTRICT COURT
DISTRICT OF MASS

**I. (a) PLAINTIFFS**
Charles Evangelista

**DEFENDANTS**
Shane Marcotte, Jason Fanion, Daniel Fallon, III, Jonathan Cotter, James Johnson, Carl Supernor, and City of Worcester

**(b)** County of Residence of First Listed Plaintiff:  Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:  Worcester
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
John T. Landry, III and William T. Harrington
Glynn, Landry, Harrington & Rice, LLP
10 Forbes Road, Suite 270
Braintree, MA 02184    (781) 356-1399

Attorneys (If Known)
unknown

05-10311 MLW

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 365 Personal Injury - Product Liability | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 630 Liquor Laws | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 640 R.R. & Truck | | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 650 Airline Regs. | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 660 Occupational Safety/Health | **LABOR** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 690 Other | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | | **PERSONAL PROPERTY** | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | | ☐ 370 Other Fraud | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | **CIVIL RIGHTS** | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 441 Voting | ☐ 380 Other Personal Property Damage | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 442 Employment | ☐ 385 Property Damage Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 443 Housing/Accommodations | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 444 Welfare | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| | ☐ 445 Amer. w/Disabilities - Employment | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 530 General | | | |
| | ☒ 440 Other Civil Rights | ☐ 535 Death Penalty | | | |
| | | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. s. 1983
Brief description of cause:
excessive force by police

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 3 million
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
n/a
JUDGE _____ DOCKET NUMBER _____

DATE  February 16, 2005
SIGNATURE OF ATTORNEY OF RECORD
William T. Harrington

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.  (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.  Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:    U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.