UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
|  | ) | No. 05CV10311-MLW |
| CHARLES A. EVANGELISTA, | ) |  |
| Plaintiff | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | DEFENDANTS' ANSWER |
| SHANE MARCOTTE, JASON FANION, | ) |  |
| DANIEL FALLON, III, JONATHAN | ) |  |
| COTTER, JAMES JOHNSON, CARL | ) |  |
| SUPERNOR and CITY OF WORCESTER | ) |  |
| Defendants | ) |  |
|  | ) |  |

Defendants Shane Marcotte, Jason Fanion, Daniel Fallon, III, Jonathan Cotter, James Johnson, Carl Supernor and City of Worcester ("the City") hereby answer the Complaint filed by Plaintiff Charles E. Evangelista, as follows.

## JURISDICTION

1. Paragraph 1 of Plaintiff's Complaint presents a conclusion of law to which a responsive pleading is not required.

2. Paragraph 2 of Plaintiff's Complaint presents a conclusion of law to which a responsive pleading is not required.

## PARTIES

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. Defendants admit the allegation contained in the first sentence of paragraph 4 of Plaintiff's Complaint that Defendant Marcotte acted under color of law at all times relevant thereto. The second sentence of that paragraph presents a conclusion of law to which a responsive pleading is not required.

5.   Defendants admit the allegation contained in the first sentence of paragraph 5 of Plaintiff's Complaint that Defendant Fanion acted under color of law at all times relevant thereto. The second sentence of that paragraph presents a conclusion of law to which a responsive pleading is not required.

6.   Defendants admit the allegation contained in the first sentence of paragraph 6 of Plaintiff's Complaint that Defendant Fallon acted under color of law at all times relevant thereto. The second sentence of that paragraph presents a conclusion of law to which a responsive pleading is not required.

7.   Defendants admit the allegation contained in the first sentence of paragraph 7 of Plaintiff's Complaint that Defendant Cotter acted under color of law at all times relevant thereto. The second sentence of that paragraph presents a conclusion of law to which a responsive pleading is not required.

8.   Defendants admit the allegation contained in the first sentence of paragraph 8 of Plaintiff's Complaint that Defendant Johnson acted under color of law at all times relevant thereto. The second sentence of that paragraph presents a conclusion of law to which a responsive pleading is not required.

9.   Defendants admit the allegation contained in the first sentence of paragraph 9 of Plaintiff's Complaint that Defendant Supernor acted under color of law at all times relevant thereto. The second sentence of that paragraph presents a conclusion of law to which a responsive pleading is not required.

10.  Defendants admit the allegations contained in paragraph 10 of Plaintiff's Complaint.

## GENERAL ALLEGATIONS

11.  Defendants admit the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.  Defendants admit the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.  Defendants admit the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Defendants admit the allegations contained in paragraph 15 of Plaintiff's Complaint, but clarify that Plaintiff was so directed at different points in the booking process.

16. Defendants deny the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. Defendants deny the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Defendants deny the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Defendants deny the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. Defendants admit the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Defendants admit that Defendant Johnson, the sergeant in command of the booking area, witnessed Plaintiff being removed from the print room, but deny the remaining allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Defendants deny the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Defendants deny the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. Defendants admit that Defendant Johnson called and spoke with an operator of the booking videotape system, but deny the remaining allegations contained in paragraph 24 of Plaintiff's Complaint.

25. Defendants deny the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Defendants deny the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. Defendants deny the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegations contained in paragraph 28 of Plaintiff's Complaint.

29. Defendants are without knowledge or information sufficient to form a belief as to the first sentence of paragraph 29 of Plaintiff's Complaint. Defendants deny the allegations contained in the second sentence of that paragraph.

30. Defendants deny the allegations contained in paragraph 30 of Plaintiff's Complaint.

31. Defendants admit the allegations contained in paragraph 31 of Plaintiff's Complaint.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of Plaintiff's Complaint.

33. Defendants deny the allegations contained in paragraph 33 of Plaintiff's Complaint.

COUNT I
(Alleged Federal Civil Rights Violations – 42 U.S.C. § 1983:
Alleged Use of Excessive Force)
[Charles A. Evangelista v. Shane Marcotte]

34. Defendants repeat and re-allege their answers to paragraphs 1 through 33 of Plaintiff's Complaint, as if fully set forth herein.

35. Paragraph 35 of Plaintiff's Complaint presents a conclusion of law to which a responsive pleading is not required.

36. Defendants deny the allegations contained in paragraph 36 of Plaintiff's Complaint.

37. Defendants deny the allegations contained in paragraph 37 of Plaintiff's Complaint.

## COUNT II
### (Alleged Assault)
[Charles A. Evangelista v. Shane Marcotte]

38. Defendants repeat and re-allege their answers to paragraphs 1 through 37 of Plaintiff's Complaint, as if fully set forth herein.

39. Defendants deny the allegations contained in paragraph 39 of Plaintiff's Complaint.

## COUNT III
### (Alleged Battery)
[Charles A. Evangelista v. Shane Marcotte)

40. Defendants repeat and re-allege their answers to paragraphs 1 through 39 of Plaintiff's Complaint, as if fully set forth herein.

