UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHARLES A. EVANGELISTA,<br>Plaintiff | )<br>)<br>) | |
| v. | )<br>) | CIVIL ACTION NO.<br>05-CV-10311-MLW |
| SHANE MARCOTTE,<br>JASON FANION,<br>DANIEL FALLON, III,<br>JONATHAN COTTER,<br>JAMES JOHNSON,<br>CARL SUPERNOR, and<br>THE CITY OF WORCESTER,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

## FIRST AMENDED COMPLAINT AND DEMAND FOR
## TRIAL BY JURY

Plaintiff, Charles A. Evangelista, appears through his counsel and states the following

complaint.

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and the Fourth and

   Fourteenth Amendments to the United States Constitution. Jurisdiction is based up

   28 U.S.C. §§ 1331 and 1343(l), (3), (4) and the aforementioned statutory and

   constitutional provisions.

2. The Plaintiff invokes the pendent jurisdiction of this Court and its supplemental

   jurisdiction under 28 U.S.C. § 1367 to consider claims arising under state law.

## PARTIES

3. The Plaintiff, Charles A. Evangelista (hereinafter "Plaintiff" or "Evangelista"), is

   a resident of Boston, Suffolk County, Massachusetts.

4.  The Defendant, Shane Marcotte (hereinafter "Marcotte"), at all times relevant to this complaint, was a police officer employed by the Worcester Police Department, Worcester, Massachusetts, and acted under color of the statutes, customs, ordinances and practices of the Commonwealth of Massachusetts, the City of Worcester and the Worcester Police Department. He is sued in both his individual and in his official capacities.

5.  The Defendant, Jason Fanion (hereinafter "Fanion"), at all times relevant to this complaint, was a police officer employed by the Worcester Police Department, Worcester, Massachusetts, and acted under color of the statutes, customs, ordinances and practices of the Commonwealth of Massachusetts, the City of Worcester and the Worcester Police Department. He is sued in both his individual and in his official capacities.

6.  The Defendant, Daniel Fallon, III (hereinafter "Fallon"), at all times relevant to this complaint, was a police officer employed by the Worcester Police Department, Worcester, Massachusetts, and acted under color of the statutes, customs, ordinances and practices of the Commonwealth of Massachusetts, the City of Worcester and the Worcester Police Department. He is sued in both his individual and in his official capacities.

7.  The Defendant, Jonathan Cotter (hereinafter "Cotter"), at all times relevant to this complaint, was a police officer employed by the Worcester Police Department, Worcester, Massachusetts, and acted under color of the statutes, customs, ordinances and practices of the Commonwealth of Massachusetts, the City of

Worcester and the Worcester Police Department. He is sued in both his individual and in his official capacities.

8. The Defendant, James Johnson (hereinafter "Johnson"), at all times relevant to this complaint, was a police officer employed by the Worcester Police Department, Worcester, Massachusetts, and acted under color of the statutes, customs, ordinances and practices of the Commonwealth of Massachusetts, the City of Worcester and the Worcester Police Department. He is sued in both his individual and in his official capacities.

9. The Defendant, Carl Supernor (hereinafter "Supernor"), at all times relevant to this complaint, was a police officer employed by the Worcester Police Department, Worcester, Massachusetts, and acted under color of the statutes, customs, ordinances and practices of the Commonwealth of Massachusetts, the City of Worcester and the Worcester Police Department. He is sued in both his individual and in his official capacities.

10. The Defendant, City of Worcester, is a municipal corporation organized under the laws of the Commonwealth of Massachusetts.

## GENERAL ALLEGATIONS

11. On or about March 16, 2003, at approximately 8:00 P.M., the Plaintiff Evangelista was arrested by Worcester Police officers on a charge of being a disorderly person.

12. The Plaintiff Evangelista was subsequently brought to the Worcester Police station and was placed in a holding cell.

13. At approximately 9:15 P.M., the Plaintiff Evangelista was brought by the Defendant Fallon from this holding cell to a room where detainees were booked.

