```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

                                              No. 05CV10311-MLW
                                    )
CHARLES A. EVANGELISTA,             )
          Plaintiff                 )
                                    )
v.                                  )
                                    )   DEFENDANTS' ANSWER
SHANE MARCOTTE, JASON FANION,       )   TO PLAINTIFF'S FIRST
DANIEL FALLON, III, JONATHAN        )   AMENDED COMPLAINT
COTTER, JAMES JOHNSON, CARL         )
SUPERNOR and CITY OF WORCESTER,     )
          Defendants                )
                                    )
```

Defendants Shane Marcotte, Jason Fanion, Daniel Fallon, III, Jonathan Cotter, James Johnson, Carl Supernor and the City of Worcester ("the City") hereby answer the First Amended Complaint filed by Plaintiff Charles E. Evangelista, as follows.

### JURISDICTION

1. Paragraph 1 of Plaintiff's First Amended Complaint presents a conclusion of law to which a responsive pleading is not required.

2. Paragraph 2 of Plaintiff's First Amended Complaint presents a conclusion of law to which a responsive pleading is not required.

### PARTIES

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's First Amended Complaint.

4. Defendants admit the allegation contained in the first sentence of paragraph 4 of Plaintiff's First Amended Complaint that Defendant Marcotte acted under color of law at all times relevant thereto. The second sentence of that paragraph presents a conclusion of law to which a responsive pleading is not required.

5. Defendants admit the allegation contained in the first sentence of paragraph 5 of Plaintiff's First Amended Complaint

that Defendant Fanion acted under color of law at all times relevant thereto. The second sentence of that paragraph presents a conclusion of law to which a responsive pleading is not required.

    6.   Defendants admit the allegation contained in the first sentence of paragraph 6 of Plaintiff's First Amended Complaint that Defendant Fallon acted under color of law at all times relevant thereto. The second sentence of that paragraph presents a conclusion of law to which a responsive pleading is not required.

    7.   Defendants admit the allegation contained in the first sentence of paragraph 7 of Plaintiff's First Amended Complaint that Defendant Cotter acted under color of law at all times relevant thereto. The second sentence of that paragraph presents a conclusion of law to which a responsive pleading is not required.

    8.   Defendants admit the allegation contained in the first sentence of paragraph 8 of Plaintiff's First Amended Complaint that Defendant Johnson acted under color of law at all times relevant thereto. The second sentence of that paragraph presents a conclusion of law to which a responsive pleading is not required.

    9.   Defendants admit the allegation contained in the first sentence of paragraph 9 of Plaintiff's First Amended Complaint that Defendant Supernor acted under color of law at all times relevant thereto. The second sentence of that paragraph presents a conclusion of law to which a responsive pleading is not required.

    10.  Defendants admit the allegations contained in paragraph 10 of Plaintiff's First Amended Complaint.

GENERAL ALLEGATIONS

    11.  Defendants admit the allegations contained in paragraph 11 of Plaintiff's First Amended Complaint.

    12.  Defendants admit the allegations contained in paragraph 12 of Plaintiff's First Amended Complaint.

    13.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in paragraph 13 of Plaintiff's First Amended Complaint.

14. Defendants admit the allegations contained in paragraph 14 of Plaintiff's First Amended Complaint.

15. Defendants admit the allegations contained in paragraph 15 of First Amended Complaint, but clarify that Plaintiff was so directed at different points in the booking process.

16. Defendants deny the allegations contained in paragraph 16 of Plaintiff's First Amended Complaint.

17. Defendants deny the allegations contained in paragraph 17 of Plaintiff's First Amended Complaint.

18. Defendants deny the allegations contained in paragraph 18 of Plaintiff's First Amended Complaint.

19. Defendants deny the allegations contained in paragraph 19 of Plaintiff's First Amended Complaint.

20. Defendants admit the allegations contained in paragraph 20 of Plaintiff's First Amended Complaint.

21. Defendants admit that Defendant Johnson, the sergeant in command of the booking area, witnessed Plaintiff being removed from the print room, but deny the remaining allegations contained in paragraph 21 of Plaintiff's First Amended Complaint.

