```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

                                              NO. 05CV10311-MLW
                                  )
CHARLES A. EVANGELISTA,           )
         Plaintiff                )
                                  )
v.                                )
                                  )   DEFENDANTS' STATEMENT ON
SHANE MARCOTTE, JASON FANION,     )   LEGAL REPRESENTATION
DANIEL FALLON, III, JONATHAN      )
COTTER, JAMES JOHNSON, CARL       )
SUPERNOR and CITY OF WORCESTER    )
         Defendants               )
                                  )
```

I.   INTRODUCTION.

As ordered by this Court (per Wolf, D.J.) at the Initial Scheduling Conference on September 8, 2005, Defendants Shane Marcotte, Jason Fanion, Daniel Fallon, III, Jonathan Cotter, James Johnson, Carl Supernor and the City of Worcester hereby submit the Statement on Legal Representation.

II. ANALYTICAL FRAMEWORK.

   A.   General.

The United States District Court for the District of Massachusetts has chosen to adopt the rules of attorney conduct formulated by the Commonwealth of Massachusetts. Welch v. Paicos, 26 F. Supp. 2d 244, 247 n.2 (D. Mass. 1998). "Local Rule 83.6(4)(B) incorporates 'those canons and rules adopted by the Supreme Judicial Court of Massachusetts, embodied in Rules 3:05, 3:07 and 3:08 of said court, as they may be amended from

time to time by said court, except as otherwise provided by specific rule of this court after consideration of comments by representatives within the Commonwealth.'" Id. (citing, in part, LR 83.6(4)(B)). Further,

> [a]cts or omissions by an attorney … that violate the ethical requirements and rules concerning the practice of law of the Commonwealth of Massachusetts, shall constitute misconduct and shall be grounds for discipline, whether or not the act or omission occurred in the course of an attorney-client relationship.

LR 83.6(4)(B).

B. <u>Conflict Of Interest</u>.

The Supreme Judicial Court's Rule 3:07, entitled Massachusetts Rules of Professional Conduct, sets forth in Rule 1.7 the general rule of professional conduct relative to a conflict of interest, as follows:

> **(a)** A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
>
> (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
>
> (2) each client consents after consultation.
>
> **(b)** A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
>
> (1) the lawyer reasonably believes the representation will not be adversely affected; and

> (2) the client consents after consultation.
> When representation of multiple clients in a single
> matter is undertaken, the consultation shall include
> explanation of the implications of the common
> representation and the advantages and risks involved.

Id. (emphasis in original).

Paragraph (b) of Rule 1.7 pertains to this case. "Simultaneous representation of parties whose interests in litigation may conflict, such as coplaintiffs or codefendants, is governed by paragraph (b)." Rule 1.7, Comment [7].[1] In construing paragraph (b), Comment [4] states in pertinent part:

> A possible conflict [of interest] does not preclude
> the representation. The critical questions are the
> likelihood that a conflict will eventuate and, if it
> does, whether it will materially interfere with the
> lawyer's independent professional judgment in
> considering alternatives or foreclose courses of
> action that reasonably should be pursued on behalf of
> the client.

Rule 1.7, Comment [4]. For example, "[a]n impermissible conflict may exist by reason of substantial discrepancy in the parties' testimony, incompatibility in positions in relation to an opposing party or the fact that there are substantially different possibilities of settlement of the claims or liabilities in question." Rule 1.7, Comment [7]. Still, "[t]he situation with respect to government lawyers is special, and public policy considerations may permit representation of conflicting interests in some circumstances when representation

---

[1] "Paragraph (a) prohibits representation of opposing parties in litigation." Rule 1.7, Comment [7]. Thus, paragraph (a) does not pertain to this case.

would be forbidden to a private lawyer." Rule 1.7, Comment [8A].

III. <u>ANALYSIS</u>.

The following analysis tracks Rule 1.7 of the Massachusetts Rules of Professional Conduct.

> A. <u>The undersigned counsel reasonably believes his representation of the individual-capacity police officers will not be adversely affected by his joint representation of the City of Worcester</u>.

