```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

                                              NO. 05CV10311-MLW
                                    )
CHARLES A. EVANGELISTA,             )
          Plaintiff                 )
                                    )
v.                                  )
                                    )    DEFENDANTS' SUPPLEMENTAL
SHANE MARCOTTE, JASON FANION,       )    STATEMENT ON LEGAL
DANIEL FALLON, III, JONATHAN        )    REPRESENTATION
COTTER, JAMES JOHNSON, CARL         )
SUPERNOR and CITY OF WORCESTER      )
          Defendants                )
                                    )
```

I.    INTRODUCTION.

As ordered by this Court (per Wolf, D.J.) on October 21, 2005, Defendants Shane Marcotte, Jason Fanion, Daniel Fallon, III, Jonathan Cotter, James Johnson and Carl Supernor hereby submit the Supplemental Statement on Legal Representation. The original Statement had addressed the possible conflict of interest between the individual defendants and the City of Worcester. This Supplemental Statement addresses the possible conflict among the individual defendants themselves.

II. ANALYTICAL FRAMEWORK.

The Supplemental Statement incorporates herein by reference the section in the original Statement entitled Analytical Framework (at pp. 1-4), including the general framework (at pp. 1-2) as well as the conflict of interest framework (at pp. 2-4).

III. <u>ANALYSIS</u>.

The following analysis tracks Rule 1.7 of the Massachusetts Rules of Professional Conduct.

   A.  <u>The undersigned counsel reasonably believes his representation of any individual-capacity police officer will not be adversely affected by his joint representation of any other individual-capacity police officer</u>.

The undersigned counsel is not presently aware of any reason why his representation of any individual-capacity police officer will be adversely affected by his joint representation of any other any individual-capacity police officer. As reflected in Defendants' Answer to Plaintiff's First Amended Complaint, it is the position of all the Defendants that Defendant Shane Marcotte did not kick Plaintiff; consequently, it is the position of all the Defendants that there was no alleged kicking incident to 'cover up' as alleged relative to the booking videotape. <u>Cf.</u> <u>Gonsalves v. City of New Bedford</u>, 939 F. Supp. 921, 925-28 (D. Mass. 1996)(discussing jury finding of intentional cover-up of constitutional violations by police). However, if, for example, at deposition a "substantial discrepancy in the parties' testimony" were to eventuate, Rule 1.7, Comment [7], then the undersigned counsel might have reason to believe that his representation of an individual-capacity police officer would be adversely affected by his joint representation of another individual-capacity police officer.

See Massachusetts Rules of Professional Conduct, Rule 9.1(k)("'Reasonable belief' or 'reasonably believes' when used in reference to a lawyer denotes that the lawyer believes the matter in question and that the circumstances are such that the belief is reasonable.").

Accordingly, the undersigned counsel reasonably believes his representation of any individual-capacity police officer will not be adversely affected by his joint representation of any other individual-capacity police officer. If a situation were to arise wherein "a conflict will eventuate" and that that conflict "will materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client," Rule 1.7, Comment [4], then the undersigned counsel would assuredly act with dispatch to protect all affected defendants.

> B. <u>The individual-capacity police officers have consented to their joint representation after consultation, which included explanation of the implications of the joint representation and the advantages and risks involved</u>.

The undersigned counsel follows a typical routine after a civil rights lawsuit has been commenced. That routine, as described in the original Statement, was followed in this case. In particular, the original Statement described how the undersigned meets with police officers named as defendants in a

civil rights lawsuit. At the meeting, the undersigned counsel specifically advises the officer that the City of Worcester will not only be paying for the undersigned counsel's time while representing the officer, but that the City will also be indemnifying the officer for any settlement or judgment involving compensatory damages. See Mass. Gen. Laws c. 258, § 9 ("Public employers may indemnify public employees … from personal financial loss, all damages and expenses, including legal fees and costs, if any … by reason of any act or omission which constitutes a violation of the civil rights of any person under federal or state law.") This is in keeping with the various LR 16.1(D)(3) Certifications previously filed in this case, certifying (at ¶ a) that the police officers and the undersigned counsel have conferred "with a view to establishing a budget for the costs of conducting the full course, and various alternative courses, of this litigation." Where, as here, "the municipality ultimately is liable for any damages, whether imposed against the officer or the municipality, the conflict of interest is greatly diminished." Manganella v. Keyes, 613 F. Supp. 795, 798 (D. Conn. 1985).[1]

