UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHARLES A. EVANGELISTA,<br>      Plaintiff<br><br>v.<br><br>SHANE MARCOTTE, JASON FANION,<br>DANIEL FALLON, III, JONATHAN<br>COTTER, JAMES JOHNSON, CARL<br>SUPERNOR and CITY OF WORCESTER<br>      Defendants | CIVIL ACTION NO.<br>05-CV-10311-MLW |

**JOINT REQUEST FOR A PROTECTIVE ORDER**

Now come the parties to the above-entitled action who hereby stipulate and agree to be bound by the terms of this protective order and to ask the Court to enter it as an order in this matter:

**PROTECTIVE ORDER**

1. Incident reports, IDC reports, documents created in the course of the City of Worcester Police Department Internal Affairs Division investigation of the incident that is the subject of Plaintiff's Complaint, the Internal Affairs Division report, including the analysis and conclusions contained therein, and any document identifying detainees of the City of Worcester Police Department, or containing information pertaining to detainees, provided by Defendants to Plaintiff in discovery in this case are subject to this protective order.

2. Plaintiff shall not disclose any documents subject to this protective order and the documents and confidential information

contained in the documents shall not be used for any purpose other than in connection with the preparation for trial and litigation of this case.

    3.    Documents and information designated as confidential may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; persons who are working for counsel to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or of the confidential information contained therein; to parties or representatives of the parties who are assisting counsel in the conduct of the litigation; and to court officials involved in this litigation (including court reporters, and any special master appointed by the Court). Such documents may also be disclosed to outside consultants or experts retained for the purpose of assisting counsel in the litigation. Disclosure to the individuals noted above, however, is conditioned upon each individual to whom disclosure is to be made signing and providing to opposing counsel a form containing:

        (a)    a recital that the signatory has read and understands this Order;

        (b)    a recital that the signatory understands that unauthorized disclosures of the documents or information designated as confidential may constitute contempt of Court; and

        (c)    a statement that the signatory consents to the exercise of personal jurisdiction by this Court.

Employees of parties (or third party contractors) involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system need not sign such a form although they shall be informed of the existence of this Order.  The party who discloses the information to that employee or contractor shall then be responsible for any breach of this Order.

    4.   If any party other than the producing party intends to give, show, or make available such confidential material to persons other than those referenced in paragraph 3, such party shall notify counsel for the producing party, in writing, of such intent, and identify the name, title, and relationship of the person or persons to whom disclosure is intended.  Counsel for the producing party shall have seven (7) business days from the date of receipt of such statement to object in writing, in good faith, to any such disclosure.  Upon such valid and timely objection, the material deemed "confidential" shall not be disclosed prior to informal or judicial resolution of the objection as promptly as possible.

    5.   A deponent may during the deposition be shown, and examined about, documents or information designated as confidential.  Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in paragraph 3(b).  A deponent who is not a party or a representative of

a party shall be informed of this Order before being examined about, or asked to produce, potentially confidential documents.

6. If another Court or an administrative agency subpoenas or orders production of stamped confidential documents or information subject to the terms of this Order, such party shall promptly notify the Defendants of the pendency of such subpoena or order.

7. In the event that such confidential information is used in any Court proceeding, it shall not lose its confidential status through such use and the parties shall take all steps necessary to protect its confidentiality during such use in compliance with this Order.

8. This Order is limited to the pre-trial phase of this litigation and issues relating to confidentiality and public access to information presented at trial will be addressed separately, if necessary.

9. Within sixty (60) days after the final conclusion of this litigation including any appeals, the parties will return to the City of Worcester or destroy, at the City of Worcester's option, all documents and copies of documents produced to it during this litigation and designated as confidential pursuant to this Order.

| | |
|---|---|
| The Plaintiff,<br>CHARLES A. EVANGELISTA | The Defendants,<br>SHANE MARCOTTE, JASON FANION, DANIEL FALLON, III, JONATHAN COTTER, JAMES JOHNSON, CARL SUPERNOR and the CITY OF WORCESTER |
| By his attorneys, | By their attorneys, |
| Glynn, Landry,<br>Harrington & Rice | David M. Moore<br>City Solicitor |
| /s/ William T. Harrington<br>John T. Landry, III, Esq.<br>(BBO# 544388)<br>William T. Harrington, Esq.<br>(BBO# 564445)<br>10 Forbes Road<br>Braintree, MA  02184-2605<br>(781) 356-1399 | /s/ Wendy L. Quinn_____<br>Wendy L. Quinn<br>(BBO#653954)<br>Janet J. McGuiggan<br>(BBO#630013)<br>Assistant City Solicitors<br>City Hall, Room 301<br>455 Main Street<br>Worcester, MA  01608<br>(508) 799-1161 |
| Dated: | _____<br>Hon. Mark L. Wolf, Chief Judge |