UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHARLES A. EVANGELISTA,        )<br>        Plaintiff                                  )<br>                                                      )<br>v.                                                  )<br>                                                      )<br>SHANE MARCOTTE, JASON FANION,  )<br>DANIEL FALLON, III, JONATHAN COTTER, )<br>JAMES JOHNSON, CARL SUPERNOR, and )<br>THE CITY OF WORCESTER,                )<br>        Defendants                            )<br>                                                      ) | CIVIL ACTION<br>NO. 05-CV-10311-MLW |

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION
OF DOCUMENTS AND FURTHER ANSWERS TO INTERROGATORIES
FROM DEFENDANT CITY OF WORCESTER**

Pursuant to Fed. R. Civ. P. 37, the Plaintiff, Charles A. Evangelista ("Evangelista"), respectfully requests that this Court compel the defendant, the City of Worcester (the "City"), to produce certain documents and information concerning the disciplinary history of the individual defendants, documents concerning other incidents, internal affairs investigations, and lawsuits involving allegations of police mistreatment of arrestees, and documents concerning other incidents where the Worcester Police Department ("WPD") has erased or otherwise destroyed the videotape of a booking. In support, Evangelista states as follows:

This is a civil rights action whereby Evangelista is asserting federal and state claims against the City and various WPD police officers resulting from the excessive force used against him while he was in custody following his arrest on March 16, 2003. Specifically, Evangelista alleges that, during the booking procedure following his arrest,

several WPD officers, without justification, took him down to the ground and then dragged him toward his cell when one of the officers stomped on Evangelista's lower stomach. The stomping upon his stomach ruptured his bladder. He further alleges that, later, after urinating blood, he repeatedly called for medical assistance to no avail. Following his release from WPD custody several hour later, he underwent emergency surgery for a ruptured bladder and remained hospitalized for ten days. It is undisputed that the booking was videotaped. However, unfortunately, and highly suspiciously, immediately following Evangelista's booking, the WPD rewound the videotape such that it was taped over when the next booking was taped. The City claims that the taping over of the booking video was inadvertent. The City also takes the position that no officer struck Evangelista on the night in question, although it does admit that the officers did drag Evangelista to his cell.

The parties have exchanged written discovery and the City has produced documents respecting the incident in question, including the internal affairs investigations documents for this incident (the conclusion was that the allegation of police misconduct was not sustained). The City has also produced copies of various WPD polices respecting the treatment of prisoners and the use of force.

However, the City has refused to produce any documents concerning the personnel files of the individual defendants and the disciplinary history of the individual defendants. The City has also refused to produce any documents or information concerning other complaints, lawsuits, and/or internal affairs

2

investigations concerning alleged police mistreatment of arrestees or destruction of booking tapes.

By this Motion, Evangelista seeks an Order compelling the City to produce, within ten (10) days of the Order, the following documents and information:

1. A complete copy of the personnel files of each of the individual defendants, including all records of all disciplinary actions taken against any of the individual defendants and all records concerning all complaints/investigations, including Internal Affairs Investigations/Complaints with respect to which any of the individual defendants was alleged to have engaged in misconduct.

2. The production of a document, in the form of a supplemental answer to Interrogatory No. 10(a), that lists in chronological order from the date of complaint, each and every Internal Affairs complaint/investigation involving an allegation against the WPD or any officer thereof concerning the use or alleged use of excessive force and/or the mistreatment of an arrestee/detainee at any time since January 1, 1993. Such answer shall provide the full name, and last known address of the complainant (and alleged victim if different), the date of the alleged incident, the date of the complaint, a general description of the nature of the allegation, the result of the Internal Affairs investigation (sustained, not sustained, etc.), the date the Internal Affairs investigation was complete, the WPD officer who drafted the Internal Affairs investigation report, and, to the extent any of the individual defendants were alleged to have committed any wrongdoing and/or were asked to submit a written report on the incident in question, the name of each and every such individual defendant. Upon

production of such document, Evangelista will have fourteen days (14) to provide a list of such Internal Affairs complaints/investigations with respect to which he wishes to have a copy of the complete file.  If Evangelista believes the City's listing document does not comply with this Order, he can request a corrected document within fourteen days and, during the time for such request and the City's written response and the pendency of any Motion to Compel, the fourteen day period for Evangelista to make his request for files is stayed.  With respect to any requested Internal Affairs complaint/investigations information that the City believes should not be produced, the City shall file for a Protective Order within fourteen days of receipt of such request.  The complete file of each Internal Affairs complaint/investigation not objected to by the City by way of a Motion for a Protective Order must be produced to Evangelista within fourteen days of such request.  All documents produced are subject to the Protective Order, dated March 14, 2005.

