UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

———————————————————————
)
CHARLES A. EVANGELISTA ,                          )
               Plaintiff                  )
)
v.                                                )        CIVIL ACTION
)        NO. 05-CV-10311-MLW
SHANE MARCOTTE, JASON FANION,                     )
DANIEL FALLON, III, JONATHAN COTTER, )
JAMES JOHNSON, CARL SUPERNOR, and     )
THE CITY OF WORCESTER,                            )
               Defendants                 )
———————————————————————
)

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES FROM DEFENDANT CITY OF WORCESTER

In support of his Motion to Compel Production of Documents and Answers to Interrogatories (the "Motion"), Plaintiff Charles A. Evangelista ("Evangelista") hereby states as follows:

## FACTUAL BACKGROUND

In this civil rights action, Evangelista asserts federal and state law claims against the City of Worcester (the "City") and various of its police officers resulting from the excessive force used against him while he was in police custody following his arrest on March 16, 2003.

Specifically, Evangelista alleges that, on March 16, 2003, at approximately 8:00 p.m., he was arrested by the Worcester Police Department ("WPD") on a charge of being a disorderly person.  *See First Amended Complaint, Document. No. 17, ¶ 11.*  He was subsequently brought to the Worcester Police station and was placed in a holding cell.

*Id. at ¶ 12.* At approximately 9:15 p.m., Evangelista was brought by Defendant Fallon from this holding cell to a room where detainees were booked. *Id. at ¶ 13.* As part of the booking process, Evangelista was directed to remove his shoes and belt and to stand against a wall to be photographed. *Id. at ¶ 15.* As Evangelista was removing his shoes, two Worcester Police officers, defendants Fallon and Cotter, without provocation, knocked Evangelista's legs out from under him, causing him to fall to the floor. *Id. at ¶ 16.* After Evangelista fell to the floor, several of the officers grabbed hold of Evangelista and forcibly dragged him out of the booking room into a hallway. *Id. at ¶ 17.* Defendants Marcotte and Fanion each took hold of Evangelista's feet, elevated them, and then dragged Evangelista feet first down the hallway towards the area of jail cells. *Id. at ¶ 18.* As they approached the door leading to the jail cells, Defendant Marcotte, without provocation or justification, struck Evangelista in the abdomen with a shod foot, with force so great that it caused Evangelista's bladder to rupture. *Id. at ¶ 19.*

The entire booking of Evangelista, including his being dragged and beaten, was captured on the videotape system utilized by the WPD at the time of the incident. *Id. at ¶ 23.* Immediately following the beating of Evangelista, defendant Johnson, aware that the incident had likely been caught on videotape, called and spoke to the operator of the videotape, police officer Scott Calhoun, and then subsequently spoke to Calhoun's supervisor, defendant Supernor. *Id. at ¶ 24.* Prior to the videotaping of the next booking that night, and within minutes of the beating of Evangelista, defendant Supernor reviewed the booking tape, observed the tape of the incident, and then caused the videotape of the Evangelista booking to be erased in its entirety. *Id. at ¶ 25.*

Defendant Supernor also failed to report the incident, and failed to make any attempt to determine whether the Evangelista had been injured. *Id.*

While Evangelista was detained in his jail cell, he urinated blood. *Id. at ¶ 29.* Upon observing the blood in his urine, Evangelista repeatedly shouted through the bars of his cell that he was hurt and needed medical attention. *Id.* Notwithstanding his repeated requests, Evangelista was not afforded any medical attention by the WPD. *Id. at ¶ 30.*

At approximately 12:50 a.m. on March 17, 2003, Evangelista posted bail and was released from custody. *Id. at ¶ 31.* Evangelista was brought to the University of Massachusetts Medical Center by a friend, where he underwent emergency surgery for his ruptured bladder. *Id. at ¶ 32.*

By his complaint, Evangelista is not only seeking recovery from defendant Marcotte for excessive force, but also is asserting federal civil rights claims against the other officers for failing to intervene to prevent Marcotte's beating of him and for engaging in a cover-up of the incident (*Id. at ¶¶ 43-48).* Evangelista also asserts claims against the City for failing to properly supervise and/or discipline the officers involved. In support, the Complaint alleges, *inter alia,* that, at the time of the incident, the City knew of numerous incidents wherein WPD officers had used or were accused of using excessive force and that the *de facto* policy of the WPD was not to report injuries to detainees or incidents of police misconduct. *Id. at ¶¶ 52-53.*

## PROCEDURAL BACKGROUND

This lawsuit was commenced on February 16, 2005.  On November 2, 2005, Evangelista propounded his First Set of Interrogatories and First Request for Production of Documents upon the City.  On March 22, 2006, the City provided written answers to each and provided some responsive documents.  The City's written Response to Evangelista's First Request for Documents is attached at <u>Exhibit A</u>.  The City's Answers to Evangelista's First Set of Interrogatories is attached at <u>Exhibit B</u>.  On May 31, 2006, counsel for Evangelista provided counsel for the City a letter pursuant to Local Rule 37.1(A) in an effort to narrow the areas of disagreement.  A copy of the May 31, 2006 letter is attached at <u>Exhibit C</u>.  Following the letter, respective counsel conferred by telephone and, as a result, the City did provide a Supplemental Response to Document Request No. 19, a copy of which is attached at <u>Exhibit D</u>.  However, aside from this, the City has maintained its position documents and information concerning the personnel files of the defendants and other incidents, Internal Affairs Investigations, and lawsuits concerning excessive force by the WPD are not relevant to this action nor subject to discovery.

## DISPUTED DISCOVERY REQUESTS

### Document Request No. 1

A complete copy of the personnel files of Shane Marcotte, Jason Fanion, Daniel Fallon, III,  Jonathan Cotter, James Johnson, and Carl Supernor, including records of all disciplinary action against either individual, records of all Internal Affairs Complaints or civilian complaints lodged against either individual by any detainee, by any prisoner, or by a member of the public or by a member of the Worcester Police Department, all psychological profiles and tests, and all job or performance evaluations from the time each individual commenced employment with the City of Worcester to the present date.

*Response*.  Objection.  Defendants object to Request 1 on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence at trial in this matter.  Defendants further object on the grounds that the request is overly broad in time and scope.  Defendants further object to this request on the grounds that it seeks internal affairs and/or personnel file information, in which the police officers  have a privacy interest, and further object to the extent that the files, or a portion thereof, are privileged.  Notwithstanding and without waiving these objections, none of the individually named defendants have been disciplined for excessive force or deliberate indifference to the rights of detainees.

## Document Request No. 3

Any and all documents reflecting or in any way relating to civilian complaints, Internal Affairs complaints and/or lawsuits against members of the Worcester Police Department, including but not limited to Worcester police officers, detectives and civilian employees, and/or against the City of Worcester, alleging the use of excessive force, civil rights violations, assault and/or battery, at any time between 1980 and the present.

*Response*.  Objection.  Defendants object to Request 3 on the grounds that it is overly broad in both time and scope and unduly burdensome.  Defendants also object to the extent Request 3 seeks information regarding lawsuits, when that information is subject to the limitation outlined in Fed.R.Civ.P. 26(b)(2)(i) and is "obtainable from some other source [i.e., the court system] that is more convenient, less burdensome, or less expensive ... ."  Defendants further object to this request on the grounds that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence at trial in this matter.  Defendants further object to this request on the grounds that it seeks internal affairs and/or personnel file information, in which the police officers and/or witnesses have a privacy interest, and further object to the extent that the files, or a portion thereof, are privileged.  Notwithstanding and without waiving these objections, Defendants are not aware of any judgments for civil rights violations by police officers against the City of Worcester in the last ten years.

## Document Request No. 4

Any and all documents reflecting or in any way relating to lawsuits against members of the Worcester Police Department, including but not limited to Worcester police officers, detectives and civilian employees, and/or against the City of Worcester, alleging the loss, erasure or destruction of videotapes or audiotapes.

*Response*.  Objection.  Defendants object to Request 4 on grounds that it seeks information that is  neither relevant nor reasonably calculated to lead to the discovery

of admissible evidence at trial in this matter.  Defendants further object to the terms "reflecting or in any way relating" as they are vague and ambiguous.  Defendants also object to this request on grounds that it is overly broad in time and scope.  Defendants also object to the extent Request 4 seeks information regarding lawsuits, when that information is subject to the limitation outlined in  Fed.R.Civ.P. 26(b)(2)(i), and is "obtainable from some other source [i.e., the court system] that is more convenient, less burdensome, or less expensive.

## Document Request No. 5

Any and all documents reflecting the discipline of any Worcester police officer for the use of excessive force against detainees or members of the public at any time between 1980 and the present date.

*Response.*  Objection.  Defendants object to Request 3 on the grounds that it is overly broad in both time and scope and unduly burdensome.  Defendants further object to this request on the grounds that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence at trial in this matter.  Defendants further object to this request on the grounds that it seeks internal affairs and/or personnel file information, in which the police officers and/or witnesses have a privacy interest, and further object to the extent that the files, or a portion thereof, are privileged.  Notwithstanding and without waiving these objections, Defendants are not aware of any judgments for civil rights violations by police officers against the City of Worcester in the last ten years.

## Document Request No. 14

Any and all civil rights complaints made or filed against Worcester by members of the public or by prisoners, filed with any state or federal court between January  1, 1980 and the present date, which include allegations of excessive force and/or the failure to supervise, train, discipline and control Worcester police officers and civilian employees.

*Response.*  Objection.  Defendants object to Request 14 on the grounds that it is overly broad and unduly burdensome in both time and scope.  Defendants further object to this request on the grounds that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence at trial in this matter.  Defendants also object to the extent this request seeks information regarding lawsuits, when that information is subject to the limitation outlined in Fed.R.Civ.P. 26(b)(2)(i), and is "obtainable from some other source [i.e., the court system] that is more convenient, less burdensome, or less expensive ...  Notwithstanding and without waiving these objections, the City is not aware of any judgments for civil rights violations by police officers against it in the last ten years.

**Document Request No. 15**

Any and all judgments against any Worcester police officer, including all jury verdicts and/or jury responses to Special Questions or Interrogatories, entered in any state or federal court between 1980 and the present date wherein any Worcester police officer was found liable for civil rights violations involving the use of excessive force against detainees or members of the public.

*Response.*  Objection.  Defendants object to Request 15 on the grounds that it is overly broad and unduly burdensome in both time and scope.  Defendants further object to this request on the grounds that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence at trial in this matter.  Defendants also object to the extent this request seeks information regarding lawsuits, when that information is subject to the limitation outlined in Fed.R.Civ.P. 26(b)(2)(i), and is "obtainable from some other source [i.e., the court system] that is more convenient, less burdensome, or less expensive ...  Notwithstanding and without waiving these objections, the City is not aware of any judgments for civil rights violations by police officers against it in the last ten years.  The City's Response to Request No. 18 was as follows: Objection.  Defendants object to Request  18 on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence at trial in this matter.  Defendants further object to this request on the grounds that it is overly broad in both time and scope.

**Document Request No. 16**

Any and all judgments against the City of Worcester, including all jury verdicts and/or jury responses to Special Questions or Interrogatories, entered in any state or federal court between 1980 and the present date wherein the City of Worcester was found to have acted with deliberate indifference to the rights of any plaintiff in the discipline, supervision, training and/or control of Worcester police officers.

*Response.*  Objection.  Defendants object to Request 16 on the grounds that it is overly broad and unduly burdensome in both time and scope.  Defendants further object to this request on the grounds that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence at trial in this matter.  Defendants also object to the extent this request seeks information regarding lawsuits, when that information is subject to the limitation outlined in Fed.R.Civ.P. 26(b)(2)(i), and is "obtainable from some other source [i.e., the court system] that is more convenient, less burdensome, or less expensive ...  Notwithstanding and without waiving these objections, the City is not aware of any judgments for civil rights violations by police officers against it in the last ten years.  The City's Response to Request No. 18 was as follows: Objection.  Defendants object to Request  18 on the grounds that it seeks information that is neither relevant nor reasonably calculated to

lead to the discovery of admissible evidence at trial in this matter.  Defendants further object to this request on the grounds that it is overly broad in both time and scope.

