UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                    )
CHARLES A. EVANGELISTA,             )
          Plaintiff                 )
                                    )
v.                                  )   No. 05CV10311-MLW
                                    )
SHANE MARCOTTE, JASON FANION,       )
DANIEL FALLON, III, JONATHAN        )
COTTER, JAMES JOHNSON, CARL         )
SUPERNOR and CITY OF WORCESTER,     )
          Defendants                )
                                    )
```

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FURTHER ANSWERS TO INTERROGATORIES**

I. INTRODUCTION

Defendants, Shane Marcotte, Jason Fanion, Daniel Fallon, III, Jonathan Cotter, James Johnson, Carl Supernor and the City of Worcester (City), hereby oppose the Motion to Compel brought by Plaintiff Charles A. Evangelista. Plaintiff's Motion seeks to compel the City to provide further production of documents and further answers to interrogatories. Plaintiff's Motion is without merit, as will now be demonstrated.

II. ARGUMENT

  A. Document Request No. 1

Plaintiff's Document Request No. 1 seeks the personnel files, disciplinary records and Internal Affairs or civilian complaints of the defendant officers. Defendants objected to

this request on grounds, inter alia, that it seeks Internal Affairs and personnel file information in which the police officers have a privacy interest and to the extent the files, or a portion thereof, are privileged. Defendants further responded that none of the individually named defendants have been disciplined for excessive force or deliberate indifference to the rights of detainees.

Plaintiffs' Complaint presents various federal claims under 42 U.S.C. § 1983, as well as various state claims including Mass. Gen. Laws c. 258. In a case presenting both federal and state claims, federal courts have construed Fed. R. Evid. 501 to govern the applicability of a privilege asserted against production of evidence. Vanderbilt v. Chilmark, 174 F.R.D. 225, 226-27 (D. Mass. 1997); Sabree v. United Brotherhood of Carpenters & Joiners of America, 126 F.R.D. 422, 424 (D. Mass. 1989). Under Rule 501, "recognition of a privilege `shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience.'" Sabree, 126 F.R.D. at 424 (citation omitted). "Rule 501 `envisions the flexible development of the federal common law of privilege on a case-by-case basis.'" Id. (citation omitted). In deciding whether to apply a given privilege, a four-prong analysis can be used to balance the various federal and state interests:

  1. Would the courts of Massachusetts recognize such a privilege?

  2. Is the state's asserted privilege "intrinsically meritorious in our own independent judgment?"

  3. Should such a privilege be "sedulously fostered?"

  4. Is injury that would inure to the relationship by the disclosure of the communication greater than the benefit thereby gained?

Id. at 425 (citing In Re Hampers, 651 F.2d 19, 22-3 (1st Cir. 1981)).

  Under the first prong, Massachusetts certainly does recognize a privilege against disclosure of personnel files and disciplinary records, Mass. Gen. Laws c. 4, § 7, Twenty-sixth (c). Second, that asserted privilege is intrinsically meritorious. "[P]ersonnel files contain perhaps the most private information about an employee within the possession of an employer." Whittingham v. Amherst College, 164 F.R.D. 124, 127 (D. Mass. 1995). Third, such a privilege, protecting the employee's interest in "the most private information," should be sedulously fostered. Id. Fourth, the injury that would inure by disclosure would be greater than the benefit thereby gained. Id. at 127-28.

  Likewise, there is a privilege governing Internal Affairs files and complaint records. Under the first prong,

Massachusetts recognizes the investigatory materials of law enforcement pursuant to Mass. Gen. Laws c. 4, § 7, Twenty-sixth (f). Second, the privilege is intrinsically meritorious as the investigatory materials exempted pursuant to Mass. Gen. Laws c. 4, § 7, Twenty-sixth (f) are defined as those that are "necessarily compiled out of the public view by law enforcement or other investigatory officials the disclosure of which materials would probably so prejudice the possibility of effective law enforcement that such disclosure would not be in the public interest." Mass. Gen. Laws c. 4, § 7, Twenty-sixth (f). Third, the privilege should be sedulously fostered. "'The encouragement of individual citizens to come forward and speak freely with police concerning matters under investigation' is a principal objective of the investigatory exemption." Globe Newspaper Co. v. Police Comm'r of Boston, 419 Mass. 852, 862 (1995). In order for citizens to feel free to confide in law enforcement officials, even closed investigation records may require confidentiality. Id. at 862-3. Fourth, here, the harm to the success of future police investigations caused by disclosure of citizen complaints and Internal Affairs files would be greater than the benefit gained by Plaintiff.

Moreover, complaints are not reasonably calculated to lead to the discovery of admissible evidence. The fact that someone

4

lodges a complaint does not mean the complaint itself has any merit, and cannot be used as evidence of misconduct.