41. Defendants deny the allegations contained in paragraph 41 of Plaintiff's Complaint.

## COUNT IV
### (Alleged Federal Civil Rights Violations – 42 U.S.C. § 1983: Alleged Failure to Intervene and/or To Report Misconduct)
[Charles A. Evangelista v. Jason Fanion, Jonathan Cotter, Daniel Fallon, III, James Johnson and Carl Supernor]

42. Defendants repeat and re-allege their answers to paragraphs 1 through 41 of Plaintiff's Complaint, as if fully set forth herein.

43. Defendants deny the allegations contained in paragraph 43 of Plaintiff's Complaint.

44. Defendants deny the allegations contained in paragraph 44 of Plaintiff's Complaint.

45. Defendants deny the allegations contained in paragraph 45 of Plaintiff's Complaint.

46. Defendants deny the allegations contained in paragraph 46 of Plaintiff's Complaint.

47. Defendants deny the allegations contained in paragraph 47 of Plaintiff's Complaint.

48. Defendants deny the allegations contained in paragraph 48 of Plaintiff's Complaint.

## COUNT V
(Alleged Federal Civil Rights Violations – 42 U.S.C. § 1983: Alleged Failure to Supervise and/or Discipline)
[Charles A. Evangelista v. City of Worcester]

49. Defendants repeat and re-allege their answers to paragraphs 1 through 48 of Plaintiff's Complaint, as if fully set forth herein.

50. Paragraph 50 of Plaintiff's Complaint presents a conclusion of law to which a responsive pleading is not required.

51. Defendants admit the allegations contained in paragraph 51 of Plaintiff's Complaint.

52. Defendants admit the allegation contained in paragraph 52 of Plaintiff's Complaint that, prior to March 16, 2003, the City knew of incidents wherein Worcester police officers were alleged to have used excessive force against detainees and members of the public, but Defendants deny the remaining allegations contained in that paragraph.

53. Defendants deny the allegations contained in paragraph 53 of Plaintiff's Complaint.

54. Defendants deny the allegations contained in paragraph 54 of Plaintiff's Complaint.

55. Defendants deny the allegations contained in paragraph 55 of Plaintiff's Complaint.

56. Defendants deny the allegations contained in paragraph 56 of Plaintiff's Complaint.

57. Defendants deny the allegations contained in paragraph 57 of Plaintiff's Complaint.

58. Defendants deny the allegations contained in paragraph 53 of Plaintiff's Complaint.

<u>FIRST AFFIRMATIVE DEFENSE</u>

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

<u>SECOND AFFIRMATIVE DEFENSE</u>

The individual Defendants in their individual capacities are qualifiedly immune from liability.

<u>THIRD AFFIRMATIVE DEFENSE</u>

Defendants' actions were justified and in good faith at all times.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

Any force used by Defendant Marcotte was reasonable under all the circumstances.

<u>FIFTH AFFIRAMTIVE DEFENSE</u>

Defendants at all times acted reasonable and with a good faith belief that their actions were lawful and not in violation of any federal or state constitutional right.

<u>SIXTH AFFIRAMTIVE DEFENSE</u>

Defendant Marcotte did not intend to create in Plaintiff a reasonable apprehension of impending physical harm.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

Defendant Marcotte did not intentionally or unjustifiably use excessive or harmful force against Plaintiff.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

Plaintiff provoked Defendant Marcotte at the time of the alleged assault and battery.

<u>NINTH AFFIRMATIVE DEFENSE</u>

Plaintiff did not suffer any actual deprivation of rights secured by the Constitution or laws of either the United States or the Commonwealth.

### TENTH AFFIRMATIVE DEFENSE

Defendants were not deliberately indifferent to Plaintiff's medical needs.

### ELEVENTH AFFIRMATIVE DEFENSE

The damages alleged in Plaintiff's Complaint were directly and proximately caused by acts of a third person, which acts Defendants had no reason to anticipate and of which person Defendants had no knowledge and over whom they had no control.

### TWELFTH AFFIRMATIVE DEFENSE

The damages alleged in Plaintiff's Complaint were the result of supervening and intervening causes unrelated to any acts of Defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his alleged damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

The individual defendants at all times were motivated with neither an evil intent or motive, nor with a reckless or callous indifference, toward any of Plaintiff's protected rights.

### FIFTEENTH AFFIRMATIVE DEFENSE

Joint and several liability is not applicable to this case.

WHEREFORE, defendants pray that this Court enter judgment in their favor as follows:

1. that Plaintiff's Complaint be dismissed;
2. that Plaintiff take nothing by his Complaint; and
3. for such other and further relief as this Court deems proper, including costs and reasonable attorney's fees awarded to Defendant City of Worcester.

Defendants demand a trial by jury on all claims and issues so triable.

SHANE MARCOTTE, JASON FANION,
DANIEL FALLON, III, JONATHAN
COTTER, JAMES JOIHNSON, CARL
SUPERNOR, and CITY OF WORCESTER

By their attorneys,

David M. Moore
City Solicitor


/s/ Donald V. Rider, Jr._____
Donald V. Rider, Jr. (BBO#549777)
Assistant City Solicitor
City Hall, Room 301
455 Main Street
Worcester, MA  01608
(508) 799-1161

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I have served upon Plaintiff the within Defendants' Answer, by mailing a copy of the same, first class mail, postage prepaid, to John T. Landry, III, Esquire, Glynn, Landry, Harrington & Rice, 10 Forbes Road, Braintree, MA  02184-2605 this  21st  day of April, 2005.

/s/ Donald V. Rider, Jr._____
Donald V. Rider, Jr.
Assistant City Solicitor