14. While the Plaintiff Evangelista was being booked, the Defendant Marcotte, the Defendant Fanion, the Defendant Cotter and the Defendant Fallon were present in the booking room with the Plaintiff, or were present in the general area where the Plaintiff's booking was taking place.

15. As part of the booking process, the Plaintiff Evangelista was directed to remove his shoes and belt and to stand against a wall to be photographed.

16. As the Plaintiff Evangelista was removing his shoes, two Worcester Police officers, the Defendant Fallon and the Defendant Cotter, without provocation, knocked the Plaintiff Evangelista's legs out from under him, causing him to fall to the floor. At the same time, the Defendant Marcotte made derogatory comments about the Plaintiff Evangelista.

17. After the Plaintiff Evangelista fell to the floor, the Defendant Marcotte, the Defendant Fanion, the Defendant Cotter and the Defendant Fallon each grabbed hold of the Plaintiff Evangelista and forcibly dragged him out of the booking room into a hallway.

18. After the Plaintiff Evangelista was dragged into the hallway, the Defendant Marcotte and the Defendant Fanion each took hold of the feet of the Plaintiff Evangelista, elevated them, and then dragged the Plaintiff feet first down the hallway towards the area of jail cells.

19. As the Defendant Marcotte and the Defendant Fanion approached the door leading to the jail cells, the Defendant Marcotte, without provocation or

justification, struck the Plaintiff Evangelista in the abdomen with a shod foot, with force so great that it caused the Plaintiff Evangelista's bladder to rupture.

20. The Plaintiff Evangelista was then placed in a jail cell by the Defendant Marcotte and the Defendant Fanion.

21. The actions of the Defendant Marcotte, the Defendant Fanion, the Defendant Cotter, and the Defendant Fallon in initially removing the Plaintiff Evangelista from the booking room were witnessed by at least one other Worcester police officer, the Defendant Johnson, the sergeant in command of the booking area.

22. The actions of the Defendant Marcotte in striking the Plaintiff Evangelista with a shod foot were witnessed by the Defendant Fanion, the Defendant Cotter, the Defendant Fallon and the Defendant Johnson, each of whom made no attempt whatsoever to intervene or to protect the Plaintiff Evangelista, to report the incident, or to determine whether or not the Plaintiff Evangelista had been injured.

23. The entire booking of the Plaintiff Evangelista, including the Plaintiff being dragged and beaten, as hereinbefore set forth, was also captured on the videotape system utilized by the Worcester Police Department at the time of the incident.

24. Immediately following the beating of the Plaintiff Evangelista, the Defendant Johnson, aware that the incident had likely been caught on videotape, called and spoke to the operator of the videotape, Worcester police officer Scott Calhoun, and then subsequently spoke to Calhoun's supervisor, the Defendant Supernor.

25. Prior to the videotaping of the next booking that night, and within minutes of the beating of the Plaintiff Evangelista, the Defendant Supernor reviewed the

booking tape, observed the tape of the incident, and then caused the videotape of the Evangelista booking to be erased in its entirety. The Defendant Supernor also failed to report the incident, and failed to make any attempt to determine whether the Plaintiff Evangelista had been injured.

26. By failing to file any contemporaneous reports concerning the assault and battery committed by the Defendant Marcotte upon the Plaintiff Evangelista, and by failing to take any action whatsoever against the Defendant Marcotte, the Defendant Johnson, the Defendant Fanion, the Defendant Cotter and the Defendant Fallon acted pursuant to a *de facto* policy of the Worcester Police Department to ignore or otherwise acquiesce in incidents of police misconduct towards detainees, including the Plaintiff Evangelista.

27. By causing the videotape of the assault and beating of the Plaintiff Evangelista to be erased, and by failing to report the incident, the Defendants Johnson and Supernor also acted pursuant to the same *de facto* policy of the Worcester Police Department to ignore or otherwise acquiesce in incidents of police misconduct towards detainees, including the Plaintiff Evangelista.