22. Defendants deny the allegations contained in paragraph 22 of Plaintiff's First Amended Complaint.

23. Defendants deny the allegations contained in paragraph 23 of Plaintiff's First Amended Complaint.

24. Defendants admit that Defendant Johnson called and spoke with an operator of the booking videotape system, but deny the remaining allegations contained in paragraph 24 of Plaintiff's First Amended Complaint.

25. Defendants deny the allegations contained in paragraph 25 of Plaintiff's First Amended Complaint.

26. Defendants deny the allegations contained in paragraph 26 of Plaintiff's First Amended Complaint.

27. Defendants deny the allegations contained in paragraph 27 of Plaintiff's First Amended Complaint.

28. Defendants deny the allegations contained in paragraph 28 of Plaintiff's First Amended Complaint.

29. Defendants are without knowledge or information sufficient to form a belief as to the first sentence of paragraph 29 of Plaintiff's First Amended Complaint. Defendants deny the allegations contained in the second sentence of that paragraph.

30. Defendants deny the allegations contained in paragraph 30 of Plaintiff's First Amended Complaint.

31. Defendants admit the allegations contained in paragraph 31 of Plaintiff's First Amended Complaint.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of Plaintiff's First Amended Complaint.

33. Defendants deny the allegations contained in paragraph 33 of Plaintiff's First Amended Complaint.

COUNT I
(Alleged Federal Civil Rights Violations – 42 U.S.C. § 1983:
Alleged Use of Excessive Force)
[Charles A. Evangelista v. Shane Marcotte]

34. Defendant Marcotte repeats and re-alleges the answers to paragraphs 1 through 33 of Plaintiff's First Amended Complaint, as if fully set forth herein.

35. Paragraph 35 of Plaintiff's First Amended Complaint presents a conclusion of law to which a responsive pleading is not required.

36. Defendant Marcotte denies the allegations contained in paragraph 36 of Plaintiff's First Amended Complaint.

37. Defendant Marcotte denies the allegations contained in paragraph 37 of Plaintiff's First Amended Complaint.

## COUNT II
(Alleged Assault)
[Charles A. Evangelista v. Shane Marcotte]

38. Defendant Marcotte repeats and re-alleges the answers to paragraphs 1 through 37 of Plaintiff's First Amended Complaint, as if fully set forth herein.

39. Defendant Marcotte denies the allegations contained in paragraph 39 of Plaintiff's First Amended Complaint.

## COUNT III
(Alleged Battery)
[Charles A. Evangelista v. Shane Marcotte)

40. Defendant Marcotte repeats and re-alleges the answers to paragraphs 1 through 39 of Plaintiff's First Amended Complaint, as if fully set forth herein.

41. Defendant Marcotte denies the allegations contained in paragraph 41 of Plaintiff's First Amended Complaint.

## COUNT IV
(Alleged Federal Civil Rights Violations – 42 U.S.C. § 1983: Alleged Failure to Intervene and/or To Report Misconduct)
[Charles A. Evangelista v. Jason Fanion, Jonathan Cotter, Daniel Fallon, III, James Johnson and Carl Supernor]

42. Defendants Fanion, Cotter, Fallon, Johnson and Supernor repeat and re-allege the answers to paragraphs 1 through 41 of Plaintiff's First Amended Complaint, as if fully set forth herein.

43. Defendants Fanion, Cotter, Fallon, Johnson and Supernor deny the allegations contained in paragraph 43 of Plaintiff's First Amended Complaint.

44. Defendants Fanion, Cotter, Fallon, Johnson and Supernor deny the allegations contained in paragraph 44 of Plaintiff's First Amended Complaint.

45. Defendants Fanion, Cotter, Fallon, Johnson and Supernor deny the allegations contained in paragraph 45 of Plaintiff's First Amended Complaint.

46. Defendants Fanion, Cotter, Fallon, Johnson and Supernor deny the allegations contained in paragraph 46 of Plaintiff's First Amended Complaint.

47. Defendants Fanion, Cotter, Fallon, Johnson and Supernor deny the allegations contained in paragraph 47 of Plaintiff's First Amended Complaint.