The undersigned counsel is not presently aware of any reason why his representation of the individual-capacity police officers will be adversely affected by his joint representation of the City of Worcester. As reflected in Defendants' Answer (as well as in Defendants' Answer to Plaintiff's First Amended Complaint, filed herewith), it is the position of all the Defendants that Defendant Shane Marcotte did not kick Plaintiff; consequently, it is the position of all the Defendants that there was no alleged kicking incident to 'cover up' as alleged relative to the booking videotape. <u>Cf.</u> <u>Gonsalves v. City of New Bedford</u>, 939 F. Supp. 921, 925-28 (D. Mass. 1996)(discussing jury finding of intentional cover-up of constitutional violations by police). However, if, for example, at deposition a "substantial discrepancy in the parties' testimony" were to eventuate, Rule 1.7, Comment [7], then the undersigned counsel would likely have reason to believe that his representation of

the individual-capacity police officers would be adversely affected by his joint representation of the City of Worcester. See Massachusetts Rules of Professional Conduct, Rule 9.1(k)("'Reasonable belief' or 'reasonably believes' when used in reference to a lawyer denotes that the lawyer believes the matter in question and that the circumstances are such that the belief is reasonable.")[2]

Accordingly, the undersigned counsel reasonably believes his representation of the individual-capacity police officers will not be adversely affected by his joint representation of the City of Worcester.  If a situation were to arise wherein "a conflict will eventuate" and that that conflict "will materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client," Rule 1.7, Comment [4], then the undersigned counsel would assuredly act with dispatch to protect all affected defendants.

---

[2]  The undersigned counsel has also conferred with counsel for Plaintiff to inquire whether, based on the latter's investigation of the alleged incident, the latter is aware of any reason why the former's representation of the individual-capacity police officers will be adversely affected by his joint representation of the City of Worcester.  As a result of that conversation, the undersigned counsel remains unaware of any such reason.

> B. <u>The individual-capacity police officers have consented to the joint representation after consultation, which included explanation of the implications of the joint representation and the advantages and risks involved</u>.

"An inherent conflict of interest arises in a § 1983 action when co-defendants in a suit are a local government and police officers or other individuals [sued] in their individual capacity, as differing theories of liability and differing defenses are applicable to each defendant." <u>Manganella v. Keyes</u>, 613 F. Supp. 795, 797 (D. Conn. 1985).[3] In the § 1983 lawsuit at bar, the police officers have each been sued in both their individual and official capacities. Thus, there is an potential conflict of interest between those individual-capacity officers and the City of Worcester.[4] To address that potentiality, the <u>Manganella</u> Court ordered the municipality, in conformance with Connecticut statute, to submit affidavits of the defendant police officers "that they have been given notice of the potential conflict arising from the joint representation and that they have elected to retain joint representation,

---

[3] While <u>Manganella</u> cannot be said to be binding precedent on this Court, the <u>Manganella</u> Court's approach does offer persuasive reasoning on how to deal with the "inherent conflict of interest" in a § 1983 action suing both a local government as well as the individual-capacity police officers employed by that government.

[4] Although the police officers have also been sued in their official capacities, "the real party in interest in an official-capacity suit is the governmental entity and not the named official … .'" <u>Hafer v. Melo</u>, 502 U.S. 21, 25 (1991)(quoting <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985)(in turn quoting <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 694 (1978)).

6

thereby making an informed waiver of their right to separate counsel." Id. The Manganella Court noted that, had the defendants not filed a joint answer to the complaint in which they admitted that the officers had been acting within the scope of their duties at the time of the alleged incident, an irreconcilable conflict might have existed because "the municipality's interest would be to prove that the police officers were not acting within the scope of their duties, while the police officers' interest would be to prove that they were so acting." Id. at n.1.

Likewise in the case at bar, the defendants filed a joint answer to the complaint in which they admitted that the officers had been acting within the scope of their duties at the time of the alleged incident. See also Exhibit A, attached hereto, at first ¶ ("The alleged incident occurred during the course of and in the performance of my duties as a Worcester police officer."). Since there is thus no "irreconcilable conflict," the issue becomes whether the Defendant police officers "have been given notice of the potential conflict arising from the joint representation" and whether "they have elected to retain joint representation, thereby making an informed waiver of their right to separate counsel."