---

[1] Further, the undersigned counsel does specifically advise the officer that the City is not authorized by law to indemnify the officer for any settlement or judgment involving punitive damages. See Mass. Gen. Laws c. 258, § 9 ("No such employee … shall be indemnified under this section for violation of any such civil rights if he acted in a grossly negligent, willful or malicious manner.") The undersigned counsel has found no cases that enunciate a per se rule that, whenever there is a possibility of punitive damages in a civil rights lawsuit, there is an automatic conflict of

Also at that meeting, the undersigned specifically discusses the potential for a conflict of interest to arise during the course of a civil rights lawsuit, and the concomitant likelihood that that officer will need to retain his or her own private outside (i.e., non-Law Department) attorney. That discussion generally focuses explicitly on the potential for a conflict of interest to arise as between an officer and the City of Worcester; this tracks the Requests for Law Department Representation (attached as "Exhibit A" to the original Statement). But as those Requests for Law Department Representation have heretofore read, there is no language regarding the potential for a conflict of interest to arise as between one officer and another. Nonetheless, when meeting with a given officer, the undersigned generally mentions to that officer the potential for a conflict of interest to arise as between that officer and another. Moreover, if a given officer were to provide information at the meeting that creates or tends to create a conflict with information provided by another officer, the undersigned would advise one, and probably both,

---

interest requiring the individual capacity defendant to seek private counsel; indeed, were there such a per se rule, individual capacity defendants would 'always' be required to seek private counsel insofar as there is 'always' a possibility of punitive damages in a civil rights lawsuit. See also Rule 1.7, Comment [8A] ("The situation with respect to government lawyers is special, and public policy considerations may permit representation of conflicting interests in some circumstances when representation would be forbidden to a private lawyer.")

5

officers involved that they would need to secure their own private (i.e., non-Law Department) legal counsel.

Nonetheless, to doubly ensure that there are no misunderstandings among the police officers named as defendants in this case, the undersigned has taken steps to arrange another meeting with the officers so as to further explain the implications of the joint representation and the advantages and risks involved.  At that meeting, the undersigned will ask that the officers each review and, if they so choose, sign the attached Request for Law Department Representation, which has been modified so as to contain language regarding the potential for a conflict of interest to arise as between one officer and another.  (See "Exhibit 1," attached hereto.)  Those signed Requests, as modified, will be promptly filed with the Court under separate cover.

In the meantime, as stated above in connection with Rule 1.7(b)(1), if a situation were to arise wherein "a conflict will eventuate" and that that conflict "will materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client" Rule 1.7, Comment [4], then the undersigned counsel would assuredly act with dispatch to protect all affected defendants.

IV.  <u>CONCLUSION</u>.

For all the aforementioned reasons, the undersigned counsel respectfully submits that the requirements of Rule 1.7 of the Massachusetts Rules of Professional Conduct have been satisfied in order to afford his joint representation of the various individual-capacity police officers; and that this Supplemental Statement will promptly be further supplemented with modified Requests for Legal Representation to reflect the same.

```
                              Respectfully submitted,

                              SHANE MARCOTTE, JASON FANION,
                              DANIEL FALLON, III, JONATHAN
                              COTTER, JAMES JOHNSON and CARL
                              SUPERNOR

                              By their attorneys,
                              David M. Moore
                              City Solicitor


                              _/s/Donald V. Rider, Jr._____
                              Donald V. Rider, Jr. (BBO#549777)
                              Assistant City Solicitor
                              City Hall, Room 301
                              455 Main Street
                              Worcester, MA  01608
                              (508) 799-1161
```

**CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that I have served upon Plaintiff the within Defendants' Supplemental Statement on Legal Representation by mailing a copy of the same, first class mail, postage prepaid, to John T. Landry, III, Esquire, Glynn, Landry, Harrington & Rice, 10 Forbes Road, Braintree, MA  02184-2605 this _21st_ day of November, 2005.


                                          _/s/Donald V. Rider, Jr.
                                          Donald V. Rider, Jr.
                                          Assistant City Solicitor