      3.      With respect to each and every lawsuit filed against any of the individual defendants alleging the use of excessive force and/or mistreatment of an arrestee/detainee, a copy of the most recently filed complaint/amended complaint, all answers to the complaint by the City and any WPD officers, all answers to interrogatories and written response to documents requests by the City and any individual WPD officers, any court order(s) dismissing the complaint and/or granting judgment; any settlement agreement and release, and any judgment.  The production of any settlement agreement or release shall be subject to the Protective Order, dated March 14, 2005.

4.	With respect to each and every lawsuit filed against the City and/or any of the individual defendants since January 1, 1993 involving the loss, erasure or destruction of a videotape or audiotape at any time since January 1, 1993, a copy of the most recently filed complaint/amended complaint, all answers to the complaint by the City and any WPD officers, all answers to interrogatories and written response to documents requests by the City and any individual WPD officers, any court order(s) dismissing the complaint and/or granting judgment; any settlement agreement and release, and any judgment.  The production of any settlement agreement or release shall be subject to the Protective Order, dated March 14, 2005.

Evangelista states that such information and documentation is relevant to the claims at issue and is reasonably calculated to lead to admissible evidence and that its production will neither be unduly burdensome to the City nor significantly implicate the privacy interests of the City and the individual defendants.

In further support of this Motion, Evangelista refers to his Supporting Memorandum of Law, and attached exhibits, being filed herewith.

WHEREFORE, the plaintiff, Charles Evangelista, respecting requests that this Court enter an order, in the form substantially the same as the proposed Order being submitted herewith, compelling the City of Worcester to produce the documents and information set forth above within ten (10) of such Order.

Respectfully submitted:

CHARLES A. EVANGELISTA

By his attorneys:

*/s/ William T. Harrington*
John T. Landry, III (BBO NO. 544388)
William T. Harrington (BBO No. 564445)
Glynn, Landry, Harrington & Rice, LLP
10 Forbes Road, Suite 270
Braintree, MA 02184-2605
(781) 356-1399

Dated: August 16, 2006

## LOCAL RULE 37.1(B) CERTIFICATION

Pursuant to Local Rule 37.1(B), I herby certify that I, counsel for the plaintiff, conferred with counsel for the City, Assistant City Solicitor Wendy Quinn, via telephone on June 7, 2006 in an effort to narrow the issues in dispute as set forth in my May 31, 2006 letter and that, with the exception of the City's agreement to supplement its answer to Document Request No. 19 to state that it has no responsive documents within its possession, custody or control, the City re-iterated its position as set forth in its Response to Plaintiff's First Request for Production of Documents. I also sent a follow-up e-mail on August 1, 2006 that also raised an issue with the City's Answer to Interrogatory No. 10, which requested similar information to the disputed Document Requests. Counsel never responded to my e-mail and, given the circumstances, I treated this as a re-iteration of the City's position that information on other complaints and incidents need not be produced.

*/s/ William T. Harrington*
William T. Harrington

LOCAL RULE 7.1(A)(2) CERTIFICATION

Pursuant to Local Rule 7.1(A)(2), I hereby certify that I have conferred in good faith with counsel for the defendant in an attempt to resolve the issues that are the subject of this motion.

/s/ William T. Harrington
William T. Harrington

CERTIFICATE OF SERVICE

I hereby certify that, on August 16, 2006, I filed this document with the Court electronically via the Court's CM/ECF system and that I served a copy of this documents upon each counsel and party who has appeared in the action but who has not signed up to receive electronic notice, serving a copy by first class mail.

/s/ William T. Harrington
William T. Harrington