**Document Request No. 18**

Any and all settlement agreements entered into between the City of Worcester and any plaintiff in any action involving claims of the use of excessive by Worcester police officers against detainees or members of the public.

    *Response.*  Objection.  Defendants object to Request  18 on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence at trial in this matter.  Defendants further object to this request on the grounds that it is overly broad in both time and scope.

**Interrogatory No. 10(a)**

Please identify the following:  (a) each and every Citizen's Complaint and/or Internal Affairs Complaint and/or request for investigation filed with the Worcester Police Department by any detainee or member of the public in which charges concerning the use of excessive force, assault and/or battery were filed against Worcester police officers or civilian employees of the Worcester Police Department, at any time between January 1, 1980 and the present date, regardless of whether or not the charges were substantiated;

    *Answer.*  Objection.  The City objects to Interrogatory 10 on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence at trial in this matter.  The City further objects to this request on grounds that it is overly broad in both time and scope and unduly burdensome.  The City further objects to this request on grounds that it seeks internal affairs and/or personnel file information, in which the police officers have a privacy interest, and further object to the extent that the files, or a portion thereof, are privileged.  Notwithstanding and without waiving these objections, I am informed, the City is not aware of any judgments for civil rights violations by police officers against it in the last ten years.

## ARGUMENT

    Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding

any matter, not privileged, that is relevant to the claim or defense of any party."  The

rule further provides that "[r]elevant information need not be admissible at the trial if

the discovery appears reasonably calculated to lead to the discovery of admissible evidence." As the United States Supreme Court has instructed, relevance under this rule "is construed broadly to encompass any matter that bears on, or that could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 500-501 (1947)); see also *Klonoski v. Mahlab*, 156 F.3d 255, 267 (1st Cir. 1998) ("the plain language of this Rule 26(b)(l) contemplates wide-ranging discovery to the fullest possible extent").

The relevance threshold is even lower in civil rights cases, such as this one. "The great weight of policy in favor of discovery in civil rights actions supplements the normal presumption in favor of broad discovery." *King v. Conde*, 121 F.R.D. 180, 195 (E.D.N.Y. 1988). In federal civil rights cases, "an assertion of privilege must 'overcome the fundamental importance of a law meant to insure each citizen from unconstitutional state action.'" *Mason v. Stock*, 869 F.Supp. 828, 833 (D.Kan.1994) (internal citations omitted).

1.    **The Personnel Files of Each of the Individual Defendants and All Documents Respecting Past Disciplinary Action and Internal Affairs Complaints Made Against the Individual Defendants**

Document Request No. 1 seeks a complete copy of the personnel files of each of the individual defendants, including all records of any disciplinary action, Internal Affairs Complaints, all psychological profiles and tests, and all job or performance evaluations. The City objected on grounds of relevance, broadness, and privacy. The City also stated that none of the individual defendants has "been disciplined for excessive force or deliberate indifference to the rights of detainees." *Id.*

However, during their recent depositions in early August, several of the individual defendants admitted that they have been subject to Internal Affairs complaints in the past, some involving the alleged mistreatment of arrestees/detainees. However, only one could provide the name of one of the complainants, and he could not specify the year when it was made. According to the defendants, none of the various complaints were ever sustained in the opinion of Internal Affairs.

Evangelista submits that the complete disciplinary history and internal affairs history of each of the individual defendants is reasonably calculated to lead to the discovery of admissible evidence and should be produced to him, subject to the protection of the previously issued Protective Order. Any prior misconduct of the individual defendants could prove material in whether the City should be liable for negligent retention and deliberate indifference, and whether the individual defendants should be liable for punitive damages. The fact that the City apparently decided that none of the prior allegations of mistreatment warranted discipline does help the City if the circumstances of warranted discipline. The Complaint alleges that the City's *de facto* policy is to not discipline for allegations of abuse of arrestees/detainees. Moreover, the production of the complete personnel file will assure that Evangelista will learn of all complaints or concerns about an individual defendant's performance on the job.

Evangelista further states that any privacy concerns are alleviated by the Protective Order, issued on March, 2004. Accordingly, Evangelista asks that this Court order the City to produce a complete copy of the personnel files of each of the individual defendants, including all records of all disciplinary actions taken against any

of the individual defendants and all records concerning all complaints/investigations,

including Internal Affairs Investigations/Complaints with respect to which any of the

individual defendants was alleged to have engaged in any misconduct.

**2.    All Documents Concerning Other Internal Affairs
Complaints/Investigations Respecting Allegations of WPD Excessive
Force/Mistreatment of Arrestees/Detainees since January 1, 1993.**

Document Requests No. 3 seeks all documents respecting, *inter alia*, all Internal

Affair complaints against the City or any member of the WPD "alleging the use of

excessive force, civil rights violations, assault and/or battery, at any time between 1980

and the present." Document Request No. 5 seeks all documents respecting discipline

upon any WPD officer for use of excessive force since 1980. Similarly, Interrogatory No.

10(a) seeks the identity of each citizen complaint and Internal Affairs Complaint against

WPD officers since 1980. In response, the City refused to produce any information or

documents (aside from documents concerning the Internal Affairs investigation of the

incident in question), objecting on grounds of relevance, privacy and undue burden. In

the May 31, 2006 Local Rule 37.1(A) letter, undersigned counsel narrowed the requested

time period of the Document Request to since January 1, 2003. On August 1, 2006,

undersigned counsel sent an e-mail to counsel for the City attaching the list in the

*Schultz* matter (described <u>infra</u>) and requesting a similar list here. The City's attorney

has maintained the City's position that information on other Internal Affairs complaints

and investigations need not be produced.

Evangelista asks that the City be compelled to produce this information, subject

to the previously issued Protective Order.

First, information concerning other incidents where WPD officers engaged in excessive force of an arrestee/detainee is relevant to the claims of negligent retention, negligent training, and deliberate indifference.

Second, as the City is well aware, Internal Affairs materials of concluded investigations constitute "public records" under Massachusetts Public Record Law and, as such, are subject to production to any person who so requests them. _Worcester Telegram & Gazette v. Chief of Police of Worcester_, 58 Mass.App.Ct. 1 (2003) _(internal affairs investigatory materials not exempt under Massachusetts Public Records Law)._ The City's claim of such records being private is simply not accurate. This is especially so given the view of the role played by police officers as public servants who must be accountable to public view."

As the Appeals Court observed in _Worcester Telegram_, "[a] citizenry's full and fair assessment of a police department's internal investigation of its officer's actions promotes the core value of trust between citizens and police essential to law enforcement and the protection of constitutional rights." _Id. at 7-8._ In _King v. Conde_, 121 F.R.D. 180, 187 (E.D.N.Y. 1988), the court stated that "[m]ost information requested by civil rights plaintiffs ... deals with professional personnel records, such as prior involvement in disciplinary proceedings or citizen complaints filed against officers. The privacy interest in this kind of professional record is not substantial, because it is not the kind of 'highly personal information' warranting constitutional safeguard." _Id. at 191; see also, Williams v. Boston_, 213 F.R.D. 99 (D. Mass., 2003) _(citing King favorably regarding a discovery dispute in a civil rights action)._

Moreover, whatever concerns of privacy that exist can more than adequately be alleviated by subjecting the produced records to the Protective Order that issued on March 14, 2005.

Lastly, the City's claims of undue burden are eliminated by the procedure set forth in the requested order. As set forth in the Motion, the City would initially only be required to produce a list of all such Internal Affairs complaints/investigations since January 1, 1993. After receipt, Evangelista could then request the files for selected investigations, but the City would then have an opportunity to seek a Protective Order if it believed that the scope of the request was too broad. In the alternative, Evangelista suggests that the Court compel the production by the City of the requested list and then direct Evangelista to submit to the Court a Motion seeking an order for the underlying documents of any particular Internal Affairs Investigation.

While the City may claim that producing such a list will be unduly burdensome, it has done so in the past, when ordered to do so. Attached at Exhibit D is an exhibit attached to the City of Worcester's Motion in Limine (Document No. 40), that the City filed in the case of _Schultz v. City of Worcester, et al, Civil Action No. 02-40003(CBS)_, on December 16, 2005. According to the Motion in the _Schultz_ matter, this exhibit is the City's supplemental answer to an interrogatory that the court had ordered the City to provide. It lists all citizen complaints made against WPD officers alleging excessive force from 1989 through January 1, 1999. Unfortunately for the reader, the list does not provide any dates and provides minimal information. However, the City's generation

of this list shows that the City has the resources and ability to provide the list Evangelista requests here.

Accordingly, Evangelista respectfully requests that this Court order the City to supplement its answer to Interrogatory No. 10(a) and list, in chronological order from the date of complaint, each and every citizen complaint and Internal Affairs complaint involving an allegation against the WPD or any officer thereof alleging the use of excessive force and/or the mistreatment of an arrestee/detainee at any time since January 1, 1993. Such supplemental answer shall provide the full name, and last known address and phone number of the complainant (and alleged victim if different), the date of the alleged incident, the date of the complaint, a general description of the nature of the allegation, the result of the Internal Affairs investigation (sustained, not sustained, etc.), the date the Internal Affairs investigation was complete, the WPD officer who drafted the Internal Affairs investigation report, and, to the extent any of the individual defendants were alleged to have committed any wrongdoing and/or were asked to submit a written report on the incident in question, the name of each and every such individual defendant. Whereupon, after the production of such information, Evangelista will have an opportunity to request the underlying Internal Affairs documents pursuant to the procedure set forth in the Motion and proposed Order.

**3.    Documents Respecting Other Lawsuits Against the City and/or Members of WPD Involving Allegations of Excessive Force Since 1993.**

Various of Evangelista's Documents Requests seek documents respecting other lawsuits against the City involving excessive force. Document Request No. 3 seeks all

documents respecting any lawsuit against the members of the WPD alleging excessive force since 1980. Document Request No. 14 seeks all documents respecting all complaints and lawsuits filed against the City involving allegations of excessive force and/or the failure to supervise, discipline, or train. Document Request No. 15 seeks copies of all judgments against any WPD police officer since 1980 wherein the WPD officer was found liable for civil rights violations involving the use of excessive force. Document Request No. 16 seeks copies of all judgment against the City wherein the City was found to have acted with deliberate indifference since 1980. Document Request No. 18 seeks a copy of all settlement agreements between the City and any plaintiff in an action involving allegations of excessive force by the WPD.

Similarly, Interrogatory No. 10(b) and (c) sought the identity of every judgment where WPD police officer was found liable for civil rights violations involving the use of excessive force or the City was found liable for deliberate indifference. Interrogatories No. 15 sought the identity of all lawsuits against the City that involved allegations of excessive force by the WPD.

In response, the City failed to produce any responsive documents or provide any information, except stating that none of the individual defendants has ever been disciplined for excessive force. The City objected on grounds of relevance, scope, and undue burden.

Since then, Evangelista has narrowed the scope of these requests to the period since January 1, 1980.

Now, by this Motion, Evangelista is simply seeking the production of certain documents involving all lawsuits since January 1, 1993 wherein the City or member of the WPD has been accused of excessive force and/or mistreating a detainee/arrestee. This information is reasonably calculated to lead to discoverable information relevant to the claims against the City.  Moreover, it is of such a kind as to be fairly accessible to the City, especially since its legal counsel's office routinely defends these types of actions.

Wherefore, Evangelista requests that this Court order the City to produce, with respect to each and every such lawsuit, a copy of the most recently filed complaint, all answers to the complaint filed by the City and/or any WPD officers, all answers to interrogatories and written responses by the City and/or any individual members of the WPD to documents requests, any court order(s) dismissing the complaint and/or granting judgment; any settlement agreement and release, and any judgment.

### 4.    Information Respecting Other Lawsuits Against the City Involving the Loss, Erasure or Destruction of a Videotape or Audiotape.

Here, as stated above, the video and audio tape of Evangelista's booking was erased when, immediately after Evangelista's booking, the tape was rewound to the beginning of the booking, and, when the next booking occurred, the tape of Evangelista's booking was taped over.  The City claims this was an innocent mistake.