Although Plaintiff states that the Protective Order issued March 14, 2006 in this case covers the personnel files, disciplinary records and Internal Affairs or civilian complaints of the defendant officers, it does not. These documents are not listed in the definitions paragraph, paragraph 1 of the Protective Order, which governs only documents already turned over in response to Plaintiff's document request, as defined in paragraph 1 of that Order:

> Incident reports, IDC reports, documents created in the course of the City of Worcester Police Department Internal Affairs Division investigation of the incident that is the subject of Plaintiff's Complaint, the Internal Affairs Division report, including the analysis and conclusions contained therein, and any document identifying detainees of the City of Worcester Police Department, or containing information pertaining to detainees, provided by Defendants to Plaintiff in discovery in this case… .

Therefore, the requested personnel files, Internal Affairs files or citizen complaints and disciplinary records should not be compelled.

B.  <u>Document Request Nos. 3, 5 and Interrogatory No. 10(a)</u>

Plaintiff's Document Request No. 3 seeks documents regarding civilian complaints, Internal Affairs complaints and/or lawsuits (lawsuits discussed in section C, <u>infra</u>) against

5

members of the Worcester Police Department (WPD) and/or the City of excessive force, civil rights violations, assault and/or battery from 1980 to the present. Document Request No. 5 seeks documents regarding discipline of any WPD officer for excessive force since 1980. Interrogatory 10(a) requests identification of citizen's complaints and/or Internal Affairs complaints and/or requests for investigation filed with the WPD alleging the use of excessive force, assault and/or battery by members of the WPD from 1980 to the present.[1]

First, Defendants objected to these requests on the grounds that they are overly broad in both time and scope. The requests seek over twenty-six years of records and information. Given the development of the WPD and the tenures of various chiefs of police, the police department is not the same as it was twenty-six years ago, which would make any sort of comparison with today's department inherently unreliable and irrelevant to the instant case. Further, it would be a burdensome, and, most likely, an impossible, task for the City to compile these records, as it does not have the storage space to keep records for this length of time.

---

[1] Defendants are unclear as to the time period for which Plaintiff seeks records due to his contradictory references to dates. In his original Motion, Plaintiff sought records since 1980. In his May 31, 2006 letter, Plaintiff limited Document Request Nos. 3 and 5 (not Interrogatory 10(a)) to incidents on or after January 1, 1993. In his Motion to Compel, Plaintiff refers to January 1, 1993 for Interrogatory 10(a). (See Plaintiff's Motion at 3, ¶ 2.) However, in Plaintiff's Memorandum, he refers to January 1, 2003. (See Plaintiff's Memorandum at 11.) Thus, Defendants refer to 1980 in their arguments.

To the extent that Request Nos. 3 and 5 and Interrogatory 10(a) seek Internal Affairs complaints, civilian complaints and disciplinary records of officers, the City refers this Court to the City's argument under section A, supra. Applying Sabree's four-prong test with respect to the privileges for disciplinary and investigatory records, it is clear that Massachusetts courts recognize the privileges; that the privileges are intrinsically meritorious; that the privileges should be sedulously fostered; and the injury caused by disclosure of the records outweighs any benefit thereby gained.  Moreover, as argued in section A, supra, complaints are not reasonably calculated to lead to the discovery of admissible evidence.  The fact that someone lodges a complaint does not mean the complaint itself has any merit, and cannot be used as evidence of misconduct.

Plaintiff argues that, under Worcester Telegram & Gazette Corp. v. Chief of Police of Worcester, 58 Mass. App. Ct. 1 (2003), Internal Affairs records concerning investigations are "public records" under Massachusetts Public Records Law and therefore, should be turned over.  (Plaintiff's Memorandum at 12.)  However, Plaintiff misconstrues that case.

In Worcester Telegram & Gazette Corp., a public records request, not a civil rights, case, the Massachusetts Appeals Court examined a particular file for a certain police officer to

7

determine whether documents contained within the file fell within the public records exemption for "personnel [file] or information," Mass. Gen. Laws c. 4, § 7, Twenty-sixth (c), the sole exemption that was at issue in that case. Id. at 2. The court declined to make a general holding that would govern internal affairs files: "Our decision governs only the Wilder file. … We express no view upon whether the internal affairs files sought in the related action are public records …." Id. at 3 n.2. Further, the court overruled the lower court's decision, holding that a memorandum from the Chief of Police to an officer notifying that officer of the conclusions and disciplinary determinations of the internal affairs investigations were not to be released. Id. at 2-3.

> Materials falling within [the category of a disciplinary report] are absolutely exempt without need to consider the impact of disclosure upon the privacy rights of a specifically named individual.

Id. at 4. (Emphasis added.)

Therefore, the requested documents and answers should not be compelled.

    C.    Document Request Nos. 3, 14, 15, 16 and 18 and Interrogatory No. 10(b) and (c).

In Document Request Nos. 3 and 14, Plaintiff requests documents relating to lawsuits alleging excessive force from 1980 to the present. In Document Request Nos. 15 and 16 and

8

Interrogatories 10(b) and (c), Plaintiff seeks information concerning judgments against Worcester police officers or the City from 1980 to the present. In Document Request No. 18, Plaintiff requests settlement agreements entered into between the City and any plaintiff in an action alleging the use of excessive force.