28. As a result of the attack and beating, as hereinbefore set forth, the Plaintiff Evangelista sustained serious and permanent injuries, in particular, a ruptured bladder.

29. While the Plaintiff Evangelista was detained in a jail cell, he urinated blood into a toilet within his cell. Upon observing the blood in his urine, the Plaintiff Evangelista repeatedly shouted through the bars of his cell that he was hurt and needed medical attention.

30. Notwithstanding his repeated requests, the Plaintiff Evangelista was not afforded any medical attention by the Worcester Police Department.

31. At approximately 12:15 A.M. on March 17, 2003, the Plaintiff Evangelista posted bail and was released from custody.

32. The Plaintiff Evangelista was then brought to the University of Massachusetts Medical Center by a friend, where he underwent emergency surgery for his ruptured bladder.

33. As a direct and proximate result of the assault and battery committed by the Defendant Marcotte, and the actions of the Defendant Fanion, the Defendant Cotter, the Defendant Fallon, the Defendant Johnson and the Defendant Supernor, as hereinbefore set forth, the Plaintiff Evangelista suffered serious and painful injuries which caused him to be hospitalized and incur medical expenses for his care and treatment, suffered lost wages and lost income, and suffered severe emotional distress, including, but not limited to, anxiety, sleeplessness, anger and outrage.

## COUNT I:
(FEDERAL CIVIL RIGHTS VIOLATIONS - 42 U.S.C. §1983:
USE OF EXCESSIVE FORCE)
[Charles A. Evangelista v. Shane Marcotte]

34. The Plaintiff Evangelista repeats and realleges the allegations contained in paragraphs one through thirty three of this Complaint as if fully stated herein.

35. The Plaintiff Evangelista had a right, as guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and 42 U.S.C.

§1983 to be secure in his person and not to be subject to the use of excessive force by representatives of the government.

36. The Defendant Marcotte, at all times material hereto, used unreasonable and excessive force, as hereinbefore set forth, by assaulting and battering the Plaintiff Evangelista.

37. As the direct and proximate result of the intentional, deliberately indifferent and/or grossly negligent conduct of the Defendant Marcotte, the Plaintiff Evangelista has been deprived of his constitutional and statutory rights as guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983, has suffered serious and debilitating personal injuries and damages, has lost wages and lost income, has experienced emotional distress and mental suffering, and has incurred other financial losses.

## COUNT II:
### (ASSAULT)
[Charles A. Evangelista v. Shane Marcotte]

38. The Plaintiff Evangelista repeats and realleges the allegations contained in paragraphs one through thirty seven of this Complaint as if fully stated herein.

39. As the direct and proximate result of the assault of the Plaintiff Evangelista by the Defendant Marcotte, the Plaintiff Evangelista, was caused to undergo severe mental distress and suffered great humiliation and injuries to his pride, reputation and position in life.

## COUNT III:
### (BATTERY)
[Charles A. Evangelista v. Shane Marcotte]

40. The Plaintiff Evangelista repeats and realleges the allegations contained in

    paragraphs one through thirty nine of this Complaint as if fully stated herein.

41. As the direct and proximate result of the battery of the Plaintiff Evangelista by

    the Defendant Marcotte, the Plaintiff Evangelista sustained severe personal

    injuries, was caused to be disabled and to lose time and income from his

    employment, and was caused and continues to be caused great pain of body and

    mind.

## COUNT IV:

(FEDERAL CIVIL RIGHTS VIOLATIONS - 42 U.S.C. §1983:
FAILURE TO INTERVENE AND/OR TO REPORT MISCONDUCT)
[Charles A. Evangelista v. Jason Fanion, Jonathan Cotter, Daniel Fallon, III, James Johnson
and Carl Supernor]

42. The Plaintiff Evangelista repeats and realleges the allegations contained in

    paragraphs one through forty one of this Complaint as if fully stated herein.

43. On March 16, 2003, the Defendant Marcotte, while in the presence of the

    Defendants Fanion, Cotter, Fallon and Johnson, assaulted, beat and otherwise

    used excessive force against the Plaintiff Evangelista.