48. Defendants Fanion, Cotter, Fallon, Johnson and Supernor deny the allegations contained in paragraph 48 of Plaintiff's First Amended Complaint.

COUNT V
(Alleged Federal Civil Rights Violations - 42 U.S.C. § 1983:
Alleged Failure to Supervise and/or Discipline)
[Charles A. Evangelista v. City of Worcester]

49. The City repeats and re-alleges the answers to paragraphs 1 through 48 of Plaintiff's First Amended Complaint, as if fully set forth herein.

50. Paragraph 50 of Plaintiff's First Amended Complaint presents a conclusion of law to which a responsive pleading is not required.

51. The City admits the allegations contained in paragraph 51 of Plaintiff's First Amended Complaint.

52. The City admits the allegation contained in paragraph 52 of Plaintiff's First Amended Complaint that, prior to March 16, 2003, the City knew of incidents wherein Worcester police officers were alleged to have used excessive force against detainees and members of the public, but the City denies the remaining allegations contained in that paragraph.

53. The City denies the allegations contained in paragraph 53 of Plaintiff's First Amended Complaint.

54. The City denies the allegations contained in paragraph 54 of Plaintiff's First Amended Complaint.

55. The City denies the allegations contained in paragraph 55 of Plaintiff's First Amended Complaint.

56. The City denies the allegations contained in paragraph 56 of Plaintiff's First Amended Complaint.

57. The City denies the allegations contained in paragraph 57 of Plaintiff's First Amended Complaint.

58. The City denies the allegations contained in paragraph 53 of Plaintiff's First Amended Complaint.

## COUNT VI
(Negligence-M.G.L. c. 258)
[Charles A. Evangelista v. City of Worcester)

59. The City repeats and re-alleges the answers to paragraphs 1 through 58 of Plaintiff's First Amended Complaint, as if fully set forth herein.

60. The City admits the allegations contained in paragraph 60 of Plaintiff's First Amended Complaint.

61. Paragraph 61 of Plaintiff's First Amended Complaint presents a conclusion of law to which a responsive pleading is not required. But insofar as that paragraph can be contrued as alleging facts, the City denies them.

62. The City denies the allegations contained in paragraph 62 of Plaintiff's First Amended Complaint.

63. The City denies the allegations contained in paragraph 63 of Plaintiff's First Amended Complaint.

64. The City denies the allegations contained in paragraph 64 of Plaintiff's First Amended Complaint.

65. The City denies the allegations contained in paragraph 65 of Plaintiff's First Amended Complaint.

66. The City admits the allegation contained in paragraph 66 of Plaintiff's First Amended Complaint Notice of Claim was received by the Mayor, City Manager, City Clerk, City Solicitor and Chief of Police, but atates that the remainder of the allegation presents a conclusion of law to which a responsive pleading is not required.

## COUNT VII
(Negligence-M.G.L. c. 258)
(Charles A. Evangelista v. City Of Worcester)

67. The City repeats and re-alleges the answers to paragraphs 1 through 66 of Plaintiff's First Amended Complaint, as if fully set forth herein.

68. The City denies the allegations contained in paragraph 68 of Plaintiff's First Amended Complaint.

69. Paragraph 69 of Plaintiff's First Amended Complaint presents a conclusion of law to which a responsive pleading is not required. But insofar as that paragraph can be contrued as alleging facts, the City denies them.

70. The City denies the allegations contained in paragraph 70 of Plaintiff's First Amended Complaint.

71. The City denies the allegations contained in paragraph 71 of Plaintiff's First Amended Complaint.

## COUNT VIII
(Negligence-M.G.L. c. 258)
(Charles A. Evangelista v. City of Worcester)

72. The City repeats and re-alleges the answers to paragraphs 1 through 71 of Plaintiff's First Amended Complaint, as if fully set forth herein.

73. The City denies the allegations contained in paragraph 73 of Plaintiff's First Amended Complaint.

74. The City denies the allegations contained in paragraph 74 of Plaintiff's First Amended Complaint.

75. The City denies the allegations contained in paragraph 75 of Plaintiff's First Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The individual defendants in their individual capacities are qualifiedly immune from liability.