The undersigned counsel follows a typical routine after a civil rights lawsuit has been commenced, and that routine,

7

described below, was followed in this case. Prior to meeting with police officers named as defendants in a civil rights lawsuit, the undersigned counsel seeks to obtain a form, completed by each officer (as well as by the chief of police and the city manager), entitled, Request for [Worcester] Law Department Representation.[5] Attached hereto as "Exhibit A" are six (6) such forms. Four (4) of them (Defendants Marcotte, Fanion, Cotter and Supernor) were completed prior to the pertinent police officer's consultation with the undersigned attorney; the other two (2) of them (Defendants Fallon and Johnson) were completed after that consultation.[6] The undersigned counsel seeks to obtain these completed forms prior to meeting with the officers in an attempt to assure himself that each officer wishes to choose the Law Department to represent that officer in the civil rights lawsuit; from the undersigned counsel's experience, officers sometimes choose an attorney from one of the police unions to represent them in a civil rights lawsuit. At the meeting, the undersigned counsel often discusses the Request for Law Department Representation

---

[5]    These Requests are functionally akin to the affidavits required by the Manganella Court. If this Court so requires, affidavits can be secured here.

[6]    When the undersigned counsel meets with a police officer who has not yet completed his or her Request for Law Department Representation, the undersigned counsel advises such an officer that he or she should complete and return the Request form as soon as possible after the meeting. It was only in the course of preparing this Statement that the undersigned counsel realized Defendants Fallon and Johnson had not yet been completed and returned the Request form. They have now done so; see Exhibit A.

8

form with the officer. The undersigned counsel does specifically discuss the potential for a conflict of interest to arise during the course of a civil rights lawsuit, and the concomitant likelihood that that officer will need to retain his or her own private outside (i.e., non-Law Department) attorney; this is in keeping with the Request's language (Exhibit A, at third ¶) that the officer does "understand and agree that it at any time it is determined that my interests in this lawsuit conflict with those of the City of Worcester therein, the Law Department may withdraw as counsel for my defense and may recommend that I seek private outside counsel to defend me in this lawsuit."

Also at the meeting, the undersigned counsel does specifically advise the officer that the City of Worcester will not only be paying for the undersigned counsel's time while representing the officer, but that the City will also be indemnifying the officer for any settlement or judgment involving compensatory damages. See Mass. Gen. Laws c. 258, § 9 ("Public employers may indemnify public employees … from personal financial loss, all damages and expenses, including legal fees and costs, if any … by reason of any act or omission which constitutes a violation of the civil rights of any person under federal or state law.") This is in keeping with the various LR 16.1(D)(3) Certifications previously filed in this

9

case, certifying (at ¶ a) that the police officers and the undersigned counsel have conferred "with a view to establishing a budget for the costs of conducting the full course, and various alternative courses, of this litigation." Where, as here, "the municipality ultimately is liable for any damages, whether imposed against the officer or the municipality, the conflict of interest is greatly diminished." Manganella, 613 F. Supp. at 798 (emphasis supplied).[7]

Accordingly, the individual-capacity defendant police officers "have been given notice of the potential conflict arising from the joint representation and … have elected to retain joint representation, thereby making an informed waiver of their right to separate counsel." Manganella, 613 F. Supp. at 797. Pursuant to Rule 1.7(b)(2), the individual-capacity police officers have consented to the joint representation after consultation, which included explanation of the implications of the joint representation and the advantages and risks involved.

---

[7] Further, the undersigned counsel does speicifcally advise the officer that the City is not authorized by law to indemnify the officer for any settlement or judgment involving punitive damages. See Mass. Gen. Laws c. 258, § 9 ("No such employee … shall be indemnified under this section for violation of any such civil rights if he acted in a grossly negligent, willful or malicious manner.") The undersigned counsel has found no cases that enunciate a per se rule that, whenever there is a possibility of punitive damages in a civil rights lawsuit, there is an automatic conflict of interest requiring the individual capacity defendant to seek private counsel; indeed, were there such a per se rule, individual capacity defendant would 'always' be required to seek private counsel insofar as there is 'always' a possibility of punitive damages in a civil rights lawsuit. See also Rule 1.7, Comment [8A] ("The situation with respect to government lawyers is special, and public policy considerations may permit representation of conflicting interests in some circumstances when representation would be forbidden to a private lawyer.")

10

As stated above in connection with Rule 1.7(b)(1), if a situation were to arise wherein "a conflict will eventuate" and that that conflict "will materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client" Rule 1.7, Comment [4], then the undersigned counsel would assuredly act with dispatch to protect all affected defendants.