Document Request No. 4 seeks all documents concerning any lawsuits against members of the WPD involving an allegation of the loss, erasure, or destruction of videotapes or audiotapes.  The City objected on grounds of relevance, vagueness, and that the requested information is accessible by the plaintiff.  In his May 31 letter,

Evangelista narrowed the scope of this request to incidents occurring on or after January 1, 2003.

Evangelista states that this information is highly relevant to a claim of deliberate indifference and failure to discipline. Such information is also relevant on the claims against the individual officers, particularly the officers involved in the videotape aftermath of the booking. Moreover, requiring the City to produce the complaint, answer, settlement agreement, judgment, and interrogatory answers of the City and members of the WPD is not unduly burdensome as it should be available to the legal counsel's office.

Wherefore, Evangelista asks that this Court order the City to produce, with respect to each and every lawsuit filed against the City and/or any of the individual defendants since January 1, 1993 involving the loss, erasure or destruction of a videotape or audiotape, a copy of the most recently filed complaint, all answers to the complaint by the City and any WPD officers, all answers to interrogatories and written responses to documents requests by the City and any individual WPD officers, any court order(s) dismissing the complaint and/or granting judgment; any settlement agreement and release, and any judgment.

WHEREFORE, the plaintiff, Charles Evangelista, respectfully requests that this Court enter an order, in the form substantially the same as the proposed Order being submitted herewith, compelling the City of Worcester to produce the documents and information set forth in the Motion within ten (10) of such Order.

Respectfully submitted:

CHARLES A. EVANGELISTA

By his attorneys:


*/s/ William T. Harrington*
John T. Landry, III (BBO NO. 544388)
William T. Harrington (BBO No. 564445)
Glynn, Landry, Harrington & Rice, LLP
10 Forbes Road, Suite 270
Braintree, MA 02184-2605
(781) 356-1399

Dated: August 16, 2006


CERTIFICATE OF SERVICE

I hereby certify that, on August 16, 2006, I filed this document with the Court electronically via the Court's CM/ECF system and that I served a copy of this documents upon each counsel and party who has appeared in the action but who has not signed up to receive electronic notice, serving a copy by first class mail.


*/s/ William T. Harrington*
William T. Harrington

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 05CV10311-MLW

CHARLES A. EVANGELISTA,              )
                 Plaintiff            )
                                      )
                                      )
v.                                    )          DEFENDANTS' RESPONSE
                                      )          TO PLAINTIFF'S FIRST
SHANE MARCOTTE, JASON FANION,         )          REQUEST FOR PRODUCTION
DANIEL FALLON, III, JONATHAN          )          OF DOCUMENTS
COTTER, JAMES JOHNSON, CARL           )
SUPERNOR and CITY OF WORCESTER,       )
                 Defendants           )
                                      )

        Defendants, Shane Marcotte, Jason Fanion, Daniel Fallon, III,
Jonathan Cotter, James Johnson, Carl Supernor and the City of
Worcester (City) hereby incorporate by reference the Protective Order,
entered by the Court in this case on March 14, 2006, which is binding
on the information provided herein, and respond to Plaintiff Charles
A. Evangelista's First Request for Production of Documents as follows:

        Req. 1.    A complete copy of the personnel files of Shane
Marcotte, Jason Fanion, Daniel Fallon, III, Jonathan Cotter, James
Johnson, and Carl Supernor, including records of all disciplinary
action against either individual, records of all Internal Affairs
Complaints or civilian complaints lodged against either individual by
any detainee, by any prisoner, or by a member of the public or by a
member of the Worcester Police Department, all psychological profiles
and tests, and all job or performance evaluations from the time each
individual commenced employment with the City of Worcester to the
present date.

        Resp. 1.    Objection.    Defendants object to Request 1 on the
grounds that it seeks information that is neither relevant nor
reasonably calculated to lead to the discovery of admissible evidence
at trial in this matter.    Defendants further object on the grounds
that the request is overly broad in time and scope.    Defendants
further object to this request on the grounds that it seeks internal
affairs and/or personnel file information, in which the police
officers have a privacy interest, and further object to the extent
that the files, or a portion thereof, are privileged.    Notwithstanding
and without waiving these objections, none of the individually named
defendants have been disciplined for excessive force or deliberate
indifference to the rights of detainees.

        Req. 2.    Any and all documents reflecting the names, addresses,
badge numbers and current rank of any Worcester Police officer,
detective or civilian employee who made observations of Evangelista at

any time during his detention at the Worcester Police station on March 16, 2003 and March 17, 2003.

Resp. 2.  Objection.  Defendants object to the phrase in Request 2 "made observations of Evangelista" on the grounds that it is vague and ambiguous.  Notwithstanding and without waiving this objection, see duty rosters with names and badge numbers of the officers on duty during Plaintiff's detention, which were provided in response to Plaintiff's 6/21/04 Public Records Request No. 1.

Req. 3.  Any and all documents reflecting or in any way relating to civilian complaints, Internal Affairs complaints and/or lawsuits against members of the Worcester Police Department, including but not limited to Worcester police officers, detectives and civilian employees, and/or against the City of Worcester, alleging the use of excessive force, civil rights violations, assault and/or battery, at any time between 1980 and the present.

Resp. 3.  Objection.  Defendants object to Request 3 on the grounds that it is overly broad in both time and scope and unduly burdensome.  Defendants also object to the extent Request 3 seeks information regarding lawsuits, when that information is subject to the limitation outlined in Fed. R. Civ. P. 26(b)(2)(i), and is "obtainable from some other source [i.e., the court system] that is more convenient, less burdensome, or less expensive … ."  Defendants further object to this request on the grounds that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence at trial in this matter.  Defendants further object to this request on the grounds that it seeks internal affairs and/or personnel file information, in which the police officers and/or witnesses have a privacy interest, and further object to the extent that the files, or a portion thereof, are privileged. Notwithstanding and without waiving these objections, Defendants are not aware of any judgments for civil rights violations by police officers against the City of Worcester in the last ten years.

Req. 4. Any and all documents reflecting or in any way relating to lawsuits against members of the Worcester Police Department, including but not limited to Worcester police officers, detectives and civilian employees, and/or against the City of Worcester, alleging the loss, erasure or destruction of videotapes or audiotapes.

Resp. 4.  Objection.  Defendants object to Request 4 on grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence at trial in this matter.  Defendants further object to the terms "reflecting or in any way relating" as they are vague and ambiguous.  Defendants also object to this request on grounds that it is overly broad in time and scope.  Defendants also object to the extent Request 4 seeks information regarding lawsuits, when that information is subject to the limitation outlined in Fed. R. Civ. P. 26(b)(2)(i), and is

"obtainable from some other source [i.e., the court system] that is more convenient, less burdensome, or less expensive … ."

Req. 5.  Any and all documents reflecting the discipline of any Worcester police officer for the use of excessive force against detainees or members of the public at any time between 1980 and the present date.

Resp. 5.  Objection.  Defendants object to Request 5 on the grounds that it is overly broad in both time and scope and unduly burdensome.  Defendants further object to this request on the grounds that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence at trial in this matter.  Defendants further object to this request on the grounds that it seeks internal affairs and/or personnel file information, in which the police officers have a privacy interest, and further object to the extent that the files, or a portion thereof, are privileged.  Notwithstanding and without waiving these objections, none of the individually named defendants has ever been disciplined for excessive force or deliberate indifference to the rights of detainees.

Req. 6.  Any and statements taken from or provided by Evangelista in connection with the incidents set forth in the Complaint by a police officer, detective or civilian employee following this incident or in the course of any investigation by the Worcester Police Department.

Resp. 6.  Objection.  Defendants object to Request 6 on grounds that Plaintiff's counsel is in possession of their own copies of the Worcester Internal Affairs Division's interviews of Plaintiff, which were conducted in the presence of Plaintiff's counsel, and, therefore, the discovery sought is subject to the limitation outlined in Fed. R. Civ. P. 26(b)(2)(i), it is "obtainable from some other source [i.e., Plaintiff's own counsel] that is more convenient, less burdensome, or less expensive … ."  Notwithstanding and without waiving this objection, see summary of Plaintiff's interviews contained in 6/16/04 IAD Concluding Report (IAD Report), attached as Exhibit 6.

Req. 7.  Any and all records of any investigation by the Worcester Police Department and/or its Internal Affairs Division into the conduct of the Worcester police officers who were involved in the booking of Evangelista at the Worcester police station on March 16, 2003.

Resp. 7.  Objection.  Defendants object to Request 7 on grounds that the phrase "any and all records of any investigation" is vague and ambiguous.  Defendants further object to this request on the grounds that it seeks internal affairs and/or personnel file information, in which the police officers and/or witnesses have a privacy interest, and further object to the extent that the files, or a portion thereof, are privileged.  Notwithstanding and without waiving these objections, see IAD Report attached as Exhibit 6 and

3

unredacted IDC reports of Lt. Paul Saucier, Sgt. James Johnson, Off. Daniel Fallon III, Off. Shane Marcotte, Off. Scott Calhoun, Off. Carl Supernor, Off. Jason Fanion, Off. Jonathan Cotter, provided in response to Plaintiff's 6/21/04 Public Records Request No. 5.

Req. 8.   Any and all documents reflecting the result and/or conclusions reached by the Worcester Police Department as a result of any investigation into my citizen's complaint filed on or behalf of Evangelista concerning the incidents set forth in the Complaint.

Resp. 8.   Objection.   Defendants object to Request 8 on the grounds that it seeks internal affairs and/or personnel file information, in which the police officers and/or witnesses have a privacy interest, and further object to the extent that the files, or a portion thereof, are privileged.   Notwithstanding and without waiving these objections, see IAD Report attached as Exhibit 6.

Req. 9.   Any and all reports or other such documents prepared by any Worcester police officer between March 16, 2003 and the present date, in any way related to the incidents set forth in Evangelista's Complaint.

Resp. 9.   Objection.   Defendants object to the phrase "in any way related" on grounds that it is vague, ambiguous and overly broad. Notwithstanding and without waiving this objection, see unredacted IDC reports of Lt. Paul Saucier, Sgt. James Johnson, Off. Daniel Fallon III, Off. Shane Marcotte, Off. Scott Calhoun, Off. Carl Supernor, Off. Jason Fanion, Off. Jonathan Cotter, provided in response to Plaintiff's 6/21/04 Public Records Request No. 5.

Req. 10.   Any and all reports or other such documents by any Worcester police officer and submitted to the Superintendent of the Worcester Police Department and/or Internal Affairs and/or the Bureau of Professional Standards and/or any other agency or office of the City of Worcester in any way related to the incidents set forth in the Complaint.

Resp. 10.   Objection.   Defendants object to Request 10 on the grounds that it seeks internal affairs and/or personnel file information, in which the police officers have a privacy interest, and further object to the extent that the files, or a portion thereof, are privileged.   Notwithstanding and without waiving this objection, see Resp. 9.

Req. 11.   Any and all witness statements, whether the same be signed or unsigned, written, oral or transcribed, involving the incidents set forth in Evangelista's Complaint.

Resp. 11.   Objection.   Defendants object to Request 11 to the extent the witnesses have a privacy interest in the requested documents.   Notwithstanding and without waiving this objection, see witness statements already provided in response to Plaintiff's 4/2/03

4

Public Records Request, as Plaintiff indicates in items 15-21 of the Addendum to Plaintiff's 6/21/04 Public Records Request; see also witness statements provided pursuant to Plaintiff's 6/21/04 Public Records Request No. 14.

Req. 12.    Any and all statements, audio recordings, or reports made by Evangelista with respect to the incidents set forth in the Complaint.

Resp. 12.    Objection.   Defendants object to Request 12 on grounds that Plaintiff's counsel is in possession of their own copies of the Worcester Internal Affairs Division's interviews of Plaintiff, which were conducted in the presence of Plaintiff's counsel, and, therefore, the discovery sought is subject to the limitation outlined in Fed. R. Civ. P. 26(b)(2)(i), it is "obtainable from some other source [i.e., Plaintiff's own counsel] that is more convenient, less burdensome, or less expensive … ."   Notwithstanding and without waiving this objection, see IAD Report attached as Exhibit 6.