Once again, Defendants objected to these requests on the grounds that they are overly broad in both time and scope as argued in section C, supra. The requests seek over twenty-six years of records and information - - a burdensome, if not impossible, task that would not lead to the discovery of relevant information.

Defendants oppose the requests regarding lawsuits on relevancy grounds because the fact that a person or a corporate entity has been (or, for that matter, has not been) a defendant in a prior lawsuit says nothing as to whether that person or corporate entity is or may be liable in a current lawsuit. The same goes for the City, the WPD and its individual police officers. The fact that they have been named as a defendant in a prior lawsuit says nothing as to whether they are or may be liable in the present lawsuit. Consequently, the information sought is not relevant.

Defendants also objected to the requests on grounds that, pursuant to Fed. R. Civ. P. 26(b)(2)(i), Defendants should not

be required to produce lawsuit information as Plaintiff has equal accessibility to public records of lawsuits. The City does not keep the requested information organized by type of allegation. Thus, to provide that information, the City would need to review Court dockets in every state and federal court in Worcester County and elsewhere - - exactly the task shunned by Plaintiffs.

In Document Request Nos. 15 and 16 and Interrogatories 10(b) and (c), Plaintiff seeks information concerning judgments against Worcester police officers or the City from 1980 to the present. Once again, Defendants objected to the twenty-six years of records requested on the grounds that they are overly broad in both time and scope as argued in section C, supra. However, in an effort to respond to Plaintiff's requests for a relevant time period, Defendants stated that the City is not aware of any judgments for civil rights violations by police officers against it in the last ten years.

In Document Request No. 18, Plaintiff requests settlement agreements entered into between the City and any plaintiff in any action alleging the use of excessive force. Defendants objected to the request on the grounds that it was overly broad; Plaintiff failed to specify a period of time for which he was seeking the documents. Defendants further objected to the request on the grounds that it seeks information that is neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence at trial in this matter.  Pursuant to Fed. R. Evid. 408, settlement agreements are not admissible to prove liability.  The purpose behind the aforementioned rule is the promotion of "nonlitigious solutions to disputes."  <u>Catullo v. Metzner</u>, 834 F.2d 1075, 1078-9 (1st Cir. 1987) (citing <u>Reinchenbach v. Smith</u>, 528 F.2d 1072, 1074 (5th Cir. 1976)). Here, Plaintiff clearly seeks past settlement agreements in an effort to show that the City admitted to past misconduct, and thus, was at fault in this case.  Such a purpose is not allowed by Rule 408.

Therefore, the requested documents and information should not be compelled.

D.   <u>Document Request No. 4</u>.

In Document Request No. 4, Plaintiff seeks "[a]ny and all documents reflecting or in any way relating to lawsuits against members of the Worcester Police Department, including but not limited to Worcester police officers, detectives and civilian employees, and/or against the City of Worcester, alleging the loss, erasure or destruction of videotapes or audiotapes."

Defendants first object to the request on the grounds that information sought regarding lawsuits is not relevant, as argued in section C, <u>supra</u>.

Defendants next object to the request on the grounds that it is overly broad in both time and scope. Plaintiff did not specify a time period in his initial request.[2] Further, the request does not specify what type of lawsuit; as it is worded, any type of lawsuit, criminal, civil, or personal suit could be subject to the request. Defendants have no way of complying with such a request as there is no way to search for these lawsuits. Defendants must rely on employees in the Law Department and the Police Department with institutional knowledge to ask them if they have heard of a lawsuit alleging loss, erasure or destruction of videotapes or audiotapes, and no one had. However, there is no way for Defendants to comply with this request with certainty.

Therefore, the requested documents should not be compelled.

---

[2] Although Plaintiff asserts that, in his May 31, 2006 letter, he narrowed the scope of the request to January 1, 2003, (Plaintiff's Memorandum at 17), he did not; the letter modified the request to incidents on or after January 1, 1993.

WHEREFORE, Defendants hereby oppose Plaintiff's Motion to Compel Production of Documents and Answers to Interrogatories.

                              SHANE MARCOTTE, JASON FANION,
DANIEL FALLON, III, JONATHAN COTTER,
JAMES JOHNSON, CARL SUPERNOR and the
CITY OF WORCESTER

By their attorneys,

David M. Moore
City Solicitor

_/s/ Wendy L. Quinn_
Janet J. McGuiggan (BBO#630013)
Wendy L. Quinn (BBO#653954)
Assistant City Solicitors
City Hall, Room 301
455 Main Street
Worcester, MA  01608
(508) 799-1161

## CERTIFICATE OF SERVICE

I, Wendy L. Quinn, hereby certify that I have served upon Plaintiff the within Defendants' Opposition to Plaintiff's Motion to Compel Production of Documents and Further Answers to Interrogatories by electronically filing with the Court through the ECF system, which sends notification of the same, on this 30th day of August, 2006, and by first-class mail to William T. Harrington, Esquire, Glynn, Landry, Harrington & Rice, 10 Forbes Road, Suite 270, Braintree, MA  02184-2605 this 31st day of August, 2006.

_/s/ Wendy L. Quinn_
Assistant City Solicitor