44. The Defendants Fanion, Cotter, Fallon and Johnson each failed to intervene to

    stop the Defendant Marcotte from assaulting, beating and using excessive force

    against the Plaintiff Evangelista.

45. The assault and beating of the Plaintiff Evangelista was also seen on videotape by

    the Defendant Supernor.

46. The Defendants Fanion, Cotter, Fallon, Johnson and Supernor, pursuant to applicable law, were required to file contemporaneous written reports concerning the incident involving Evangelista and Marcotte, and the injuries sustained by Evangelista.

47. Notwithstanding their observations of the use of excessive force on the part of the Defendant Marcotte, the Defendants Fanion, Cotter, Fallon, Johnson and Supernor, either acting alone or in concert with each other, covered up the misconduct of the Defendant Marcotte by failing to report the same, and by causing the videotape of the incident to be erased.

48. As the direct and proximate result of the intentional, deliberately indifferent and/or grossly negligent conduct of the Defendants Fanion, Cotter, Fallon, Johnson and Supernor, the Plaintiff Evangelista has been deprived of his constitutional and statutory rights as guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983, has suffered serious and debilitating personal injuries, has lost wages and lost income, has experienced emotional distress and mental suffering, and has incurred other financial losses.

**COUNT V:**
(FEDERAL CIVIL RIGHTS VIOLATIONS - 42 U.S.C. §1983:
FAILURE TO SUPERVISE AND/OR DISCIPLINE )
[Charles A. Evangelista v. City of Worcester]

49. The Plaintiff Evangelista repeats and realleges the allegations contained in paragraphs one through forty eight of this Complaint as if fully stated herein.

50. Defendant, City of Worcester, is responsible for the supervision and discipline of police officers employed by the City of Worcester Police Department.

51. At all times material hereto, the Defendants Marcotte, Fanion, Cotter, Fallon, Johnson and Supernor, as police officers employed by the City of Worcester Police Department, acted under the direction and control of the Defendant, City of Worcester.

52. Prior to March 16, 2003, the Defendant, City of Worcester, knew of numerous incidents wherein Worcester police officers had used, or were alleged to have used, excessive force against detainees and members of the public.

53. Although state law and the rules and regulations of the Worcester Police Department mandated that all injuries to detainees, and all incidents of misconduct on the part of Worcester police officers, be immediately reported to the Chief of Police, there existed within the Worcester Police Department a *de facto* policy or practice of failing to report and document such injuries and incidents.

54. The Defendant, City of Worcester, had actual or constructive knowledge of said unwritten policy or practice, yet failed to take any action to remedy or outlaw it.

55. By permitting this *de facto* policy or practice to exist, and by failing to remedy and outlaw the same, the Defendant, City of Worcester, acted with deliberate indifference to the rights of detainees within the custody of the Worcester Police Department, including the Plaintiff Evangelista.

56. Said unwritten policy or practice was unconstitutional *per se* and resulted from the pervasive failure on the part of the Defendant, City of Worcester, to instruct,

train, supervise, discipline and control Worcester police officers, including the
Defendants Marcotte, Fanion, Cotter, Fallon, Johnson and Supernor, in their
duties and responsibilities towards detainees.

57. By reason of its failure to instruct, train, supervise, discipline and control
Worcester police officers, the Defendant, City of Worcester, directly or
indirectly, under color of law, approved of, ratified, or otherwise encouraged the
unlawful, deliberate, malicious, reckless and wanton conduct of the Defendants
the Defendants Marcotte, Fanion, Cotter, Fallon, Johnson and Supernor.

58. As the direct and proximate result of the grossly negligent and/or deliberately
indifferent acts of the Defendant, City of Worcester, the Plaintiff Evangelista has
been deprived of his constitutional and statutory rights as guaranteed by the
Fourth, Fifth, Sixth and Fourteenth Amendments to the United States
Constitution and 42 U.S.C. §1983, has suffered serious and debilitating personal
injuries, has lost wages and lost income, has experienced emotional distress and
mental suffering, and has incurred other financial losses.