## THIRD AFFIRMATIVE DEFENSE

Defendants' actions were justified and in good faith at all times.

### FOURTH AFFIRMATIVE DEFENSE

Any force used by Defendant Marcotte was reasonable under all the circumstances.

### FIFTH AFFIRMATIVE DEFENSE

Defendants at all times acted reasonable and with a good faith belief that their actions were lawful and not in violation of any federal or state constitutional right.

### SIXTH AFFIRMATIVE DEFENSE

Defendant Marcotte did not intend to create in Plaintiff a reasonable apprehension of impending physical harm.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant Marcotte did not intentionally or unjustifiably use excessive or harmful force against Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff provoked Defendant Marcotte at the time of the alleged assault and battery.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any actual deprivation of rights secured by the Constitution or laws of either the United States or the Commonwealth.

### TENTH AFFIRMATIVE DEFENSE

Defendants were not deliberately indifferent to Plaintiff's medical needs.

### ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any injury or damage as alleged, such damage was caused by Plaintiff's own actions or omissions.

### TWELFTH AFFIRMATIVE DEFENSE

The damages alleged in Plaintiff's First Amended Complaint were directly and proximately caused by acts of a third person, which acts Defendants had no reason to anticipate and of which person Defendants had no knowledge and over whom they had no control.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any damages incurred by Plaintiff as alleged were the result of Plaintiff's own intentional conduct, and Plaintiff is therefore barred from recovery.

### FOURTEENTH AFFIRMATIVE DEFENSE

The damages alleged in Plaintiff's First Amended Complaint were the result of supervening and intervening causes unrelated to any acts of the defendants.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his alleged damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

The individual defendants at all times were motivated with neither an evil intent or motive, nor with a reckless or callous indifference, toward any of Plaintiff's protected rights.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Joint and several liability is not applicable to this case.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering pursuant to the public duty rule codified in Mass. Gen. Laws c. 258, § 10.

### NINETEENTH AFFIRMATIVE DEFENSE

At the time and place alleged in Plaintiff's Complaint, Plaintiff so carelessly and negligently conducted himself that he by his own negligence directly and proximately caused his own alleged damages.

### TWENTIETH AFFIRMATIVE DEFENSE

If the City was negligent, which negligence the City denies, Plaintiff's negligence was greater than the City's negligence, barring Plaintiff's recovery against the City, pursuant to Mass. Gen. Laws c. 231, § 85.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

If the City was negligent, which negligence the City denies, and if Plaintiff's negligence was not greater than the City's negligence, any recovery by Plaintiff shall be diminished in proportion to Plaintiff's negligence, pursuant to Mass. Gen. Laws c. 231, § 85.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's negligence claims in Counts VI and VIII are barred as a matter of law by Mass. Gen. Laws c. 258, § 10(j).

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's Count VII claim for negligent failure to examine was never presented to the City and is therefore barred.

WHEREFORE, Defendants pray that this Court enter judgment in their favor as follows:

1. that Plaintiff's First Amended Complaint be dismissed;
2. that Plaintiff take nothing by his Complaint; and
3. for such other and further relief as this Court deems proper, including costs and reasonable attorney's fees awarded to Defendant City of Worcester.

Defendants demand a trial by jury on all claims and issues so triable.

SHANE MARCOTTE, JASON FANION, DANIEL FALLON, III, JONATHAN COTTER, JAMES JOIHNSON, CARL SUPERNOR, and CITY OF WORCESTER

By their attorneys,

David M. Moore
City Solicitor


_/s/ Donald V. Rider, Jr.
Donald V. Rider, Jr. (BBO#549777)
Assistant City Solicitor
City Hall, Room 301
455 Main Street
Worcester, MA  01608
(508) 799-1161


**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I have served upon Plaintiff the within Defendants' Answer to Plaintiff's First Amended Complaint, by mailing a copy of the same, first class mail, postage prepaid, to John T. Landry, III, Esquire, Glynn, Landry, Harrington & Rice, 10 Forbes Road, Braintree, MA  02184-2605 this 30th day of September, 2005.

_/s/ Donald V. Rider, Jr.
Donald V. Rider, Jr.
Assistant City Solicitor