IV.  CONCLUSION.

For all the aforementioned reasons, the undersigned counsel respectfully submits that the requirements of Rule 1.7 of the Massachusetts Rules of Professional Conduct have been satisfied in order to afford his joint representation of the individual-capacity police officers and the City of Worcester.

Respectfully submitted,

SHANE MARCOTTE, JASON FANION, DANIEL FALLON, III, JONATHAN COTTER, JAMES JOIHNSON, CARL SUPERNOR, and CITY OF WORCESTER

By their attorneys,
David M. Moore
City Solicitor


_/s/ Donald V. Rider, Jr.
Donald V. Rider, Jr. (BBO#549777)
Assistant City Solicitor
City Hall, Room 301
455 Main Street
Worcester, MA  01608
(508) 799-1161

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I have served upon Plaintiff the within Defendants' Statement on Legal Representation by mailing a copy of the same, first class mail, postage prepaid, to John T. Landry, III, Esquire, Glynn, Landry, Harrington & Rice, 10 Forbes Road, Braintree, MA  02184-2605 this 30th day of September, 2005.


_/s/ Donald V. Rider, Jr.
Donald V. Rider, Jr.
Assistant City Solicitor

**EXHIBIT A**

SEP-30-2005 17:36   LAW DEPT CITY HALL   508 799 1163   P.02

REQUEST FOR LAW DEPARTMENT REPRESENTATION

TO:      CITY SOLICITOR
FROM: PO Shane Marcotte
RE:   Evangelista Case

I HEREBY REQUEST THAT THE WORCESTER LAW DEPARTMENT REPRESENT ME IN THE ABOVE ENTITLED COURT ACTION. THE ALLEGED INCIDENT OCCURRED DURING THE COURSE OF AND IN THE PERFORMANCE OF MY DUTIES AS A WORCESTER POLICE OFFICER.

I UNDERSTAND AND ACCEPT THAT THE WORCESTER LAW DEPARTMENT ALSO REPRESENTS THE INTERESTS OF THE DEFENDANT, CITY OF WORCESTER, IN THE SAME CASE. I FURTHER UNDERSTAND AND AGREE THAT THE PROVIDING OF SUCH LEGAL REPRESENTATION TO ME SHALL NOT COMMIT OR REQUIRE THE CITY OF WORCESTER TO PAY OR REIMBURSE ME FOR ANY DAMAGES THAT MAY BE CHARGED TO ME OTHER THAN AS REQUIRED BY LAW.

I UNDERSTAND AND AGREE THAT IF AT ANY TIME IT IS DETERMINED THAT MY INTERESTS IN THIS LAWSUIT CONFLICT WITH THOSE OF THE CITY OF WORCESTER THEREIN, THE LAW DEPARTMENT MAY WITHDRAW AS COUNSEL FOR MY DEFENSE AND MAY RECOMMEND THAT I SEEK PRIVATE OUTSIDE COUNSEL TO DEFEND ME IN THIS LAWSUIT.

_SLM Marcotte_        _4-4-05_
EMPLOYEE                     DATE


RECOMMENDED:
_Paul F Campbell Police Chief 4-5-05_
DEPARTMENT HEAD          DATE


APPROVED:
_____ _4/12/05_
CITY MANAGER                 DATE

REQUEST FOR LAW DEPARTMENT REPRESENTATION

TO:     CITY SOLICITOR
FROM:   Police Officer Jason Fanion
RE:     Request for Representation

I HEREBY REQUEST THAT THE WORCESTER LAW DEPARTMENT REPRESENT ME
IN THE ABOVE ENTITLED COURT ACTION. THE ALLEGED INCIDENT
OCCURRED DURING THE COURSE OF AND IN THE PERFORMANCE OF MY
DUTIES AS A WORCESTER POLICE OFFICER.

I UNDERSTAND AND ACCEPT THAT THE WORCESTER LAW DEPARTMENT ALSO
REPRESENTS THE INTERESTS OF THE DEFENDANT, CITY OF WORCESTER, IN
THE SAME CASE. I FURTHER UNDERSTAND AND AGREE THAT THE
PROVIDING OF SUCH LEGAL REPRESENTATION TO ME SHALL NOT COMMIT OR
REQUIRE THE CITY OF WORCESTER TO PAY OR REIMBURSE ME FOR ANY
DAMAGES THAT MAY BE CHARGED TO ME OTHER THAN AS REQUIRED BY LAW.