Req. 13.    Any and all documents relating to the job title, job description,   job   performance,   qualifications,   experience   and/or training of each individually-named Defendant in this matter, from the time each commenced employment with the City of Worcester through the present date.

Resp. 13.    Objection.    Defendants object to Request 13 on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence at trial in this matter.   Defendants further object to this request on the grounds that it is overly broad in both time and scope. Defendants further object to this request on the grounds that it seeks internal affairs and/or personnel file information, in which the police officers have a privacy interest, and further object to the extent that the files, or a portion thereof, are privileged. Notwithstanding and without waiving these objections, none of the individually named defendants has ever been disciplined for excessive force or deliberate indifference to the rights of detainees.

Req. 14.    Any and all civil rights complaints made or filed against Worcester by members of the public or by prisoners, filed with any state or federal court between January 1, 1980 and the present date, which include allegations of excessive force and/or the failure to supervise, train, discipline and control Worcester police officers and civilian employees.

Resp. 14.    Objection.    Defendants object to Request 14 on the grounds that it is overly broad and unduly burdensome in both time and scope.    Defendants further object to this request on the grounds that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence at trial in this matter.    Defendants also object to the extent this request seeks information regarding lawsuits, when that information is subject to

the limitation outlined in Fed. R. Civ. P. 26(b)(2)(i), and is
"obtainable from some other source [i.e., the court system] that is
more convenient, less burdensome, or less expensive … ."
Notwithstanding and without waiving these objections, the City is not
aware of any judgments for civil rights violations by police officers
against it in the last ten years.

      Req. 15.   Any and all judgments against any Worcester police
officer, including all jury verdicts and/or jury responses to Special
Questions or Interrogatories, entered in any state or federal court
between 1980 and the present date wherein any Worcester police officer
was found liable for civil rights violations involving the use of
excessive force against detainees or members of the public.

      Resp. 15.   Objection.   Defendants object to Request 15 on the
grounds that it is overly broad in both time and scope and unduly
burdensome.   Defendants further object to this request on the grounds
that it seeks documents that are neither relevant nor reasonably
calculated to lead to the discovery of admissible evidence at trial in
this matter.   Defendants also object to the extent this request seeks
information   regarding   lawsuits   and   public   records,   when   that
information is subject to the limitation outlined in Fed. R. Civ. P.
26(b)(2)(i), and is "obtainable from some other source [i.e., the
court system] that is more convenient, less burdensome, or less
expensive … ."   Notwithstanding and without waiving these objections,
the City is not aware of any judgments for civil rights violations by
police officers against it in the last ten years.

      Req. 16.   Any and all judgments against the City of Worcester,
including all jury verdicts and/or jury responses to Special Questions
or Interrogatories, entered in any state or federal court between 1980
and the present date wherein the City of Worcester was found to have
acted with deliberate indifference to the rights of any plaintiff in
the discipline, supervision, training and/or control of Worcester
police officers.

      Resp. 16.   Objection.   Defendants object to Request 16 on the
grounds that it is overly broad in both time and scope and unduly
burdensome.   Defendants further object to this request on the grounds
that it seeks documents that are neither relevant nor reasonably
calculated to lead to the discovery of admissible evidence at trial in
this matter.   Defendants also object to the extent this request seeks
information   regarding   lawsuits   and   public   records,   when   that
information is subject to the limitation outlined in Fed. R. Civ. P.
26(b)(2)(i), and is "obtainable from some other source [i.e., the
court system] that is more convenient, less burdensome, or less
expensive … ."   Notwithstanding and without waiving these objections,
the City is not aware of any judgments for civil rights violations by
police officers against it in the last ten years.

      Req. 17.   Any and all documents in any way related to any changes
in the policies or practices of the Worcester Police Department in the

discipline, supervision, training, and/or control of Worcester police officers or civilian employees, in response to any judgment identified in response to Request Nos. 15 and 16, *supra*.

Resp. 17.   Objection.   Defendants object to Request 17 on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence at trial in this matter.   Defendants further object to this request on the grounds that it is overly broad in both time and scope. Notwithstanding and without waiving these objections, as the City is not award of any judgments for civil rights violations by police officers against it in the last ten years, a request for policy or practice changes in response to such a judgment does not apply.

Req. 18.   Any and all settlement agreements entered into between the City of Worcester and any plaintiff in any action involving claims of the use of excessive [sic] by Worcester police officers against detainees or members of the public.

Resp. 18.   Objection.   Defendants object to Request 18 on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence at trial in this matter.   Defendants further object to this request on the grounds that it is overly broad in both time and scope.

Req. 19.   Any and all documents relating to any disciplinary action taken against any of the individually-named Defendants or against any other Worcester police officer or civilian employee, as a result of the incidents set forth in the Complaint.

Resp. 19.   Objection.   Defendants object to Request 19 on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence at trial in this matter.   Defendants further object to this request on the grounds that it seeks internal affairs and/or personnel file information, in which the police officers have a privacy interest, and further object to the extent that the files, or a portion thereof, are privileged.

Req. 20.   Any and all documentary evidence which Worcester intends to offer into evidence at the trial of this action.

Resp. 20.   Objection.   Defendants object to Request 20 on the grounds that it seeks documents protected by the attorney work-product doctrine and/or prepared in anticipation of litigation.   Defendants further object to this request as it seeks information beyond the scope discovery as allowed by Fed. R. Civ. P. 26(b)(3). Notwithstanding and without waiving these objections, no determination has yet been made as to the requested documents.

Req. 21.   The entire insurance policy or policies which afford(s) Worcester or any of the individually-named Defendants coverage or

protection on the claims asserted in the Complaint, including, in particular, the coverage selection sheet for each such policy.

Resp. 21.  No such documents in Defendants' possession, custody or control, as the City of Worcester is self-insured.

Req. 22.  Any and all documents reflecting any reservation of rights and/or disclaimers claimed by any insurance carrier or other entity affording Worcester or any of the individually-named Defendants coverage or protection on the claims asserted in the Complaint.

Resp. 22.  See Resp. 21.

Req. 23.  Any and all indemnification agreements between any of the individually-named Defendants in this matter and the City of Worcester, or its insurance carries, with respect to the claims asserted by Evangelista in this lawsuit.

Resp. 23.  See Resp. 21.

Req. 24.  Any and all reports of experts in your possession, custody and/or control that may in any way relate to the claims asserted by Evangelista in his Complaint, either directly or indirectly.

Resp. 24.  Objection.  Defendants object to Request 24 to the extent that it seeks documents that are beyond the scope of discovery as allowed by Fed. R. Civ. P. 26.  Notwithstanding and without waiving this objection, no such documents in the Defendants' possession, custody or control.

Req. 25.  Any and all documents reflecting correspondence or communication between Worcester and the following individuals relative to the incidents set forth in Evangelista's Complaint:

        (a)  Charles A. Evangelista;

        (b)  each individually-named Defendant in this matter;

        (c)  Daniel J. Veteramo;

        (d)  Gerry Rodriguez;

        (e)  Teresa Evangelista;

        (f)  Nicole Evangelista; and

        (g)  any individual detained at the Worcester police station on March 16, 2003 and March 17, 2003.

Resp. 25.  Objection.  Defendants object to the term "reflecting" as it is vague and ambiguous.  Defendants further object to this

request on the grounds that it seeks information in which detainees and witnesses have a privacy interest. Notwithstanding and without waiving these objections, Defendants respond with the following:

(a)    See the IAD report, Exhibit 6.

(b)    See Resp. 9.

(c)    See the IAD report, Exhibit 6.

(d)    No such documents in Defendants' possession, custody or control.

(e)    See the IAD report, Exhibit 6.

(f)    No such documents in Defendants' possession, custody or control.

(g)    See the IAD report, Exhibit 6 and correspondence sent to detainees attached as Exhibit 25(g).

Req. 26.    Any and all documents including, but not limited to, police logs, duty sheets, duty rosters or similar documents reflecting the names, addresses, badge numbers and duty assignments of all Worcester Police officers on duty during the time period Evangelista was detained and, in particular, any such documents which reflect the identity of all Worcester Police officers and/or civilian employees present at the station during the period that Evangelista was detained on March 16, 2003 and March 17, 2003.

Resp. 26.    Objection. Defendants object to Request 26 on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence at trial in this matter. Defendants further object to this request on the grounds that it is overly broad in both time and scope. Notwithstanding and without waiving these objections, see documents provided in response to Plaintiff's 6/21/04 Public Records Request No. 1.

Req. 27.    Any and all incident reports, booking sheets or related documents prepared by any Worcester police officer in connection with the arrest and booking of Evangelista on March 16, 2003.

Resp. 27.    Objection. Defendants object to the phrase "related documents" as it is vague and ambiguous. Notwithstanding and without waiving this objection, see booking sheet provided in response to Plaintiff's 4/2/03 Public Records Request, as Plaintiff indicates in items 3 of the Addendum to Plaintiff's 6/21/04 Public Records Request; see also the Offense/Incident report and Prisoner's Inventory sheet attached as Exhibit 27.

Req. 28. Any and all police logs, daily logs or any other such document which reflects Worcester police officers or detention attendants checking on detainees during the time that Evangelista was detained on March 16, 2003 and March 17, 2003.

Resp. 28. Objection. Defendants object to Request 28 to the extent it requests information regarding checks on detainees other than Plaintiff on grounds that the request is overly broad and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence at trial in this matter. Notwithstanding and without waiving these objections, see Cell Room Check Sheet for the male cell block attached as Exhibit 28.

Req. 29. Any and all blueprints, diagrams, schematics, or other such documents showing the location of all cameras in the Worcester police station on March 16, 2003 and March 17, 2003.

Resp. 29. Objection. Defendants object to Request 29 on grounds that it is overly broad and unduly burdensome. Notwithstanding and without waiving these objections, see Eastern Video Systems, Inc. diagram dated March 7, 2000, attached as Exhibit 29.

Req. 30. Any and all training manuals, instructions, guidelines or other such documents pertaining to the use and operation of the video monitoring system used by the Worcester Police Department on March 16, 2003 and March 17, 2003.

Resp. 30. The City is in the process of inquiring as to the existence of an owner's manual in its possession for the video monitoring system and will supplement this response if one is located; otherwise, no such documents in Defendants' possession, custody or control.

Req. 31. Any and all documents reflecting the training provided by the Worcester Police Department to all operators of the video monitoring system used by the Worcester Police Department on March 16, 2003 and March 17, 2003, and, in particular, the training provided to the Worcester police officer(s) responsible for the use of the video monitoring system during the period that Evangelista was detained.

Resp. 31. Objection. Defendants object to Request 31 on the grounds that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence at trial in this matter. Notwithstanding and without waiving this objection, no such documents in Defendants' possession, custody or control.

Req. 32. Pursuant to Fed. R. Civ. P. 34(a), Evangelista requests the he be permitted to inspect, test and examine the original videotape which contained his booking by the Worcester Police Department on March 16, 2003.

Resp. 32. Defendants grant this request, which must be coordinated through Defendants' counsel.

Req. 33. Pursuant to Fed. R. Civ. P. 34(a), Evangelista requests that he be permitted to inspect and examine the original "Digital T.V. Booking Log" of March 16, 2003.

Resp. 33. Defendants grant this request, which must be coordinated through Defendants' counsel.

Req. 34. Any and all mugshot photographs or profiles taken by the Worcester Police Department in connection with the arrest of Evangelista on March 16, 2003.

Resp. 34. No such documents generated in relation to this action in the Defendants' possession, custody or control.

Req. 35. Any and all photographs depicting the booking area of the Worcester police station, the hallway(s) leading from the booking area to the holding cells, and the holding cell(s) in which Evangelista was detained in March 16, 2003 and March 17, 2003.

Resp. 35. No such documents in the Defendants' possession, custody or control.