## COUNT VI:
(NEGLIGENCE – M.G.L. c. 258 )
[Charles A. Evangelista v. City of Worcester]

59. The Plaintiff Evangelista repeats and realleges the allegations contained in
paragraphs one through fifty eight of this Complaint as if fully stated herein.

60. The Defendant, City of Worcester's police officers are employees who are
brought in contact with members of the public in the course of carrying out their
duties as police officers.

61. The Defendant, City of Worcester, has a duty to exercise reasonable care in the instruction, training, supervision, discipline and control of police officers employed by the City of Worcester Police Department, including the Defendants Marcotte, Fanion, Cotter, Fallon, Johnson and Supernor.

62. On and prior to March 16, 2003, the Defendant, City of Worcester, knew or reasonably should have known that Worcester police officers used, and continued to use, excessive force against detainees and members of the public, yet failed to take reasonable and appropriate corrective measures to prevent such incidents.

63. By failing to adequately and reasonably respond to incidents of police misconduct, the Defendant, City of Worcester, failed to exercise reasonable care in the instruction, training, supervision, discipline and control of Worcester police officers, including the Defendants Marcotte, Fanion, Cotter, Fallon, Johnson and Supernor.

64. As the direct and proximate cause of the Defendant, City of Worcester's negligence in the instruction, training, supervision, discipline and control of Worcester police officers, including the Defendants Marcotte, Fanion, Cotter, Fallon, Johnson and Supernor, the Plaintiff Evangelista has been deprived of his constitutional and statutory rights as guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983, has suffered serious and debilitating personal injuries and damages, has lost wages and lost income, has experienced emotional distress and mental suffering, and has incurred other financial losses.

65. The Plaintiff Evangelista gave Notice of Claim to the Defendant, City of
    Worcester, through its Mayor, City Manager, City Clerk, City Solicitor and Chief
    of Police, in a letter dated March 3, 2005, in full compliance with the
    presentment provisions of M.G.L. c. 258, §4.

66. The Defendant, City of Worcester, has failed to respond to the Plaintiff
    Evangelista's Notice of Claim within the six month period set forth in M.G.L. c.
    258, §4, and said failure to respond constitutes a "final denial" of the claim, as set
    forth in said statute.

## COUNT VII:
(NEGLIGENCE – M.G.L. c. 258 )
[Charles A. Evangelista v. City of Worcester]

67. The Plaintiff Evangelista repeats and realleges the allegations contained in
    paragraphs one through sixty six of this Complaint as if fully stated herein.

68. During the time that the Plaintiff Evangelista was confined at the Worcester
    Police station, Worcester police personnel knew, or had reason to know, that the
    Plaintiff Evangelista was injured.

69. Under Massachusetts law, Worcester police personnel were required to examine
    the Plaintiff Evangelista following his arrest and confinement, to make a report of
    the Plaintiff Evangelista's injuries, and to afford the Plaintiff Evangelista
    appropriate medical care for his injuries.

70. The Defendant, City of Worcester, failed to exercise reasonable care by failing to
    examine the Plaintiff Evangelista, by failing to prepare a report of his injuries,
    and by failing to afford the Plaintiff Evangelista any medical treatment at all for
    his injuries.

71. As the direct and proximate cause of the Defendant, City of Worcester's negligence, the Plaintiff Evangelista experienced severe emotional distress and heightened and prolonged pain and suffering from his injuries.

## COUNT VIII:
(NEGLIGENCE – M.G.L. c. 258 )
[Charles A. Evangelista v. City of Worcester]

72. The Plaintiff Evangelista repeats and realleges the allegations contained in paragraphs one through seventy one of this Complaint as if fully stated herein.

73. As hereinbefore set forth, the Defendant Marcotte assaulted, beat and otherwise used excessive force against the Plaintiff Evangelista in the presence of the Defendants Fanion, Cotter, Fallon and Johnson.