I UNDERSTAND AND AGREE THAT IF AT ANY TIME IT IS DETERMINED THAT
MY INTERESTS IN THIS LAWSUIT CONFLICT WITH THOSE OF THE CITY OF
WORCESTER THEREIN, THE LAW DEPARTMENT MAY WITHDRAW AS COUNSEL
FOR MY DEFENSE AND MAY RECOMMEND THAT I SEEK PRIVATE OUTSIDE
COUNSEL TO DEFEND ME IN THIS LAWSUIT.

_____  04/11/05
EMPLOYEE                       DATE

RECOMMENDED:
_____  3-29-05
DEPARTMENT HEAD                DATE

APPROVED:
_____  4/4/05
CITY MANAGER                   DATE

REQUEST FOR LAW DEPARTMENT REPRESENTATION

TO:     CITY SOLICITOR

FROM:   P.O. Daniel Fallon III

RE:     Evangelista

I HEREBY REQUEST THAT THE WORCESTER LAW DEPARTMENT REPRESENT E
IN THE ABOVE ENTITLED COURT ACTION. THE ALLEGED INCIDENT
OCCURRED DURING THE COURSE OF AND IN THE PERFORMANCE OF MY
DUTIES AS A WORCESTER POLICE OFFICER.

I UNDERSTAND AND ACCEPT THAT THE WORCESTER LAW DEPARTMENT AL S
REPRESENTS THE INTERESTS OF THE DEFENDANT, CITY OF WORCESTER, IN
THE SAME CASE. I FURTHER UNDERSTAND AND AGREE THAT THE
PROVIDING OF SUCH LEGAL REPRESENTATION TO ME SHALL NOT COMMIT OR
REQUIRE THE CITY OF WORCESTER TO PAY OR REIMBURSE ME FOR ANY
DAMAGES THAT MAY BE CHARGED TO ME OTHER THAN AS REQUIRED BY .. V.

I UNDERSTAND AND AGREE THAT IF AT ANY TIME IT IS DETERMINED  AT
MY INTERESTS IN THIS LAWSUIT CONFLICT WITH THOSE OF THE CITY
WORCESTER THEREIN, THE LAW DEPARTMENT MAY WITHDRAW AS COUNSE .
FOR MY DEFENSE AND MAY RECOMMEND THAT I SEEK PRIVATE OUTSIDE
COUNSEL TO DEFEND ME IN THIS LAWSUIT.

_____  09-30-05
EMPLOYEE                 DATE


RECOMMENDED:
ADC Paul F Campbell  09-30-05
DEPARTMENT HEAD      DATE



_____
CITY MANAGER             DATE

REQUEST FOR LAW DEPARTMENT REPRESENTATION

TO: CITY SOLICITOR

FROM: P.O. Jonathan M. Cotter

RE: Evangelista vs. Marcotte et. all

I HEREBY REQUEST THAT THE WORCESTER LAW DEPARTMENT REPRESENT M
IN THE ABOVE ENTITLED COURT ACTION. THE ALLEGED INCIDENT
OCCURRED DURING THE COURSE OF AND IN THE PERFORMANCE OF MY
DUTIES AS A WORCESTER POLICE OFFICER.

I UNDERSTAND AND ACCEPT THAT THE WORCESTER LAW DEPARTMENT ALSO
REPRESENTS THE INTERESTS OF THE DEFENDANT, CITY OF WORCESTER,
THE SAME CASE. I FURTHER UNDERSTAND AND AGREE THAT THE
PROVIDING OF SUCH LEGAL REPRESENTATION TO ME SHALL NOT COMMIT
REQUIRE THE CITY OF WORCESTER TO PAY OR REIMBURSE ME FOR ANY
DAMAGES THAT MAY BE CHARGED TO ME OTHER THAN AS REQUIRED BY LAW

I UNDERSTAND AND AGREE THAT IF AT ANY TIME IT IS DETERMINED THA
MY INTERESTS IN THIS LAWSUIT CONFLICT WITH THOSE OF THE CITY OF
WORCESTER THEREIN, THE LAW DEPARTMENT MAY WITHDRAW AS COUNSEL
FOR MY DEFENSE AND MAY RECOMMEND THAT I SEEK PRIVATE OUTSIDE
COUNSEL TO DEFEND ME IN THIS LAWSUIT.