Req. 36. Pursuant to Fed. R. Civ. P. 34(a), Evangelista requests that he be permitted to make entry into the Worcester police station for the purposes of inspecting and photographing the booking area, the hallway leading from the booking area to the holding cells, the holding cells in which Evangelista was detained on March 16, 2003 and March 17, 2003.

Resp. 36. Defendants grant this request, which must be coordinated through Defendants' counsel.

Req. 37. Any and all photographs Worcester intends to introduce as evidence at the trial of this action.

Resp. 37. Objection. Defendants object to Request 37 on the grounds that it seeks materials protect by the attorney work-product doctrine and/or prepared in anticipation of litigation. Defendants further object to the extent that the request seeks information beyond the scope of discoverable information as provided by Fed. R. Civ. P. 26(b). Notwithstanding and without waiving these objections, no determination has yet been made as to the requested photographs.

Req. 38. Any and all records showing or reflecting Evangelista's use of the telephone located in the cell where he was detained on March 16, 2003 and March 17, 2003.

Resp. 38. No such documents in' the Defendants' possession, custody or control.

Req. 39.    Any and all Rules, Regulations, General Orders, Special Orders, or other similar documents regarding the policies, rules, regulations, practices and procedures of the City of Worcester Police Department, in effect at any time between 1995 and the present date and, in particular, those documents related to:

    (a)    the reporting and investigation of incidents of misconduct against detainees or members of the public on the part of Worcester police officers;

    (b)    the reporting of injuries to detainees or prisoners;

    (c)    the use and operation of video recording devices at the Worcester police station;

    (d)    the maintenance and storage of video cassette recordings taken at the Worcester police station.

    (e)    the use of force by Worcester police officers;

    (f)    the reporting of the use of force by Worcester police officers.

Resp. 39 (a-f).    Objection.    Defendants object to Request 39 to the extent it requests policies and procedures that were not in effect on March 16 and 17, 2003, on grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence at trial in this matter.    Defendant further objects to this request on grounds that it is overly broad and unduly burdensome.    Notwithstanding and without waiving these objections, Defendants respond as follows:

    (a)    See Worcester Police Department (WPD) Rule and Regulation 1404.1, "Reporting Illegal Activities and Information Concerning Such," provided in response to Plaintiff's 6/21/04 Public Record Request No. 9.

    (b)    See WPD Policy and Procedure #700, "Instructions for Handling Prisoners," which, as indicated in the response to Plaintiff's 6/21/04 Public Record Request No. 9, has already been provided to Plaintiff, and #703, "Cell Room - Handling of Prisoners - Suicide Prevention," which is attached as Exhibit 39(b).

    (c)    See WPD Policy and Procedure #700, "Instructions for Handling Prisoners," which, as indicated in the response to Plaintiff's 6/21/04 Public Record Request No. 9, has already been provided to Plaintiff, and #701, "Bail Procedures/Property and Money," and #720, "Strip Search," which were both provided in response to Plaintiff's 6/21/04 Public Record Request No. 9.

12

(d)    No such document in Defendants' possession, custody or control.

(e)    See WPD Policy and Procedure #400, "Use of Force," provided in response to Plaintiff's 6/21/04 Public Record Request No. 9; #405, "Use of Firearms," #410, "Service Baton/Expandable Baton," and #415, "Oleoresin Capsicum ("OC") Aerosol Spray," which are attached as Exhibit 39(e).

(f)    See WPD Policy and Procedure #400, "Use of Force," provided in response to Plaintiff's 6/21/04 Public Record Request No. 9; #405, "Use of Firearms," #410, "Service Baton/Expandable Baton," and #415, "Oleoresin Capsicum ("OC") Aerosol Spray," which are attached as Exhibit 39(e).

Req. 40. Any and all documents identified by Worcester in its Answers to Plaintiff's First Set of Interrogatories in this matter.

Resp. 40.    No such documents in Defendants' possession, custody or control, beyond those provided in response to the above requests.

SHANE MARCOTTE, JASON FANION, DANIEL FALLON, III, JONATHAN COTTER, JAMES JOHNSON, CARL SUPERNOR and the CITY OF WORCESTER

By their attorneys,

David M. Moore
City Solicitor

Wendy L. Quinn (BBO#653954)
Assistant City Solicitor
City Hall, Room 301
455 Main Street
Worcester, MA  01608
(508) 799-1161

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 05CV10311-MLW

|  |  |  |
|---|---|---|

CHARLES A. EVANGELISTA,
          Plaintiff

v.

SHANE MARCOTTE, JASON FANION,
DANIEL FALLON, III, JONATHAN
COTTER, JAMES JOHNSON, CARL
SUPERNOR and CITY OF WORCESTER,
          Defendants

DEFENDANT CITY OF
WORCESTER'S ANSWERS TO
PLAINTIFF'S FIRST SET
OF INTERROGATORIES

 

Defendant, City of Worcester (City), hereby incorporates by reference the Protective Order, entered by the Court in this case on March 14, 2006, which is binding on the information provided herein, and answers Plaintiff Charles A. Evangelista's First Set of Interrogatories as follows:

Q1.   Please state your name, age, residence, business address, occupation, the position that you hold with the Defendant, City of Worcester, and state whether the Defendant, City of Worcester, has specifically authorized you to answer these Interrogatories on its behalf.

A1.   Michael V. O'Brien, legal age, City Manager, City Hall, Room 309, 455 Main Street, Worcester, MA, 01608.

Q2.   Please list by name, residential address, business address, job title and assignment each and every Worcester Police officer or civilian employee present in the booking area or in the area of the detention cells on March 16, 2003 and March 17, 2003, at the Worcester police station at the time of the incidents set forth in the Plaintiff's Complaint and, in particular, identify the Officer-in-Charge of the booking area on said date.

A2.   Objection.   The City objects to Interrogatory 2 on grounds that the phrase "at the time of the incidents" is vague and ambiguous. Notwithstanding and without waiving this objection, I am informed, Police Officers Jason Fanion, Shane Marcotte, Daniel Fallon, III, and Jonathan Cotter, 9-11 Lincoln Square, Worcester, MA, were the officers present at the time of Plaintiff's booking.   I am informed, there were no civilian employees present.   I am further informed, Sergeant James Johnson was the official-in-charge of the booking area at the time of Plaintiff's booking.   I am informed, see also Defendants' Response 2 to Plaintiff's First Request for Production of Documents for other

was detained.    I am further informed, Officers Carl
Supernor and Scott Calhoun were responsible for
operating the video cameras used to tape the bookings
at the time Plaintiff was detained.

(e)    I am informed, Captain Reginald Needham is the
custodian for the WPD of the video cassettes made
during the booking of detainees.

Q10.    Please identify the following:

(a)    each and every Citizen's Complaint and/or Internal
Affairs Complaint and/or request for investigation
filed with the Worcester Police Department by any
detainee or member of the public in which charges
concerning the use of excessive force, assault and/or
battery were filed against Worcester police officers
or civilian employees of the Worcester Police
Department, at any time between January 1, 1980 and
the present date, regardless of whether or not the
charges were substantiated;

(b)    each and every judgment in any state or federal court
action wherein any Worcester police officer was found
liable for civil rights violations involving the use
of excessive force against detainees or members of the
public, at any time between January 1, 1980 and the
present date;

(c)    each and every judgment in any state or federal court
action wherein the City of Worcester and/or the
Worcester Police Department, its Chief of Police, or
any supervisory personnel were found to have acted
with deliberate indifference to the rights of any
plaintiff in the discipline, supervision, training
and/or control of Worcester police officers;

(d)    with respect to any complaints or judgments identified
in your answer to the preceding subsection, please
identify each Worcester Police officer and/or civilian
employee against whom such charges were filed, the
name and address of the detainee or member of the
public who filed the charges, the result of any
investigation conducted by the Worcester Police
Department, and, if disciplinary action was taken,
please identify the nature of such action; and

(e)    identify all documents in any way relating to reach
such occurrence.

8

A10 (a-e). Objection.  The City objects to Interrogatory 10 on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence at trial in this matter.  The City further objects to this request on grounds that it is overly broad in both time and scope and unduly burdensome.  The City further objects to this request on grounds that it seeks internal affairs and/or personnel file information, in which the police officers have a privacy interest, and further object to the extent that the files, or a portion thereof, are privileged. Notwithstanding and without waiving these objections, I am informed, the City is not aware of any judgments for civil rights violations by police officers against it in the last ten years.

Q11. Please state whether any of the individually-named Defendants in this action have ever been disciplined or reprimanded at any time since their hire by the Worcester Police Department and, if so, please identify:

> (a)  the date of any disciplinary action and the nature of the same;
>
> (b)  the reason for the disciplinary action, including the identify of all persons involved in the action giving rise to the disciplinary action;
>
> (c)  the name and address of the person who took the disciplinary action.

A11 (a-c). Objection.  The City objects to Interrogatory 11 on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence at trial in this matter.  The City further objects to this request on grounds that it is overly broad in both time and scope.  The City further objects to this request on grounds that it seeks internal affairs and/or personnel file information, in which the police officers have a privacy interest, and further object to the extent that the files, or a portion thereof, are privileged. Notwithstanding and without waiving these objections, I am informed, none of the individually named defendants has ever been disciplined for excessive force or deliberate indifference to the rights of detainees.

Q12. Please state fully and in detail each and every fact, and identify each and every document upon which the Defendant, City of Worcester, relies, to allege, as its Fourth Affirmative Defense, that "any force used by Defendant Marcotte was reasonable under all circumstances".

A12.  Objection.  The City objects to Interrogatory 12 on the grounds that it calls for a legal conclusion rather than a factual response.  Notwithstanding and without waiving this objection, I am informed, any force Officer Marcotte employed was reasonable and

A20 (1-3). Objection. The City objects to Interrogatory 20 on grounds that the phrase "all policies and procedures relative to the booking of individuals" is vague and ambiguous. The City further objects to the request for information regarding "all documents related to the booking" on grounds that it is vague and ambiguous and is essentially a document request. The City further objects to Interrogatory 20 to the extent that it seeks policies and procedures that were not in effect on March 16 and 17, 2003, which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence at trial in this matter. Notwithstanding and without waiving these objections, I am informed, see WPD Policy and Procedure #700, "Instructions for Handling Prisoners;" #701, "Bail Procedures/Property & Money; and #720, "Strip Search," which all address booking and were in effect at the time of Plaintiff's booking on March 16 and 17, 2003. I am further informed, there are instances, such as here, where it is not possible to fingerprint or photograph a detainee.

Signed under the pains and penalties of perjury this _____ day of March, 2006.

_____
Michael V. O'Brien
City Manager
City of Worcester

As to objections:

_____
Wendy L. Quinn (BBO#653954)
Assistant City Solicitor
City Hall, Room 301
455 Main Street
Worcester, MA 01608
(508) 799-1161

### CERTIFICATE OF SERVICE

I, Wendy L. Quinn, hereby certify that I have served the within Defendant City of Worcester's Answers to Plaintiff's First Set of Interrogatories upon Plaintiff by mailing a copy of the same, postage prepaid, to William T. Harrington, Esquire, Glynn, Landry, Harrington & Rice, 10 Forbes Road, Braintree, MA 02184-2605 this 22nd day of March, 2006.

_____
Wendy L. Quinn
Assistant City Solicitor

13

# GLYNN, LANDRY, HARRINGTON & RICE, LLP

### ATTORNEYS AT LAW

TEN FORBES ROAD, SUITE 270
BRAINTREE, MA 02184-2605
Direct: (781) 356-1749
Main: (781) 356-1399; Fax: (781) 356-3393
wharrington.glhr@verizon.net

JOHN B. GLYNN
WILLIAM T. HARRINGTON

JOHN T. LANDRY, III
DANIEL W. RICE

May 31, 2006

**BY FACSIMILE & U.S. MAIL**

Wendy Quinn, Assistant City Solicitor
City of Worcester Law Department
City Hall, Room 301
455 Main Street
Worcester, MA 01608

Re:    **Charles A. Evangelista v. Shane Marcotte, et al**
       **United States District Court, Civil Action No. 05-CV-10311-MLW**

Dear Attorney Quinn:

I am sending this letter pursuant to Local Rule 37.1(A). It is in response to the City's Response to the Plaintiff's First Request for Documents. Pursuant to this rule, I am requesting a conference call so we can discuss the items below with an eye toward narrowing the areas of disagreement.