74. The Defendant, City of Worcester and its police officers, including the Defendants Fanion, Cotter, Fallon and Johnson, failed to intervene to protect the Plaintiff Evangelista while he was in custody from the Defendant Marcotte, and said conduct, at a minimum, constituted negligence on the part of the Defendant, City of Worcester.

75. As the direct and proximate cause of the Defendant, City of Worcester's negligence in failing to intervene to protect the Plaintiff Evangelista, the Plaintiff Evangelista has been deprived of his constitutional and statutory rights as guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983, has suffered serious and debilitating personal injuries and damages, has lost wages and lost income, has experienced emotional distress and mental suffering, and has incurred other financial losses.

## PRAYERS FOR RELIEF

The Plaintiff, Charles A. Evangelista, demands judgment as follows:

1. That, with respect to the claims asserted in Count I of this Complaint, this Court enter judgment in favor of the Plaintiff, Charles A. Evangelista, against the Defendant, Shane Marcotte, for compensatory damages in such amount as may be adjudicated, plus interest and the costs of this action.

2. That, with respect to the claims asserted in Count I of the Complaint, this Court enter judgment in favor of the Plaintiff, Charles A. Evangelista, against the Defendant, Shane Marcotte, for punitive damages as may be assessed by the jury at trial, together with pre-judgment interest, and attorney's fees pursuant to 42 U.S.C. §1988.

3. That, with respect to the claims asserted in Count II of this Complaint, this Court enter judgment in favor of the Plaintiff, Charles A. Evangelista, against the Defendant, Shane Marcotte, for compensatory damages in such amount as may be adjudicated, plus interest and the costs of this action.

4. That, with respect to the claims asserted in Count III of this Complaint, this Court enter judgment in favor of the Plaintiff, Charles A. Evangelista, against the Defendant, Shane Marcotte, for compensatory damages in such amount as may be adjudicated, plus interest and the costs of this action.

5. That, with respect to the claims asserted in Count IV of this Complaint, this Court enter judgment in favor of the Plaintiff, Charles A. Evangelista, against the Defendants, Jason Fanion, Jonathan Cotter, Daniel A. Fallon, III, James Johnson

and Carl Supernor, for compensatory damages in such amount as may be adjudicated, plus interest and the costs of this action.

6. That, with respect to the claims asserted in Count IV of the Complaint, this Court enter judgment in favor of the Plaintiff, Charles A. Evangelista, against the Defendants, Jason Fanion, Jonathan Cotter, Daniel A. Fallon, III, James Johnson and Carl Supernor, for punitive damages as may be assessed by the jury at trial, together with pre-judgment interest, and attorney's fees pursuant to 42 U.S.C. §1988.

7. That, with respect to the claims asserted in Count V of this Complaint, this Court enter judgment in favor of the Plaintiff, Charles A. Evangelista, against the Defendant City of Worcester, for compensatory damages in such amount as may be adjudicated, plus interest, including pre-judgment interest, the costs of this action, and for attorney's fees pursuant to 42 U.S.C. §1988.

8. That, with respect to the claims asserted in Counts VI, VII and VIII of this Complaint, this Court enter judgment in favor of the Plaintiff, Charles A. Evangelista, for compensatory damages in such amount as may be adjudicated, in accordance with the provisions of M.G.L. c. 258.

9. That, where applicable, the Defendants Marcotte, Fanion, Cotter, Fallon, Johnson, Supernor and the City of Worcester be found jointly and severally liable to the Plaintiff, Charles A. Evangelista.

10. For such other and further relief as this Court may deem appropriate and just under the circumstances of this case.

## JURY CLAIM

THE PLAINTIFF REQUESTS A TRIAL BY JURY AS TO ALL ISSUES SO

TRIABLE IN THIS CASE.

Respectfully submitted:

CHARLES A. EVANGELISTA

By his attorneys:

John T. Landry, III (BBO NO. 544388)
William T. Harrington (BBO No. 564445)
GLYNN, LANDRY, HARRINGTON & RICE
10 Forbes Road
Braintree, MA  02184-2605
(781) 356-1399