P.O. Jonathan M. Cotter   4/1/05
---------------------------------
EMPLOYEE                   DATE

RECOMMENDED:
_Paul F. Campbell AVC_
DEPARTMENT HEAD      DATE
                     4-1-05

APPROVED:
_[signature]_____ 4/5/05
CITY MANAGER         DATE

REQUEST FOR LAW DEPARTMENT REPRESENTATION

TO:     CITY SOLICITOR

FROM:   Sgt. James Johnson

RE:     Evangelista

I HEREBY REQUEST THAT THE WORCESTER LAW DEPARTMENT REPRESENT M
IN THE ABOVE ENTITLED COURT ACTION. THE ALLEGED INCIDENT
OCCURRED DURING THE COURSE OF AND IN THE PERFORMANCE OF MY
DUTIES AS A WORCESTER POLICE OFFICER.

I UNDERSTAND AND ACCEPT THAT THE WORCESTER LAW DEPARTMENT ALSO
REPRESENTS THE INTERESTS OF THE DEFENDANT, CITY OF WORCESTER, N
THE SAME CASE. I FURTHER UNDERSTAND AND AGREE THAT THE
PROVIDING OF SUCH LEGAL REPRESENTATION TO ME SHALL NOT COMMIT  R
REQUIRE THE CITY OF WORCESTER TO PAY OR REIMBURSE ME FOR ANY
DAMAGES THAT MAY BE CHARGED TO ME OTHER THAN AS REQUIRED BY LA .

I UNDERSTAND AND AGREE THAT IF AT ANY TIME IT IS DETERMINED TH T
MY INTERESTS IN THIS LAWSUIT CONFLICT WITH THOSE OF THE CITY  
WORCESTER THEREIN, THE LAW DEPARTMENT MAY WITHDRAW AS COUNSEL
FOR MY DEFENSE AND MAY RECOMMEND THAT I SEEK PRIVATE OUTSIDE
COUNSEL TO DEFEND ME IN THIS LAWSUIT.

_____  09/28/05
EMPLOYEE                   DATE

RECOMMENDED:
_ADC. Paul F Campbell_ 09/29/05
DEPARTMENT HEAD            DATE

_____
CITY MANAGER               DATE

REQUEST FOR LAW DEPARTMENT REPRESENTATION

TO:     CITY SOLICITOR

FROM:   Carl Supernor

RE:     Evangelista

I HEREBY REQUEST THAT THE WORCESTER LAW DEPARTMENT REPRESENT M
IN THE ABOVE ENTITLED COURT ACTION. THE ALLEGED INCIDENT
OCCURRED DURING THE COURSE OF AND IN THE PERFORMANCE OF MY
DUTIES AS A WORCESTER POLICE OFFICER.

I UNDERSTAND AND ACCEPT THAT THE WORCESTER LAW DEPARTMENT ALSO
REPRESENTS THE INTERESTS OF THE DEFENDANT, CITY OF WORCESTER,
THE SAME CASE. I FURTHER UNDERSTAND AND AGREE THAT THE
PROVIDING OF SUCH LEGAL REPRESENTATION TO ME SHALL NOT COMMIT
REQUIRE THE CITY OF WORCESTER TO PAY OR REIMBURSE ME FOR ANY
DAMAGES THAT MAY BE CHARGED TO ME OTHER THAN AS REQUIRED BY LAW.

I UNDERSTAND AND AGREE THAT IF AT ANY TIME IT IS DETERMINED TH
MY INTERESTS IN THIS LAWSUIT CONFLICT WITH THOSE OF THE CITY O
WORCESTER THEREIN, THE LAW DEPARTMENT MAY WITHDRAW AS COUNSEL
FOR MY DEFENSE AND MAY RECOMMEND THAT I SEEK PRIVATE OUTSIDE
COUNSEL TO DEFEND ME IN THIS LAWSUIT.

_Carl Supernor_    4/8/05
EMPLOYEE           DATE


RECOMMENDED:
_____  4/11/05
DEPARTMENT HEAD    DATE


APPROVED: _____
_____
CITY MANAGER       DATE