As you know, the plaintiff has asserted common law and federal civil rights claims against the City of Worcester and various Worcester police officers in connection with the assault made upon him on March 17, 2003. His civil rights claims are based on the following theories: excessive force; failure to intervene; failure to report, failure to supervise, and failure to discipline.

In November 2005, we requested from the City various documents concerning not only the March 17, 2003 incident and WPD's investigation thereof, but also documents respecting past complaint against the City and its police officers for excessive force and/or loss of evidence. We also sought copies of the personnel files and disciplinary history for each of the individual defendants.

The City's response was limited to production of the Internal Affairs investigation of the incident and various police policies.

With respect to the plaintiff's requests for information concerning other incidents and complaints involving police misconduct, the City objected and refused to produce any documents. The City provided a similar response with respect to the requests for the individual defendants' personnel files and disciplinary history.

Letter to Wendy Quinn, Assistant City Solicitor
May 31, 2006
Page 2 of 3

Obviously, information respecting other instances of excessive force by the WPD and how the City has treated such complaints is directly relevant to the plaintiff's various civil rights claims. In an effort to reduce the City's burden, the plaintiff, as described below, is hereby modifying certain of his requests to those incidents or alleged incidents that occurred on or after January 1, 1993.

I will now address each of the requests that the plaintiff is seeking a further response to.

1.     The personnel files of each of the individual defendants are directly relevant to this case and should be produced.

3.     Other complaints re excessive force, etc. The plaintiff modifies this request to complaints concerning incidents occurring on or after January 1, 1993.

4.     As you know, in this case, the WPD erased the tape of the incident prior to the booking of the next detainee and is apparently taking the position that this erasure was made in good faith. Therefore, other incidents where a tape was erased or destroyed in the context of a complaint against members of the WPD are probative of the claims asserted. The plaintiff modifies the request to incidents on or after January 1, 1993.

5.     The way WPD and the City treats allegations of excessive force is directly relevant to the civil rights claims. The request is modified to the period set forth above.

7.     Records re investigation of incident. From response, given objections, it is unclear whether all responsive documents have been produced. Please produce all responsive documents, even if such documents constitute personnel files and/or IA documents.

8.     See 7.

9.     See 7.

10.    See 7.

13.    The job duties of the officers on duty and the training of the individual defendants are directly relevant to the plaintiff's civil rights claims.

14.    Again, lawsuits against member of the WPD are directly relevant to the civil rights claims. The plaintiff amends this request to cover only such lawsuits that were filed on or after January 1, 1993. Also, your initial response need only provide copies of the latest complaint and answer, all written discovery, all deposition transcripts, any settlement agreement, and judgment.

Letter to Wendy Quinn, Assistant City Solicitor
May 31, 2006
Page 3 of 3

15.    Your response limits the time-period to ten years.  The request is since 1980.
The production of judgments against any WPD officer is not burdensome.  The City should
supplement its response to cover all such judgments since 1980.

16.    The City's response does not address whether there have been judgments
against the <u>City</u>, instead saying none in ten years against WPD officers.  This response should
be supplemented to address the request for any such judgments against the <u>City</u> and for the
period since 1980.

17.    Your response may need to be supplemented depending on how the responses
to requests 15 and 16 are changed.

18.    Settlement agreements by the City involving charges of excessive force.  The
request is obviously relevant to the claims asserted and certainly could lead to admissible
evidence.  The time period is added to that of since 1980.

19.    Documents concerning discipline concerning this incident are highly relevant
and must be produced.

In addition, should the City still maintain that responsive documents are privileged, the
plaintiff requests that the City provide a privilege log, identifying each and every document
withheld on the basis of privilege and the privilege(s) that apply.

Please call my partner, John Landry, or me when you have a chance to discuss.  Please
respond to this letter by the close of business on June 7.

Sincerely,

William T. Harrington

WTH/cao

cc:    John T. Landry, III, Esq.
       Charles Evangelista

| TRANSMISSION VERIFICATION REPORT |
|---|

```
                                    TIME  : 05/31/2006 13:50
                                    NAME  : GLHR, LLP
                                    FAX   : 7813563393
                                    TEL   :
                                    SER.# : BROM5J408702
```

| | |
|---|---|
| DATE,TIME | 05/31  13:49 |
| FAX NO./NAME | 15087991163 |
| DURATION | 00:01:36 |
| PAGE(S) | 04 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

# GLYNN, LANDRY, HARRINGTON & RICE, LLP

### ATTORNEYS AT LAW

TEN FORBES ROAD
BRAINTREE, MA 02184-2605
Direct: (781) 356-1749; Office: (781) 356-1399
Fax: (781) 356-3393
E-mail: wharrington.glhr@verizon.net

JOHN B. GLYNN
WILLIAM T. HARRINGTON

JOHN T. LANDRY, III
DANIEL W. RICE

# FAX COVER SHEET

**TO:**            **Wendy Quinn, Esq.**
                **Law Department – City of Worcester**

**TELECOPY NO:**    **(508) 799-1163**

**FROM:**          **William T. Harrington**

**DATE:**          **May 31, 2006**

**NUMBER OF PAGES (including cover sheet):    4**

**IF YOU HAVE ANY PROBLEMS RECEIVING**
**THIS TELECOPY, PLEASE CALL (781) 356-1749**

**COMMENTS:**

Re:    Evangelista v. Marcotte, et al.

Q12. Within the ten (10) years prior to January 8, 1999, through and including the date of your answer hereto, has the City, the Department received any citizen complaints against an officer of the Department alleging excessive force in the making of an arrest, and/or malicious or unlawful prosecution? If so, please identify and describe:

    a.   The nature, substance, and description of each complaint
    b.   The name, address, and telephone number of each complainant
    c.   The disposition of each complaint.

A12(a-c). Objection. Interrogatory 11 is neither relevant to, nor reasonably calculated to lead to the discovery of admissible evidence in, this lawsuit. Moreover, Interrogatory 11 is overly burdensome. Lastly, the information sought in Interrogatory 11 would infringe on the privacy interests of any complainants.

Supplemental A12. Same objections as in A12. Notwithstanding and without waiving these objections and pursuant to the Court's Order in this lawsuit, I am informed that the following is a list of citizen complaints, made against an officer(s) of the Worcester Police Department, alleging excessive force for the period from 1989 through January 11, 1999:

| Complainant Name & Address | Description of Allegation | Result |
| --- | --- | --- |
| William Vickers 10 Benefit Terr Worc 753-6020 | punched in nose | Unfounded |
| Eric Nye 66E Main St Princeton, MA (508) 464-5614 | punched & kicked | Unsubstantiated |
| David Grajales 67 Oread St. Worc 791-1145 | Hit in mouth | Not Substantiated |
| Melvin Lackey 329 Cambridge St Worc 754-9197 | Pushed down stairs | Unsustained |
| Kenneth Padgett Jr 165 1/2 Madison St Worc 799-0995 | Grabbed by throat | Unsustained |
| Robert Smith 39 Maywood St. Worc 754-1607 | Hit with flashlight & Dragged | Compliance with rule |
| Brian Abernathy 196 Crossfield Rd. Franklin, MA 528-7074 | Grabbed by throat | Cmplt. withdrawn |
| Stephen J. Stuczynski 4 Crescent St. Grafton, MA 839-9648 | pushed | Not Substantiated |
| Allen Jenkins 54 High Ridge Rd. Worc 755-2787 | Slapped | Can not be substantiated |
| James Nichlson 12 Branch St | Punched, kneed, hit with flashlight | Unsustained |

| Complainant Name & Address | Description of Allegation | Result |
|---|---|---|
| Worc 752-5097 | | inadequate |
| Gary Howe 16 Thenius St. Worc. 795-7983 | Knee used to hold down subject | in compliance with law |
| Elis Medina 91 Murray Ave. #42 Worc 756-7356 | choked and thrown against cruiser | Unsustained |
| Robert Agbay 29 Euclid Ave. Worc 754-7462 | Picked up by handcuffs | Unfounded |
| Randy Thomas 34 Richards St Worc 757-8805 | Picked up hand cuffs, grabbed in groin area | Unsubstantiated |
| William Belcher 98 Eastern Ave Worc 756-5616 | Dragged from vehicle, beaten | Unsubstantiated |
| James Carrier 20 Mann St 757-4898 | pushed | Unfounded |
| Dominic Pizzotti 22 Ludlow St Worc 756-1908 | grabbed by throat, punched | Unfounded |
| Glenn Rocco 41 Creeper Hill Rd Grafton 839-6504 | Kicked | Unsustained |
| Robert Jackson 881 Main St no phone | grabbed by throat | Unfounded |
| Dennis Marment 76 1/2 Providence St Worc 757-3397 | Pushed | In compliance with rules & regs. |
| Paul Kelly 50 Dorchester St 757-3045 | Grabbed & thrown down to floor | Unfounded |
| Daniel Hovagimian 498 Mill St 754-1869 | Grabbed by throat | Unsustained |
| William Sims 17 King St 756-3674 | Punched in head | Unsustained |
| Raymond Zayes 50 Franklin St no phone | handcuffed, thrown to ground, pushed into wall | Unsustained |
| Dan McDaniel 8 Townsend St 757-3364 | dragged from vehicle | In compliance w/ policy/procedures |
| James Notice 16 Hollywood St No phone | Grabbed & hit with night stick | Unsustained |
| James Smith 32 Irving St Worc 756-0983 | Grabbed & punched | Insufficient evidence |
| Vincent Roy 12 Stoneland Rd no phone | hit with service baton | In compliance w/ policy/procedures |
| John Scobie 143 Cambridge St. Worc 757-8075 | Hit in face with night stick, kicked in chest | Unsustained |
| Joseph Consolo No address listed | kicked | Insufficient proof |
| John Tashjian 26 Bailey St. Worc 754-8175 | Thrown into police car, dragged and thrown into wag | Unsustained |
| Richard Cummings Sr 115 1/2 Eastern Ave Worc 852-5900 | Hit on head and face with flashlight | Unfounded |
| Tina Louise Pescheta 58 Main St. Millbury no phone | unnecessary force | Not Sustained |
| Michael Daher 34 Venus Dr | Thrown against car three times | Unsustained |

| Complainant Name & Address | Description of Allegation | Result |
|---|---|---|
| Worc 852-8945 | | |
| Juan Mora 40A Aetna St Worc 792-0081 | Struck in head 5-6 times with police radio | Unsustained |
| Kristen Dudley 727 Hartford Tpk Shrewsbury 842-2330 | Pushed against car | Not substantiated |
| Shelleigh Wilcox 80 Brigham Hill Road Grafton 753-5034 | manhandled when put in cruiser | Unfounded |
| Ken E. Freeman 530 N. Falmouth Hwy N. Falmouth 563-9031 | Head banged against cruiser | Unfounded |
| Dominic Pizzotti 22 Ludlow St. Worc 756-1908 | Dragged along sidewalk | Unsubstantiated |
| Alfred Berry Sr&Jr 20 Hermitage Ln Worc 756-2455 | pushed & punched | Unsustained |
| Carmen Chico 22 Tacoma St Worc 853-5456 | pushed against police vehicle | Cmplt. unjustified |
| Thomas Baillargeon 17 Freeland St. Worc no phone | hit in face with flashlight, choked | Unsustained |
| Walter W. Claire 48 Main St. Southboro 872-0744 | pushed head into cruiser | not Sustained |
| Antonio Venincasa 115 Sterling St (508)755-9677 | dragged down stairs | not in violation of law |
| Marjorie Rainwater obo James 11 King St Worc no phone | pushed against cruiser & choked | Unfounded |
| Louis Hanley 21 Barclay St Worc 755-5828 | hit on head with night stick | Cmplt. unjustified |
| Tower G. Benson 24 Somerville Rd Worc 01604 757-2658 | Threw over car, punched in neck | Unsustained |
| Carmen Gonzalez obo Israel 25 Hooper St Worc 798-4095 | Grabbed by throat, thrown to ground | Cmplt. unjustified |
| Frances Simpson 122 Southgate St 792-4770 | pushed to ground | Not Sustained |
| William Belcher 98 Eastern Ave No phone | punched or kicked | Not Sustained |
| George Griffin 20 Franklin St no phone | pushed | no violation |
| Warren Ovitt 11 1/2 Hammond Street 798-8317 | dragged down stairs, pushed against wall hit in head | Not Sustained |
| Anthony Barca 32 Cutler St 757-0490 | jumped and beaten | Not Sustained |
| Geza Marton Jr. 15 1/2 Kingsbury St 791-0998 | forced to ground | not Sustained |
| Scott Domenech 149 Austin St Worc 792-9214 | pushed, punched, thrown to ground | Unsubstantiated |
| Germiah Ramos 531 Main St Worc no phone | punched in eye | Unsustained |
| Brian P Donahue 48 Beaver St. Worc 756-2643 | punched | Not Sustained |

| Complainant Name & Address | Description of Allegation | Result |
|---|---|---|
| Jennifer Geltman 19 Hillside Dr. Wayland Ma (508) 358-5683 | pushed | Not Sustained |
| Troy Johnson 162 Beacon St Worc no phone | struck in leg with night stick | Not Sustained |
| Joyce Bindman 68 Outlook Dr Worc 756-1056 | hair pulled, thrown to ground | Unfounded |
| Stephen Safo-Sampah 59 Outlook Dr Apt 31753-6789 | Kicked | Unfounded |
| Libertario Garay 50 Murray Ave 799-9058 | hit with night stick | Unfounded |
| Stanton Holley 39 Dale St 755-7017 | pushed | Not Sustained |
| Nelson Lopez 1 Vernon Terr Worc 754-7214 | hit with night stick | Unfounded |
| Leo Beatty 128 Fairmount St Fitchburg 345-3872 | cuffs too tight | Not Sustained |
| Ruben Gonzalez 59 GBV Worc 852-6979 | punched & Slapped | Not Sustained |
| Robert Moquin 13 Fifth Ave 791-3904 | cuffs too tight | No Violation |
| Roberto Rivera 46 Tilley Ave Southbridge MA 764-4215 | slapped, punched, kicked | Not Sustained |
| Daniel Lapense 3 Esther St 753-5763 | pushed against wall | Not Sustained |
| Vincent Fricker 136 Eastern Ave Worc 756-0218 | cuffs too tight | Not Sustained |
| Nathan Soucy 89 Greenhill Parkway Worc 797-3390 | punched | Not Sustained |
| Beverly Shays 92 Houghton St Worc 757-6035 | pushed, grabbed by hair | Not Sustained |
| Joseph Consolo 5 Polono Rd Worc unknown phone | kicked | Insufficient proof |
| Denise O'Brien 10 Governors Dr Reading MA 617-944-1166 | pushed, cuffs too tight | no violation |
| Peter Simpson 15 Stanton St Worc 757-8154 | grabbed by neck, pushed | Not Sustained |
| Raymond Perrone 21 Grove Ridge Path Shrewsbury Ma 01545 798-3911 | pushed | Insufficient evidence |
| David Roberson 74 Outlook Dr. Apt 33 Worc 755-8349 | slammed against cruiser | Not Sustained |
| Angelo D'eangelis 1187 Millbury St Worc 01604 755-6020 | hit in chest | Exonerated |
| Anthony Gagliastre 10 oliver St 01610 508-752-6699 | slammed face into door | Not Sustained |
| William McKeever 23 Wyman St. Worc 01610 | grabbed by collar | Not Sustained |
| Jerry Jenkins 5 Forestdale Rd | Cuffs too tight | Exonerated |

| Complainant Name & Address | Description of Allegation | Result |
|---|---|---|
| Worc 795-0441 | | |
| Travis Moore 50 Franklin St 798-7075 | pushed against car, punched in eye | Not Sustained |
| Ivette Burgos 15 LaGrange St 757-8650 | kicked in chest | Unfounded |
| Jerry Jenkins 5 Forestdale Dr 795-0445 | hit on shoulder | Unfounded |
| Scott Chase 165 Sutton Ave apt 114 Oxford, MA 987-3016 | punched in head | Sustained |
| Sandra Bishop 214 Austin St 797-6010 | grabbed by throat | Insufficient evidence |
| Anthony Wheeler 52 Bowdoin St Worc 753-3863 | hit in face and kicked | Unfounded |
| Michael Olang 574 Chandler St Worc 10602 752-4477 | pushed | Exonerated |
| Robert Cruz 10 Newbury St Worc 792-9214 | hit with night stick, cuffs too tight | Exonerated |
| Antonio Mendez P.O. Box 466 Gardner MA no phone listed | pushed into wall | Not Sustained |
| John Monsam 103 Lincoln Rd Sutton, MA 865-5620 | hit in head with flashlight, choked | Unfounded |
| Christopher Eck 125 Chester St Worc 853-3411 | punched in mouth, threw to ground | Not Sustained |
| Thomas Manser 29 White Ave Worc 01605 853-5621 | roughed up | Unfounded |
| Robin Berry 4 Orne St Worc 757-4401 | grabbed by arm | Exonerated |
| Jason Hall 43 Park St Clinton 368-1668 | grabbed by coat | Not Sustained |
| Richard Mills 21 Washburn St Worc 791-2776 | hit while in back of wagon | Exonerated |
| Raymond Frazier 90 Granite Street Apt. 2 Worcester,Ma | pushed, denying entrance to authorized area of p.d. | Exonerated |
| Thomas Gillis 129 West Street Worcester,Ma | Struck in leg with baton | Unfounded |
| John Coderre 1800 Douglas Avenue Apt 328 N.Providence,RI | Handcuffed too tightly, thrown to ground. | Not Sustained |
| Cristino Hernandez | Physical restraint while handcuffed | Exonerated |
| Michael Boykin 98 Winfield Street Worcester,Ma | Handcuffs applied too tightly, face pushed into roof of police cruiser and assaulted there. | Exonerated |
| Paschal Pavini 76 Sears Island Drive Worcester, Ma | Handcuffs applied too tightly, fractured wrist. | Exonerated |
| Ann Forget 4 Hacker Street Worcester,Ma | Restraint by knee and handcuffs, punch, pepper spray, kicked | Not Sustained |
| Jesus Addarich 7 GBV Avenue Worcester, Ma | Thrown against car, arms twisted | Exonerated |
| Nathan Rondeau 23 GBV | Pushed against fence, struck with forearm | Exonerated |

| Complainant Name & Address | Description of Allegation | Result |
|---|---|---|
| Avenue Worcester, Ma | to face,thrown to ground. | |
| Shawn Keenan | Punched twice to facial area and thrown to ground. Struck head on kitchen table. | Unfounded |
| Alfred Snead 165 Highland Street Worcester,Ma | Assault, held forcefully during handcuffing. | Not Sustained |
| Pedro Morales 60 Humes Avenue Worcester,Ma | Slammed against bureau and wall | Not Sustained |
| Pedro Morales 60 Humes Avenue Worcester,Ma | Slammed against wall,thrown to ground, kicked in facial area,. | Not Sustained |
| Juan Antonio Morillo 206 Bushick Avenue Brooklyn,Ny | Stuck with flashlight, punched, and kicked. | Unfounded |
| James Peck 8 Town Farm Rd.N.Brookfield Ma | Thrown to ground and kicked. | Exonerated |
| Juan Rosales 67 Piedmont Street Worcester,Ma | Pushed against wall | Not Sustained |
| Andrea Arduini 37 Brantwood Street Worcester,Ma | Pushed, struck with door and handcuffs,maced,tightly handcuffed | Not Sustained |
| Lonnie Miller 30 Ball Street Worcester, Ma 01603 | Pushed against car repeatedly,had recent injury which was exploited, choked,thrown into patrolwagon | Exonerated |
| Jay Rosenfield 18 Brookside Avenue Worcester, Ma | Struck in face with radio,had sirearm pointed at him | Exonerated |
| Chino Julio Torres 3a Clement Street Worcester, Ma 01610 | Struck by police officer | Open file |
| Carol Williams 211 Dewey Street Worcester, Ma 01609 | Recent injury was exacerbated by pressure used to effect arrest | Exonerated |
| Irvin McIver 1500 Worcester Rd. Framingham, Ma 01701 | Broken Wrist during handcuffing | Unfounded |
| | | |
| Elizabeth Vaisey 2 Kimball Street Worcester, Ma 01605 | Pushed into cell,handcuffs too tight,treated'cruely'. | Exonerated |
| George Kelly 38 Catherine Street Worcester, Ma | Pushed into cell wall. | Sustained |
| Arnaldo Rodriguez 6 Beacon Street Boston, Ma 02108 | Kicked, assaulted | Exonerated |
| Oscar Suarez 60 Arthur Street Worcester, Ma 01604 | Struck in chest with flashlight twice | Not Sustained |
| William Olivero 25 Ethan Allen Street Worcester, Ma 01610 | Grabbed neck, pushed against wooden bench | Sustained |
| Kelly O'Neil P O. Box 70112 Worcester, Ma | Grabbed by hair, kicked to ground, smashed face into ground | Open file |
| Robert Morrisette 284 Church Avenue Northbridge, Ma 01534 | Slammed against car, choked | Exonerated |
| Mark Stevens 950 Main Street Worcester, Ma 01610 | Pushed against cruiser,slammed face against car, pushed to ground. | Exonerated |
| Ralph Altif 3 McGill Street Worcester, Ma | Charged at me, grabbed me and arrested me | Other |

| Complainant Name & Address | Description of Allegation | Result |
|---|---|---|
| Michael Larson 27 B Marjorie Street Worcester, Ma 01604 | Kicked in stomach | Unfounded |
| Carol Lambert 41 Barclay Street Worcester, Ma 01604 | Thrown against cruiser, stuck in head. | Unfounded |
| Roy Roach 145 Eastern Avenue Worcester, Ma 01605 | Kicked repeatedly, | Not Sustained |
| Richard Pinto | Repeatedly punched in the face, and solar-plexis. Handcuffs applied to tightly. | Exonerated |
| Cleveland Davis | Forearm strike to throat, kneed, kicked while subdued | Exonerated |
| Daniel Maldonado 55 Highland Street Worcester, Ma 01608 | Slammed against metal door and struck repeatedly | Exonerated |
| George LegereoboDerrick Kiefer 11 Woodland St. Worcester, Ma | Slapped in face | Sustained |
| Armand Houle 5 Lowell Street Worcester, Ma 01603 | Knocked out and pepper sprayed | Not Sustained |
| Darlene Saucier 42 Elbridge Rd. Auburn Ma 01501 | Grabbed by neck | Unfounded |
| Zachary Jordan | Placed barrel of firearm against head | Not Sustained |
| Gail Burroughs 26 Ames St Worcester Ma 01610 | Slammed onto car, twisted arm, | Unfounded |
| Marzella Scott 120 Chino Avenue Worcester, Ma 01605 | Twisted arm | Exonerated |
| Henry Prince 13 Jaques Ave Worcester, Ma | Body slammed to cement | Unfounded |
| Henry Prince 13 Jaques Avenue Worcester, Ma | Thrown to cement | Exonerated |
| Gabrielle Saez 24 Illinois Street Worcester, Ma | Struck her, injured her arm, and grabbed hair | Other |
| Joseph Ruggieri 73 Farrar Avenue Worcester, Ma 01604 | Pushed down hill, pulled hair, squeezed neck. | Unfounded |
| Micah Yanis 64 Humes Avenue Worcester, Ma 01605 | Slammed against wall, slammed head, dislocated thumb | Not Sustained |
| Jose Sanchez 88 Canterbury Street Worcester, Ma 01610 | Choked, struck in groin, slammed against wall | Exonerated |
| Lameron Bishop&Beth Pierpont Worcester State Hospital, Worcester, Ma | Struck in eye with flashlight | Exonerated |
| Judith Dejong 38 Orne Street Worcester, Ma 01605 | Grabbed arms, tightly applied handcuffs. | Exonerated |
| Jay Rosenfield 55 Southwest Cutoff Northboro, Ma 01532 | Choked to prevent allegedly swallow drugs | Unfounded |
| Chief Gardella | Punch, kick, pepper spray | Exonerated |
| Nicholas Mastromateo 6 Dawson Rd. Worcester, Ma 01602 | "Excessive Force" | Unfounded |
| April Rollins 17 Stoneland Rd. Worcester, Ma 01603 | Pulled out of car, kicked, punched, and beat | Unfounded |
| Sindy Francis 20 Wall Street | Pulled hair and grabbed arm | Unfounded |

| Complainant Name & Address | Description of Allegation | Result |
|---|---|---|
| Worcester, Ma 01604 | | |
| Lawrence Frisoli 801 Cambridge Street, Cambridge, Ma 02141 | Struck person and threatened with service weapon | withdrawn |
| Derrick Mensah 27 Dawson Rd Worcester Ma 01602 | Struck with elbow, pushed into fence, struck in head, threatened with K9 | Not Sustained |
| Jane Miglionico 4 Waban Ave Worcester, Ma 01604 | Punched in face, Maced, thrown into patrol wagon. | Not Sustained |
| Marisela Rubet 49 Austin Street Worcester, Ma 01609 | Grabbed throat, thrown against car | Unfounded |
| Kornachie Smith 185 Eastern Avenue Worcester, Ma 01608 | Attacked, thrown to ground, slammed face onto car, knelt on face | Not Sustained |
| Alexander Bernal 58 Vernon Street Worcester, Ma 01608 | Broke nose, thrown to ground, Maced, repeated striking | Exonerated |
| Tammy O'Connell 12 Delaware Street Worcester, Ma 01603 | Struck with flashlight, thrown to the ground, pressure point to temple area | Exonerated |
| Juan Portalatin 31 Queen Street Worcester, Ma | Headbutt, roughly searched | Exonerated |
| Antoinette Penn 37 Bellevue Street Worcester, Ma 01609 | "Beaten" | Withdrawn |
| Richard Bohigian 48 Wachusett Street Worcester, Ma 01609 | Slammed head into car, | Not Sustained |
| Frank Perez 60 Boylston Street Worcester, Ma 01605 | Thrown over couch, punched, kicked, elbowed, and struck w/ flashlight. | Unfounded |
| Brian Davis 69 Grove Street Worcester, Ma 01606 | Hurt during transport vehicle operation | Unfounded |
| Santa Maria Cabrera 31 Gates Street Worcester, Ma 01610 | Grabbed throat, slammed onto car | Unfounded |
| Pamela Bombard 8 Sturgis Street Worcester, Ma 01605 | Grabbed arm, pushed. | Unfounded |
| Francis Kearney 86 Poor Street Andover, Ma 01810 | Maced | Unfounded |
| Robert Berman 2 Ralston Road Weymouth Ma 02190 | Pushed against steel railing, thrown to the ground | Withdrawn |
| Dorothy Clark 2 Oread Street Worcester, Ma 01608 | Handcuffed too tightly | Unfounded |
| Ann Forget obo Lawrence Forget 77 Perry Ave Worcester, Ma 01610 | "Banged head on car, slapped, knocked to ground and kicked | Exonerated |
| Ann Alcantra 153 Leighton Street Fitchburg, Ma 01420 | Punched | Unfounded |
| Raoul Matta 40 Catherine Street Worcester, Ma 01605 | Shoved in the chest and hit in the face | Unknown |
| DSS obo Arnaldo Lebron | Grabbed on neck, smacked in the face and then brutally thrown against wall. Punched in face kicked | Exonerated |
| Matthew Leroux 73 Richmond Avenue Worcester, Ma 01602 | Grabbed on neck and pushed against a van | Not Sustained |
| Eric Asante aka George | Pushed and punched in the face | Not Sustained |

| Complainant Name & Address | Description of Allegation | Result |
|---|---|---|
| Mensah146 Chandler Street 12 Worcester, Ma 01601 | | |
| Willie Negron,Linda Alago, Susan Ojeda 46 Elm Street Worcester, Ma | Thrown against a car | Exonerated |
| Irving Corey 44 Byron Street Worcester, Ma 01606 | Punched in stomach and mouth | Unfounded |
| Aaron Derr 30 Belvista Road Worcester, Ma 01602 | Thrown to the ground, stepped on | Not Sustained |
| Jason Tomkiewicz 3 Paxton Road Leicester, Ma | Strangled | Not Sustained |
| Michelle Waitkus 19 Canton Street Worcester, Ma 01610 | Pushed to ground | Unfounded |
| Arvelo Celestino aka Jamie Gonzales 17 Federal St. Worcester, Ma 01608 | Struck with stick, stepped on, | Exonerated |
| Juan Portalatin 7 Dewey Street Worcester, Ma 01609 | Struck with club, knocked to ground, kicked punched, and hit. | Exonerated |
| Lucinda Ramenda 752 Pleasant Street Worcester, Ma 01602 | Struck with baton, thrown to the ground | withdrawn |
| Shawn Wilder 15 Irving Street Worcester, Ma 01609 | Stepped on neck | Exonerated |
| Jose Rivera 27 Green Hill Towers Worcester, Ma 01608 | Slammed head against car and broke my eyebrow (sic) | Unfounded |
| Nicole Shippee 139 Austin Street Worcester, Ma 01609 | Thrown against car | Not Sustained |
| Tina Figueroa 200 Vernon Street Worcester, Ma 01604 | Slammed against wall | Unfounded |
| Kenneth Monero 25 Hooper Street Worcester, Ma 01608 | Slammed to floor, Knee to back | Not Sustained |
| Kevin Ksen 5 Shawmut Street Worcester, Ma 01609 | Choked, banged head against car | Exonerated |
| Evelyn Santana ACLU | Pushed to sit down, slammed to ground | Exonerated |
| Robert Jackson 50 Freeland Street Worcester, Ma 01610 | Put hands on neck | Exonerated |
| Maria Cintron obo Jason Ramos 3 GBV Ave Worcester,Ma 01605 | Knee to face, beat up | Exonerated |
| Stephen White 94 Apthorp Street Worcester, Ma 01606 | Grabbed from behind in a 'neck lock' | Not Sustained |
| Robert Alston 17 Preston Street Worcester, Ma 01610 | Pushed against wall, elbow in chin | Not Sustained |
| Tammie Davio 11 Gibbs Street Worcester, Ma 01607 | Pushed down | Unfounded |
| Michael DeMalia 64 Harold Street Worcester, Ma 01604 | Pushed,knee to ribs, choked, struck with nightstick, thrown into patrol wagon | Exonerated |
| Russell Swallow obo Randall Swallow | Brutally beaten | Withdrawn |
| Joshua Carricchio 10 Cheever | Grabbed arm and tore sleeve to jacket | Not Sustained |

| Complainant Name & Address | Description of Allegation | Result |
|---|---|---|
| Street Worcester, Ma 01610 | | |
| Tricia Henry 85 E. Worcester Street Worcester, Ma 01604 | Thrown onto car | Not Sustained |
| Roy Aquafresca 225 Canterbury Street Worcester, Ma 01603 | Grabbed and slammed face down on wooden bed, knee in back, handcuffed forcefully | Unfounded |
| Jerome Hayes 9 Merrick Street Worcester, Ma 01610 | For no apparent reason the cops started hitting me, struck in head, baton to eye | Unfounded |
| DPPC obo Jose Diaz | "Bruises and welts" | Unfounded |
| Todd Thompson 5 Tewksbury Road Worcester,Ma 01605 | Thrown into holding cell, punched in jaw, pushed to floor, thrown into cell | Not Sustained |
| Richard Keller & Philip Potenti 22 Bangor Street Worcester, Ma 01604 | Punched in the back, slammed head against car, slammed face into car | Exonerated |
| Christine Kiser 86 Reed Street Worcester, Ma 01602 | Assaulted, injured in back of police transport wagon | Unfounded |
| Arben Andoni 16 Suburban Road Worcester, Ma 01602 | Slammed door on hand, assaulted | Not Sustained |
| Robert Alston 17 Preston Street Worcester, Ma 01610 | Grabbed 'balls and penis' and squeezed, punched in face 3-4 times, struck by unknown object/hip area | Unfounded |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

)
CHARLES A. EVANGELISTA ,                          )
          Plaintiff                              )
                                   )
v.                                                )    CIVIL ACTION
                                   )    NO. 05-CV-10311-MLW
SHANE MARCOTTE, JASON FANION,                     )
DANIEL FALLON, III, JONATHAN COTTER, )
JAMES JOHNSON, CARL SUPERNOR, and    )
THE CITY OF WORCESTER,                            )
          Defendants                           )
_____)

**ORDER**

Upon written Motion of the Plaintiff and after a hearing, it is ORDERED and

ADJUDGED

    1.      That, within ten (10) days of this Order, the Defendant City of Worcester
("City") must produce the following documents to counsel for the plaintiff:

    a.      A complete copy of the personnel files of each of the individual
defendants, including all records of all disciplinary actions taken against any of the
individual defendants and all records concerning all complaints/investigations,
including Internal Affairs Investigations/Complaints with respect to which any of the
individual defendants was alleged to have engaged in misconduct.

    b.      With respect to each and every lawsuit filed against any of the
individual defendants alleging the use of excessive force and/or mistreatment of an
arrestee/detainee, a copy of the most recently filed complaint/amended complaint, all
answers to the complaint by the City and any Worcester Police Department ("WPD")
officers, all answers to interrogatories and written response to documents requests by
the City and any individual WPD officers, any court order(s) dismissing the complaint
and/or granting judgment; any settlement agreement and release, and any judgment.
The production of any settlement agreement, release, and discovery response shall be
subject to the Protective Order, dated March 14, 2005.

    c.      With respect to each and every lawsuit filed against the City
and/or any of the individual defendants since January 1, 1993 involving the loss,

erasure or destruction of a videotape or audiotape at any time since January 1, 1993, a copy of the most recently filed complaint/amended complaint, all answers to the complaint by the City and any WPD officers, all answers to interrogatories and written response to documents requests by the City and any individual WPD officers, any court order(s) dismissing the complaint and/or granting judgment; any settlement agreement and release, and any judgment. The production of any settlement agreement, release and discovery response shall be subject to the Protective Order, dated March 14, 2005.

2.      That, within ten (10) days of this Order, the Defendant City of Worcester ("City") must provide plaintiff counsel with a supplemental answer to Interrogatory No. 10(a) so as to provide a list, in chronological order from the date of complaint, each and every Internal Affairs complaint/investigation involving an allegation against the WPD or any officer thereof concerning the use or alleged use of excessive force and/or the mistreatment of an arrestee/detainee at any time since January 1, 1993. Such answer shall provide the full name, and last known address of the complainant (and alleged victim if different), the date of the alleged incident, the date of the complaint, a general description of the nature of the allegation, the result of the Internal Affairs investigation (sustained, not sustained, etc.), the date the Internal Affairs investigation was complete, the WPD officer(s) who drafted the Internal Affairs investigation report, and, to the extent any of the individual defendants were alleged to have committed any wrongdoing and/or were asked to submit a written report on the incident in question, the name of each and every such individual defendant.

3.      Upon production of such document, plaintiff Evangelista will have fourteen days (14) to provide a list of those disclosed Internal Affairs complaints/investigations with respect to which he wishes to have a copy of the complete file. If Evangelista believes the City's listing document does not comply with this Order, he can request a corrected document within fourteen days and, during the time for such request and the City's written response and the pendency of any Motion to Compel, the fourteen day period for Evangelista to make his request for files is stayed. With respect to any requested Internal Affairs complaint/investigations information that the City believes should not be produced, the City shall file for a Protective Order within fourteen days of receipt of such request. The complete file of each Internal Affairs complaint/investigation not objected to by the City by way of a Motion for a Protective Order must be produced to Evangelista within fourteen days of such request. All documents produced are subject to the Protective Order, dated March 14, 2005.

So ordered.

_____
District Judge

Dated: